# EXHIBIT 1

# Texas Senate Bill 2337

S.B. No. 2337

AN ACT

relating to the regulation of the provision of proxy advisory services.

BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF TEXAS:

SECTION 1.  The legislature finds that:

(1)  when shareholders in this state hire professionals to provide advice in the exercise of their rights as shareholders, the shareholders expect that service to be performed in their financial interest as shareholders, and professionals who are hired by shareholders to provide that service and who deviate from that expectation must clearly disclose that fact;

(2)  there is a particular need for disclosures for proxy voting advice because that advice is often:

(A)  provided for hundreds or thousands of shareholder votes each year; and

(B)  based on lengthy policies that contain general statements but do not explain whether or how the policy provisions will maximize returns for investors for any particular company or shareholder vote;

(3)  proxy advisors:

(A)  have recommended votes based on environmental, social, or governance (ESG) investing, diversity, equity, or inclusion (DEI), and social credit or sustainability scores; and

1

S.B. No. 2337

(B)  have not conducted financial analyses before making the recommendations described by Paragraph (A) of this subdivision despite having proxy voting policies claiming that the purpose of the recommendation is maximizing and protecting shareholder value;

(4)  requiring proxy advisors to provide clear, factual disclosures when the advisors recommend casting a vote for nonfinancial reasons or provide conflicting advice to multiple clients who seek to maximize financial returns is necessary in order to prevent fraudulent or deceptive acts and practices in this state; and

(5)  a company that is the subject of a shareholder proposal may have information regarding whether the proposal is in the shareholder's financial interests or regarding the costs of the proposal, and notice would allow the company to provide relevant information to shareholders that may prevent fraudulent or deceptive practices associated with proxy advisors making recommendations for nonfinancial reasons.

SECTION 2.  Title 1, Business Organizations Code, is amended by adding Chapter 6A to read as follows:

CHAPTER 6A.  PROXY ADVISORY SERVICES

SUBCHAPTER A.  GENERAL PROVISIONS

Sec. 6A.001.  DEFINITIONS.  In this chapter:

(1)  "Company" means a publicly traded, for-profit corporation, limited liability company, partnership, or other business entity that is organized or created under the laws of this state, has its principal place of business in this state, or is a

2

S.B. No. 2337

foreign entity that has made a company proposal to become a domestic entity, whether by merger, conversion, or otherwise.

(2) "Company proposal" means a proposal made by a company that is included in the company's proxy statement, including a proposal regarding director nominations or elections, executive compensation, corporate transactions and structure, auditor selection, or similar measures.

(3) "Proxy advisor" means a person who, for compensation, provides a proxy advisory service to shareholders of a company or to other persons with authority to vote on behalf of shareholders of a company.

(4) "Proxy advisory service" means any of the following services that are provided in connection with or in relation to a company:

(A) advice or a recommendation on how to vote on a proxy proposal or company proposal;

(B) proxy statement research and analysis regarding a proxy proposal or company proposal;

(C) a rating or research regarding corporate governance; or

(D) development of proxy voting recommendations or policies, including establishing default recommendations or policies.

(5) "Proxy proposal" means a proposal made by a company's shareholder that is included in the company's proxy statement, including the nomination of a director.

(6) "Shareholder" includes a shareholder, unitholder,

3

S.B. No. 2337

limited partner, or other equity owner of a company.

SUBCHAPTER B.  DISCLOSURE REQUIREMENTS FOR PROXY ADVISORS

Sec. 6A.101.  DISCLOSURE OF NONFINANCIAL PROXY VOTING SERVICES TO PREVENT FRAUD OR DECEIT.  (a)  For purposes of this section, a proxy advisory service is not provided solely in the financial interest of the shareholders of a company if the service:

(1)  is wholly or partly based on, or otherwise takes into account, one or more nonfinancial factors, including a commitment, initiative, policy, target, or subjective or value-based standard based on:

(A)  an environmental, social, or governance (ESG) goal, factor, or investment principle;

(B)  diversity, equity, or inclusion (DEI), including any attempt to provide preferential treatment based on characteristics protected under Section 21.051, Labor Code;

(C)  a social credit or sustainability factor or score; or

(D)  membership in or commitment to an organization or group that wholly or partly bases its evaluation or assessment of a company's value over any period on nonfinancial factors;

(2)  involves providing a voting recommendation with respect to a shareholder-sponsored proposal that:

(A)  is inconsistent with the voting recommendation of the board of directors or a board committee composed of a majority of independent directors; and

(B)  subject to Subsection (c), does not include a

4

S.B. No. 2337

written economic analysis of the financial impact on shareholders of the proposal;

　　　　(3) is not based solely on financial factors and subordinates the financial interests of shareholders to other objectives, including sacrificing investment returns or undertaking additional investment risk to promote nonfinancial factors; or

　　　　(4) advises against a company proposal to elect a governing person unless the proxy advisor affirmatively states that the proxy advisory service solely considered the financial interest of the shareholders in making such advice.

