# EXHIBIT 1



## STATE OF TEXAS
### OFFICE OF THE ATTORNEY GENERAL
### CONSUMER PROTECTION DIVISION

## CIVIL INVESTIGATIVE DEMAND

**TO:**  Glass, Lewis, & Co., LLC            *Via CMRRR: 9589071052701780148538*
c/o Corporation Service Company            and First Class Mail
    dba SCS - Lawyers Incorporating Service Company
711 E. 7th Street, STE 620
Austin, TX 78701-3218

Pursuant to section 17.61 of the Texas Deceptive Trade Practices and Consumer Protection Act, § 17.41 *et seq.,* Tex. Bus. & Com. Code (DTPA), Glass, Lewis, & Co., Inc. is hereby directed to produce the documentary material listed in Attachment A.

Prior to the close of business on **September 12, 2025**, Glass, Lewis, & Co., Inc. must make available the documentary material described in Attachment C to the State of Texas's authorized agent designated below. This material may be sent electronically or by courier or certified mail to the Office of Attorney General, 300 W. 15th St., 9th Floor, Austin, TX 78701. Please contact the authorized agent to arrange for the secure transmittal of your materials. Also, please review the Definitions and Instructions applicable to this Civil Investigative Demand which are included here as Attachments A and B, respectively.

This Civil Investigative Demand relates to the investigation of representations by proxy advisors that may violate Tex. Bus. & Com. Code §§ 17.41 *et seq.*

> **TAKE NOTICE THAT pursuant to Tex. Bus. & Com. Code § 17.62, any person who attempts to avoid, evade, or prevent compliance, in whole or in part, with this directive by removing, concealing, withholding, destroying, mutilating, altering, or by any other means falsifying any documentary material may be guilty of a misdemeanor and on conviction is punishable by a fine of not more than $5,000.00 or by confinement in the county jail for not more than one year, or both.**

ISSUED THIS 22nd day of August 2025.

*/s/Chris Molak*                        **Authorized Agent:**
Christopher M. Molak                    Gina McDonald
Assistant Attorney General              Investigator
Telephone: (512) 936-1316               Telephone: (210) 270-1104
Email: Christopher.Molak@oag.texas.gov  Email: Gina.McDonald@oag.texas.gov

## ATTACHMENT A
## DEFINITIONS

For the purposes of this Demand:

1.    "**Document**" means the original (or duplicate, identical copies when originals are not available), and any non-identical copies (whether different from the original because of notes made on such copies or otherwise) of writings or recordings of every kind and description whether inscribed by hand or by mechanical, facsimile, electronic, magnetic, digital, microfilm, photographic or other means, as well as phonic or visual reproductions of oral statements, conversations, and including, but not limited to, any manual, book, pamphlet, periodical, letter, report, memorandum, notation, message, telegram, cable, facsimile, record, study, working paper, accounting paper, telephone log, teletype message, chart, graph, index, tape, minutes, computer printout, contract, lease, invoice, record of purchase or sale, correspondence, electronic or other transcription of taping of telephone or personal conversations or conferences, or any and all other written, printed, typed, punched, taped, filmed or graphic matter however produced or reproduced and any electronic, mechanical, computer, e-mail, or Internet records or representations of any kind (including, without limitation, tapes, cassettes, discs, recordings, and computer and electronic memories). "**Document**" also includes the file, folder tabs and/or containers and labels appended thereto associated with each such aforesaid original and/or copy.

2.    "**You**" and "**your**" as used herein means the person or entity to which this Administrative Subpoena is directed and includes, but is not limited to, all owners, shareholders, parent entities, affiliated entities, predecessor entities, successor entities, members, partners (general and limited), directors, franchisees, managers, employees, agents, brokers, marketers, contractors, representatives, and all other business entities or individuals acting, or purporting to act, on its behalf.

3.    The term "**any**" shall be construed as synonymous with "every" and "all," and shall be all- inclusive.

4.    "**ESG**" shall relate to environmental, social, and/or governance, considered collectively or in severalty, and described *infra*.

