# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| GLASS, LEWIS & CO., LLC, §<br>*Plaintiff*, §<br>§<br>v. §<br>§<br>§<br>KEN PAXTON, in his official capacity §<br>as the Texas Attorney General, §<br>*Defendant*. §<br>§ | CIVIL ACTION NO. 1:25-cv-01153-ADA |

## DEFENDANT'S EMERGENCY MOTION TO SET EVIDENTIARY HEARING

**Background.** Governor Abbot signed SB 2337 into law on June 20, 2025, and it is set to go into effect on September 1, 2025. Despite the law and its effects being no surprise to Plaintiff, it waited until over a month later—almost at the beginning of August 2025—to file its lawsuit challenging the law and demand a preliminary injunction hearing in less than four weeks.

On August 11, 2025, the Court set a preliminary injunction hearing for August 28, 2025, and ordered Defendant to file his response by August 15, 2025. (Dkt. # 11). Defendant learned a week after filing his response, Friday afternoon, August 22, 2025, by email from Glass Lewis's counsel that the Court would not permit evidence at the preliminary injunction hearing, meaning Defendant would not be allowed to question Plaintiff's witnesses or present any witnesses or evidence of his own. (Exhibit 1, E-mail from Grant Martinez dated 08.22.25). Defendant confirmed this by email with the Court on Monday afternoon (August 25, 2025). (Exhibit 2, E-mail from Jennifer Clark dated 08.25.25). By that time, Defendant had lost at least three full days of work to prepare to present evidence at the hearing, which was—at that point—only three days away.

**Rule 65's mandates require postponing the current hearing to allow the parties to present evidence on the factual disputes underlying Plaintiff's desired injunction.** Federal Rule of Civil Procedure 65(a)(1) mandates that "[t]he court may issue a preliminary injunction only on notice to the adverse party." The Fifth Circuit has long held that this requirement is not satisfied unless the defendant is afforded a meaningful opportunity to be heard, including the right to present evidence where factual disputes exist. *See e.g.*, *Kaepa, Inc. v. Achilles Corp.*, 76 F.3d 624, 628 (5th Cir. 1996) ("where factual disputes are presented, the parties *must* be given a fair opportunity and a meaningful hearing") (emphasis added). *See also Parker v. Ryan*, 960 F.2d 543, 544–45 (5th Cir. 1992) ("Compliance with Rule 65(a)(1) is mandatory.").

This case abounds with factual disputes—especially with respect to the nature of the speech regulated by SB 2337, and Plaintiff's due process attacks on SB 2337. For example, whether SB 2337's disclosure requirements are factual or uncontroversial; whether different people, understand terms like DEI and ESG in SB 2337 differently; and whether Plaintiff's speech has actually been chilled by SB 2337.

Defendant, fully expecting to be allowed to present evidence under Rule 65's mandate at the hearing on August 28, 2025, could not devote additional space in a response already well over the page limits,[1] to deeply engaging with items attached to Plaintiff's motion or presenting substantial evidence of Defendant's own. Defendant would, therefore, be prejudiced without the opportunity present evidence and controvert Plaintiff's evidence at the hearing.

**Rule 65 and due process require that Defendant be given a meaningful opportunity to present evidence and question Plaintiff's witnesses—failure to do so would be reversible**

---

[1] The Court ultimately granted Defendant leave to exceed the page limits. (*See* Text Order dated 08/21/25).

**error.** Defendant has two interrelated rights with respect to Plaintiff's request for injunctive relief: (1) fair notice and (2) an effective opportunity to controvert the facts adduced in support of plaintiffs' motion. *Hawkins v. Board of Control*, 253 F.2d 752 (5th Cir. 1958). The Fifth Circuit consistently vacates or remands preliminary injunctions where the district court failed to allow defendants an effective opportunity to present or contest evidence. *See, e.g., Kaepa, Inc.*, 76 F.3d at 628; *see also e.g.*, *Harris Cnty. v. CarMax Auto Superstores, Inc.*, 177 F.3d 306, 325–26 (5th Cir. 1999) ("a preliminary injunction granted without adequate notice and a fair opportunity to oppose it should be vacated and remanded"); *Commerce Park at DFW Freeport v. Mardian Constr. Co.*, 729 F.2d 334, 341 (5th Cir.1984) (explaining that Rule 65(a) mandates that where factual disputes are presented, "the parties must be given a fair opportunity and a meaningful hearing to present their differing versions of those facts before a preliminary injunction may be granted"); *Marshall Durbin Farms, Inc. v. Nat'l Farmers Org.*, 446 F.2d 353, 356–57 (5th Cir. 1971) (reversing where defendants were denied "an effective opportunity to controvert the facts").

The Court should, therefore, postpone the hearing on Plaintiff's request for preliminary injunction one to two weeks to allow for evidence to be presented at the hearing. Neither the Court nor Defendant should be beholden to Plaintiff's demand for a hearing before September 1; Plaintiff sat on its claims for *over a month* before filing suit. Postponing the hearing would have the added benefit of furthering judicial economy and conserving the parties' resources by allowing the Court to consider Defendant's pending motion to dismiss Plaintiff's entire case alongside Plaintiff's request for injunctive relief.

**Conclusion.** In sum, as soon as Defendant confirmed that the Court intended to not allow for evidence at this Thursday's (August 28) hearing, it was too late for Defendant to file a motion

requesting the Court to allow evidence and receive a ruling in time to then prepare for an evidentiary hearing on what would inevitably be at most two (2) days' notice. Defendant, therefore, files this motion as soon as practicable, and respectfully requests that the Court postpone this Thursday's hearing on Plaintiff's request for preliminary injunction, reset the hearing to a later date, and allow for evidence to presented at the hearing.

        Respectfully submitted.

        KEN PAXTON
        Attorney General of Texas

        BRENT WEBSTER
        First Assistant Attorney General

        RALPH MOLINA
        Deputy First Assistant Attorney General

        AUSTIN KINGHORN
        Deputy Attorney General for Civil Litigation

        KIMBERLY GDULA
        Chief, General Litigation Division

        */s/ C. Lee Winkelman*
        C. LEE WINKELMAN
        Assistant Attorney General
        State Bar No. 24042176
        Office of the Attorney General
        P.O. Box 12548, Capitol Station
        Austin, Texas 78711-2548
        (512) 241-9629
        (512) 320-0667 fax
        lee.winkelman@oag.texas.gov

        **COUNSEL FOR DEFENDANT**

## CERTIFICATE OF CONFERENCE

I hereby certify that on August 27, 2025, I attempted to confer by email with counsel for Plaintiff on the relief requested in this motion, but as of filing had not received an indication as to whether Plaintiff was opposed or unopposed.

*/s/ C. Lee Winkelman*
C. LEE WINKELMAN
Assistant Attorney General

## CERTIFICATE OF SERVICE

I hereby certify that on August 27, 2025, true and correct copy of the foregoing document was served via the Court's electronic filing system to all counsel of record.

*/s/ C. Lee Winkelman*
C. LEE WINKELMAN
Assistant Attorney General