　　(b) If a proxy advisor provides a proxy advisory service that is not provided solely in the financial interest of the shareholders of a company, the advisor shall:

　　　　(1) include a disclosure to each shareholder or entity or other person acting on behalf of a shareholder receiving the service that:

　　　　　　(A) conspicuously states that the service is not being provided solely in the financial interest of the company's shareholders because it is based wholly or partly on one or more nonfinancial factors; and

　　　　　　(B) explains, with particularity, the basis of the proxy advisor's advice concerning each recommendation and that the advice subordinates the financial interests of shareholders to other objectives, including sacrificing investment returns or undertaking additional investment risk to promote one or more nonfinancial factors;

S.B. No. 2337

(2)  immediately provide a copy of the notice under Subdivision (1) to the company that is the subject of the service; and

(3)  publicly and conspicuously disclose on the home or front page of the proxy advisor's publicly accessible Internet website that the advisor's proxy advisory services include advice and recommendations that are not based solely on the financial interest of shareholders.

(c)  A written economic analysis provided under Subsection (a)(2)(B) must include:

(1)  the short-term and long-term economic benefits and costs of implementing any shareholder-sponsored proposal, as written;

(2)  an analysis of whether the proposal is consistent with the investment objectives and policies of the client;

(3)  the projected quantifiable impact of the proposal, if adopted, on the investment returns of the client; and

(4)  an explanation of the methods and processes used to prepare the economic analysis.

Sec. 6A.102.  DISCLOSURES IF PROVIDING CONFLICTING VOTER ADVICE OR RECOMMENDATIONS.  (a)  For purposes of this section, "materially different," with respect to advice or a recommendation on how to vote on a company proposal or proxy proposal, means simultaneously advising or recommending that:

(1)  one or more clients vote for the proposal and one or more clients vote against the proposal;

(2)  one or more clients vote for a nominee for a

S.B. No. 2337

company's governing authority and one or more clients vote against or abstain from voting for the same nominee; or

(3) one or more clients vote for or against the proposal in opposition to the recommendation of the company's management.

(b) If a proxy advisor provides to different clients who have not expressly requested services for a nonfinancial purpose either advice or a recommendation on how to vote on a proxy or company proposal that is materially different, the advisor shall:

(1) if applicable, comply with disclosure requirements for nonfinancial proxy advisory services under Section 6A.101(b);

(2) notify the following persons, in writing or by electronic means, of the conflicting advice or recommendation:

(A) each shareholder receiving the advice or recommendation;

(B) each entity or other person receiving the advice or recommendation on behalf of a shareholder;

(C) the company that is the subject of the company or proxy proposal; and

(D) the attorney general; and

(3) disclose which of the conflicting advice or recommendations is:

(A) provided solely in the financial interest of the shareholders; and

(B) supported by any specific financial analysis performed or relied on by the advisor.

S.B. No. 2337

SUBCHAPTER C.  ENFORCEMENT

Sec. 6A.201.  DECEPTIVE TRADE PRACTICE.  A violation of this chapter is a deceptive trade practice under Subchapter E, Chapter 17, Business & Commerce Code, and is actionable under Section 17.47 of that code.

Sec. 6A.202.  DECLARATORY  JUDGMENT  OR  INJUNCTIVE  RELIEF. (a)  In this section, "affected party" includes:

(1)  the recipient of proxy advisory services provided by the proxy advisor;

(2)  the  company  that  is  the  subject  of  the  proxy advisory services; or

(3)  any  shareholder  of  the  company  described  by Subdivision (2).

(b)  An  affected  party  may  bring  an  action  seeking  a declaratory judgment or injunctive relief under Chapter 37, Civil Practice and Remedies Code, against a proxy advisor who violates this chapter.  Not later than the seventh day after the date on which an action is brought under this subsection, the plaintiff shall provide notice to the attorney general, who may intervene in the action.

SECTION 3.  The changes in law made by this Act apply only to a proxy advisory service provided on or after the effective date of this Act.

SECTION 4.  This  Act  takes  effect  July  1,  2025,  if  it receives a vote of two-thirds of all the members elected to each house, as provided by Section 39, Article III, Texas Constitution. If this Act does not receive the vote necessary for effect on that

8

S.B. No. 2337

date, this Act takes effect September 1, 2025.

S.B. No. 2337

_____     _____
     President of the Senate                 Speaker of the House

I hereby certify that S.B. No. 2337 passed the Senate on May 8, 2025, by the following vote: Yeas 20, Nays 11; May 25, 2025, Senate refused to concur in House amendments and requested appointment of Conference Committee; May 30, 2025, House granted request of the Senate; May 31, 2025, Senate adopted Conference Committee Report by the following vote: Yeas 21, Nays 10.


                                    _____
                                         Secretary of the Senate

I hereby certify that S.B. No. 2337 passed the House, with amendments, on May 28, 2025, by the following vote: Yeas 92, Nays 50, two present not voting; May 30, 2025, House granted request of the Senate for appointment of Conference Committee; May 31, 2025, House adopted Conference Committee Report by the following vote:  Yeas 82, Nays 41, three present not voting.


                                    _____
                                         Chief Clerk of the House


Approved:


_____
          Date


_____
          Governor


10