      The "environmental" portion of ESG concerns issues such as, but not limited to, climate change, green-house gas or other environmental emissions, carbon footprints, carbon taxes, energy efficiencies, deforestation, biodiversity, pollution   migration, waste management, and waste usage.

      The "social" part of ESG concerns issues such as, but not limited to, workplace and board diversity—with respect to race, ethnicity sex, sexual orientation, and gender identity— racial justice, environmental justice, social justice, pay equity, labor standards, wages and benefits, human rights, talent management, community relations, privacy and data protection, health and safety, and supply-chain management.

The "governance" portion of ESG concerns isssues such as, but not limited to corporate board composition and structure, strategic sustainability oversight and compliance, executive compensation, political contributions and lobbying, and bribery and corruption.

## ATTACHMENT B
### INSTRUCTIONS

1.  <u>Documents in Possession, Custody, or Control</u>: This subpoena calls for all described documents in your possession, custody, or control without regard to the person or person by whom or for whom the documents were prepared or prepared by (*e.g.*, any of your employees, agents, business partners, or others).

2.  <u>Documents No Longer in Possession of Respondent/Destroyed Documents</u>: If any responsive document was, but no longer is, in your possession, custody, or control, produce a description of each such document. The description shall include the following:

    (a)    the name of each author, sender, creator, and initiator of such document;

    (b)    the name of each recipient, addressee, and party for whom such document was intended;

    (c)    the date the document was created;

    (d)    the date(s) the document was in use;

    (e)    a detailed description of the content of the document;

    (f)    the reason the document is no longer in your possession, custody, or control; and

    (g)    the document's present whereabouts.

    If the document is no longer in existence, in addition to providing the information indicated above, state on whose instructions the document was destroyed or otherwise disposed of, and the date and manner of the disposal.

3.  <u>Organization of Responses</u>: Documents produced in response to this subpoena shall be organized as follows:

    (a)    The documents produced shall be identified and segregated to correspond with the number and subsection of the request.

    (b)    Identical copies of responsive documents need not be produced. However, any copy of a document that differs in any manner, including but not limited to the presence of handwritten notations, shall be produced.

    (c)    All attachments to responsive documents shall be produced attached to the

responsive documents or with clear references that refer to the corresponding, responsive documents.

(d)    Mark each page of a paper or electronic document and each tangible thing containing audio, video, computer or other electronic document with corporate identification and consecutive document control numbers (*e.g.*, "COMPANY" 001, "COMPANY" hard drive 001). Number each box of documents produced and mark each with the name(s) of the person(s) whose files are contained therein, the request(s) to which they are responsive, and the document control numbers contained therein.

(e)    For each document that may be responsive to more than one numbered request of this subpoena, indicate all of the numbered requests to which the document is responsive.

(f)    No portion of any document shall be edited, cut, masked, or redacted other than to preserve a claim of privilege, and the entire document shall be produced.

(g)    Provide a key to all abbreviations used in the documents. The key shall be attached to the appropriate documents or shall make clear reference to the corresponding, responsive documents.

4.    Audio and Video Recordings: For each audio or video recording produced in response to this subpoena, provide both the recording and a transcript.

5.    Electronic Documents: If any responsive document is available in electronic format, the document shall be provided in electronic format in addition to hard copy.

6.    Format of Electronic Documents: Produce electronic documents in a single page Tagged Image File Format (TIFF) with associated OCR text, together with industry standard Everlaw load files and associated files including, but not limited to, all dat., opt., txt., and tiff files. Preserve all metadata in the documents that are produced. To the extent available, produce all data in an Excel format, otherwise as a Comma Separated Value text file with a txt. or csv. extension. Provide Microsoft Outlook files as PST files. All documents should also be produced in their native format with reference to any associated document ID. Such electronic records or data should be provided on generally supported storage media, including CD-readable disks, DVD-ROMs, or portable storage devices. Responsive documents produced in electronic format must: (i) be properly identified, (ii) be produced in a format that accurately captures each version of the document, including handwritten notes, signatures, etc., (iii) include all associated electronically searchable text files for the document, (iv) include all metadata associated with the document, and (v) otherwise comply with other provisions of these instructions. All responsive documents that are produced in database format shall be provided along with all keys and indexes necessary to search and access such documents using the appropriate database program.

7.    Language: Produce the requested documents in all languages in which they are or were made available to consumers.

8.　Privileged Documents: If any responsive document is withheld or redacted under any claim of privilege, provide a detailed privilege log that contains at least the following information for each document that you have withheld:

(a)　the name of each author, writer, sender, creator, or initiator of such document;

(b)　the name of each recipient, addressee, and party for whom such document was intended;

(c)　the date of such document, or an estimate thereof if unknown;

(d)　the general subject matter of the document; and

(e)　the claimed grounds for withholding the document, including but not limited to, the nature of any claimed privilege and grounds in support thereof.

9.　Duty to Supplement: All document requests are continuing in nature so as to require supplementary documents if you obtain further responsive documents. This includes documents created or discovered after the date of this subpoena and responsive to the subject matter of the Requests.

10.　Duty to Preserve Documents: All documents and/or other data which relate to the subject matter or requests of this subpoena must be preserved. Any destruction involving such documents must cease, even if it is your normal or routine course of business to delete or destroy such documents or data and even if you believe such documents or data are privileged or otherwise need not be produced.

11.　Time Period: Unless otherwise specified, the time period for responsive information to this subpoena shall range between January 1, 2023 and the present day.

12.　Production of Duplicate Documents: Identical copies of a responsive document need not be produced in duplicate . However, a near-duplicate of a responsive document—that differs in any manner, including, but not limited to, the presence of handwritten notations or different authors/recipients—must be produced.

**ATTACHMENT C**
**DOCUMENTS TO PRODUCE**

1.  Identify all institutional investors in Texas who You provided voting advisories or recommendations during the relevant time period.

2.  Identify all institutional investors seeking to re-domesticate or conduct business in Texas who You provided voting advisories or recommendations during the relevant time period.

3.  Documents sufficient to identify all advisories You communicated to institutional investors during the relevant time period regarding any shareholder or management proposal to re-domesticate a publicly traded company in the State of Texas.

4.  All recommendations or other advisories You communicated to institutional investors regarding MercadoLibre, Inc.'s management proposal to re-domesticate in the State of Texas (2025).

5.  Exemplars of all Your disclaimers or explanations about the opportunity cost to ESG-oriented decisions that You communicated prior or during Your rendering of advisory services to institutional investors during the relevant time period.

6.  Exemplars of all Your disclaimers or explanations about potential conflicts of interest to your rendering of advisory services that You communicated during the relevant time period.

7.  Documents sufficient to show how You customize "Robovoting" recommendations in accordance with the investment preferences of any given investor.

8.  Documents sufficient to show Your processes to facilitate "Robovoting" on behalf of institutional investors.

9.  All documents, objections, and responses to interrogatories You produced in response to the Civil Investigative Demands issued by (i) the Attorney General of Florida on April 1, 2025, and (ii) the Attorney General of Missouri, on or about July 1, 2025.




US POSTAGE
quadient
FIRST-CLASS MAIL
IMI
$011.60

RR - )) · 60



CIAL BUSINESS
E OF TEXAS
LTY FOR
PRIVATE USE

9589 0710 5270 1780 1485 98

010

OFFICE OF THE
ATTORNEY GENERAL OF TEXAS
P.O. BOX 12548
AUSTIN, TEXAS 78711-2548

Glass, Lewis, & Co., LLC
c/o Corporation Service Company
dba SCS – Lawyers Incorporating Service
Company
711 E. 7th Street, STE 620
Austin, TX 78701