## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| GLASS, LEWIS & CO., LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KEN PAXTON, *in his Official Capacity as* | ) | |
| *Attorney General of Texas*, | ) | |
| | ) | |
| Defendant; | ) | Civil Action No. 25-cv-01153-ADA |
| | ) | |
| THE TEXAS STOCK EXCHANGE LLC | ) | |
| and THE TEXAS ASSOCIATION OF | ) | |
| BUSINESS, | ) | |
| | ) | |
| Intervenor-Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |

## INTERVENOR-DEFENDANTS' ANSWER
## AND AFFIRMATIVE DEFENSES

The Texas Stock Exchange LLC and the Texas Association of Business (collectively, "Intervenor-Defendants") respectfully submit the following Answer and Affirmative Defenses to Plaintiff Glass, Lewis & Co., LLC's Complaint. Intervenor-Defendants' responses are made upon information and belief, and Intervenor-Defendants reserve the right to amend or supplement their responses subject to further investigation. Any allegation in the Complaint not explicitly admitted in this Answer is denied.

## INTRODUCTION[1]

1.     Intervenor-Defendants deny the allegations in Paragraph 1.

2.     Paragraph 2 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required. Intervenor-Defendants further state that the legislative history of Senate Bill 2337 ("S.B. 2337" or the "Act") speaks for itself, and, on that basis, deny any allegations in Paragraph 2 inconsistent therewith, including the false and misleading characterizations of that legislative history. Intervenor-Defendants deny all remaining allegations in Paragraph 2.

3.     Intervenor-Defendants deny the allegations in Paragraph 3.

4.     Intervenor-Defendants deny the allegations in Paragraph 4.

5.     Intervenor-Defendants deny the allegations in Paragraph 5.

6.     Intervenor-Defendants deny the allegations in Paragraph 6.

7.     In response to Paragraph 7 of the Complaint, Intervenor-Defendants admit that Plaintiff seeks injunctive and declaratory relief. Intervenor-Defendants deny that Plaintiff is entitled to injunctive or declaratory relief, or any other form of relief.

---

[1] Intervenor-Defendants include the headings and subheadings as reflected in the Complaint as a matter of convenience for the Court. To the extent the headings and subheadings in the Complaint include factual allegations, Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the Complaint's headings and subheadings and, on that basis, deny those allegations.

## PARTIES

8.      Intervenor-Defendants admit that Glass Lewis is a "proxy advisor" within the meaning of S.B. 2337 § 6A.001 (the "Act") and that Glass Lewis provides "proxy advisory services" as defined in the Act.  Intervenor-Defendants admit that Glass Lewis is a Delaware LLC with its principal place of business in California.  Intervenor-Defendants deny the remaining allegations in Paragraph 8.

9.      Intervenor-Defendants admit that Ken Paxton is the Attorney General of Texas. Paragraph 9 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.

## JURISDICTION AND VENUE

10.      Paragraph 10 states legal conclusions that do not require a response.

11.      Paragraph 11 states legal conclusions that do not require a response.  To the extent a response is required, Intervenor-Defendants do not contest venue.  Intervenor-Defendants deny all remaining allegations in Paragraph 11.

## SENATE BILL 2337

12.      Intervenor-Defendants state that the legislative history of S.B. 2337 speaks for itself, and, on that basis, deny any allegations in Paragraph 12 inconsistent therewith, including the false and misleading characterizations of that legislative history.  Intervenor-Defendants deny all remaining allegations in Paragraph 12.

13.       Intervenor-Defendants state that the legislative history of S.B. 2337 speaks for itself, and, on that basis, deny any allegations in Paragraph 12 inconsistent therewith, including the false and misleading characterizations of that legislative history.  Intervenor-Defendants deny all remaining allegations in Paragraph 13.

14.     Intervenor-Defendants state that the Act speaks for itself and, on that basis, deny any allegations of Paragraph 14 inconsistent therewith.   Intervenor-Defendants deny all remaining allegations in Paragraph 14.

15.     Intervenor-Defendants state that the Act speaks for itself and, on that basis, deny any allegations of Paragraph 15 inconsistent therewith.   Intervenor-Defendants deny all remaining allegations in Paragraph 15.

16.     Intervenor-Defendants state that the Act speaks for itself and, on that basis, deny any allegations of Paragraph 16 inconsistent therewith.   Intervenor-Defendants deny all remaining allegations in Paragraph 16.

17.     Intervenor-Defendants state that the Act speaks for itself and, on that basis, deny any allegations of Paragraph 17 inconsistent therewith.   Intervenor-Defendants deny all remaining allegations in Paragraph 17.

18.     Paragraph 18 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.  Intervenor-Defendants further state that the Act speaks for itself and, on that basis, deny any allegations of Paragraph 18 inconsistent therewith.

19.     Paragraph 19 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.  Intervenor-Defendants further state that that the Act speaks for itself and, on that basis, deny any allegations of Paragraph 19 inconsistent therewith.

20.     Intervenor-Defendants state that the Act speaks for itself and, on that basis, deny any allegations of Paragraph 20 inconsistent therewith.   Intervenor-Defendants deny all remaining allegations in Paragraph 20.

21.     Intervenor-Defendants state that the Act speaks for itself and, on that basis, deny any allegations of Paragraph 21 inconsistent therewith.   Intervenor-Defendants deny all remaining allegations in Paragraph 21.

22.     Intervenor-Defendants state that the Act speaks for itself and, on that basis, deny any allegations of Paragraph 22 inconsistent therewith.   Intervenor-Defendants deny all remaining allegations in Paragraph 22.

23.     Intervenor-Defendants state that the Act speaks for itself and, on that basis, deny any allegations of Paragraph 23 inconsistent therewith.   Intervenor-Defendants deny all remaining allegations in Paragraph 23.

24.     Intervenor-Defendants state that the Act speaks for itself and, on that basis, deny any allegations of Paragraph 24 inconsistent therewith.   Intervenor-Defendants deny all remaining allegations in Paragraph 24.

25.     Intervenor-Defendants state that the Act speaks for itself and, on that basis, deny any allegations of Paragraph 25 inconsistent therewith.   Intervenor-Defendants deny all remaining allegations in Paragraph 25.

26.     Intervenor-Defendants state that the Act speaks for itself and, on that basis, deny any allegations of Paragraph 26 inconsistent therewith.   Intervenor-Defendants deny all remaining allegations in Paragraph 26.

27.     Intervenor-Defendants state that the Act and the Texas Business and Commerce Code § 17.47 speak for themselves and, on that basis, deny any allegations of Paragraph 27 inconsistent therewith.  Intervenor-Defendants deny all remaining allegations in Paragraph 27.

28.     Intervenor-Defendants state that the Act speaks for itself and, on that basis, deny any allegations of Paragraph 28 inconsistent therewith.   Intervenor-Defendants deny all remaining allegations in Paragraph 28.

29.     Intervenor-Defendants state that the Act speaks for itself and, on that basis, deny any allegations of Paragraph 29 inconsistent therewith.   Intervenor-Defendants deny all remaining allegations in Paragraph 29.

## BACKGROUND

### I.    Glass Lewis and its business.

30.    Intervenor-Defendants admit that Glass Lewis is a "proxy advisor" within the meaning of the Act.  Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 30 and, on that basis, deny them.

31.    Paragraph 31 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.  Intervenor-Defendants further state that that the Act speaks for itself and, on that basis, deny any allegations of Paragraph 31 inconsistent therewith.

32.    Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 and, on that basis, deny them.

33.    Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 and, on that basis, deny them.

34.    Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 and, on that basis, deny them.

35.    Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 and, on that basis, deny them.

36.    Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 and, on that basis, deny them.

37.    Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 and, on that basis, deny them.

38.    Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 and, on that basis, deny them.

39.    Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 and, on that basis, deny them.

40.     Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 and, on that basis, deny them.

41.     Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 and, on that basis, deny them.

42.     Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 and, on that basis, deny them.

43.     Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 and, on that basis, deny them.

44.     Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 and, on that basis, deny them.

45.     Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 and, on that basis, deny them.

46.     Intervenor-Defendants state that the legislative history of S.B. 2337 speaks for itself, and, on that basis, deny any allegations in Paragraph 46 inconsistent therewith, including the false and misleading characterizations of that legislative history.  Intervenor-Defendants deny all remaining allegations in Paragraph 46.

**II.     ESG, DEI, and voting against company management.**

47.     Intervenor-Defendants are without knowledge or information sufficient to form a belief as to truth of the allegations in Paragraph 47 and, on that basis, deny them.

48.     Intervenor-Defendants are without knowledge or information sufficient to form a belief as to truth of the allegations in Paragraph 47 and, on that basis, deny them.

49.     Intervenor-Defendants state that the Act speaks for itself and, on that basis, deny any allegations of Paragraph 49 inconsistent therewith.  Intervenor-Defendants are without knowledge or

information sufficient to form a belief as to truth of the remaining allegations in Paragraph 49 and, on that basis, deny them.

50.    Intervenor-Defendants state that the Act speaks for itself and, on that basis, deny any allegations of Paragraph 50 inconsistent therewith.  Intervenor-Defendants deny all remaining allegations in Paragraph 50.

51.    Intervenor-Defendants state that the Act speaks for itself and, on that basis, deny any allegations of Paragraph 51 inconsistent therewith.  Intervenor-Defendants deny all remaining allegations in Paragraph 51.

52.    Intervenor-Defendants are without knowledge or information sufficient to form a belief as to truth of the allegations in Paragraph 52 and, on that basis, deny them.

53.    Intervenor-Defendants state that The Teacher Retirement System of Texas's ("TRS") and Texas Employee Retirement System's ("ERS") statements speak for themselves and on that basis, deny any allegations in Paragraph 53 inconsistent therewith, including the false and misleading characterizations of those statements.  Paragraph 53 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required. Intervenor-Defendants deny all remaining allegations in Paragraph 53.

54.    Intervenor-Defendants state that the quoted sources speak for themselves and, on that basis, deny any allegations in Paragraph 54 and footnote 1 inconsistent therewith, including the false and misleading characterizations of those statements.  Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 54 and, on that basis, deny them.

55.    Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 and, on that basis, deny them.  Intervenor-Defendants deny all remaining allegations in Paragraph 55.

56.     Intervenor-Defendants state that the quoted sources speak for themselves and, on that basis, deny any allegations in Paragraph 56 inconsistent therewith, including the false and misleading characterizations of those statements. Intervenor-Defendants deny all remaining allegations in Paragraph 56.

57.     Intervenor-Defendants state that the quoted sources speak for themselves and, on that basis, deny any allegations in Paragraph 57 inconsistent therewith, including the false and misleading characterizations of those statements. Intervenor-Defendants deny all remaining allegations in Paragraph 57.

58.     Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 and, on that basis, deny them.  Intervenor-Defendants deny all remaining allegations in Paragraph 58.

59.     Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 and, on that basis, deny them.

## III.    The Consequences of S.B. 2337.

60.     Intervenor-Defendants state that the Act speaks for itself, on that basis, deny any allegations of Paragraph 60 inconsistent therewith.

61.     Intervenor-Defendants state that the Act speaks for itself and, on that basis, deny any allegations of Paragraph 61 inconsistent therewith.  Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 61 and, on that basis, deny them.

62.     Intervenor-Defendants state that the Act speaks for itself and, on that basis, deny any allegations of Paragraph 62 inconsistent therewith.  Intervenor-Defendants deny that Plaintiff will suffer any harm as a result of the Act.  Intervenor-Defendants are without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in Paragraph 62 and, on that basis, deny them.

63.    Intervenor-Defendants state that the Act speaks for itself and, on that basis, deny any allegations of Paragraph 63 inconsistent therewith.   Intervenor-Defendants deny that Plaintiff will suffer any harm as a result of the Act.  Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 63 and, on that basis, deny them.

64.    Intervenor-Defendants state that the Act speaks for itself and, on that basis, deny any allegations of Paragraph 64 inconsistent therewith.  Intervenor-Defendants deny that Plaintiff will suffer any harm as a result of the Act.  Intervenor-Defendants deny all remaining allegations in Paragraph 64.

65.    Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 and, on that basis, deny them.

66.    Intervenor-Defendants state that the Act speaks for itself and, on that basis, deny any allegations of Paragraph 66 inconsistent therewith.  Intervenor-Defendants deny that Plaintiff will suffer any harm as a result of the Act. Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 66 and, on that basis, deny them.

67.    Intervenor-Defendants state that the Act speaks for itself and, on that basis, deny any allegations of Paragraph 67 inconsistent therewith.  Intervenor-Defendants deny that Plaintiff will suffer any harm as a result of the Act.  Intervenor-Defendants deny all remaining allegations in Paragraph 67.

68.    Intervenor-Defendants deny the allegations in Paragraph 68.

**STANDING AND SOVEREIGN IMMUNITY**

69.     Paragraph 69 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.

70.     Paragraph 70 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.

71.     Paragraph 71 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.  Intervenor-Defendants further state that that the Act speaks for itself and, on that basis, deny any allegations of Paragraph 71 inconsistent therewith. Intervenor-Defendants deny all remaining allegations in Paragraph 71.

72.     Paragraph 72 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.

73.     Paragraph 73 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.

74.     Paragraph 74 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.

75.     Paragraph 75 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.  Intervenor-Defendants further state that that the Act speaks for itself and, on that basis, deny any allegations of Paragraph 75 inconsistent therewith.

76.     Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76 and, on that basis, deny them.

77.     Intervenor-Defendants state the Texas Attorney General's statements speak for themselves and deny any allegations in Paragraph 77 inconsistent therewith.  Intervenor-Defendants deny all remaining allegations in Paragraph 77.

78. Intervenor-Defendants state the Texas Attorney General's statements speak for themselves and deny any allegations in Paragraph 78 inconsistent therewith. Intervenor-Defendants deny all remaining allegations in Paragraph 78.

79. Paragraph 79 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required. Intervenor-Defendants further state that that the Act speaks for itself and, on that basis, deny any allegations of Paragraph 79 inconsistent therewith.

### CLAIMS

80. Intervenor-Defendants admit that Plaintiff purports to allege both a facial challenge and a challenge to the Act as applied to Plaintiff. Intervenor-Defendants deny that the Act is facially unconstitutional or unconstitutional as applied to Plaintiff.

81. Paragraph 81 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.

### COUNT I

**42 U.S.C. § 1983**
**CLAIM UNDER THE FIRST AMENDMENT, AS INCORPORATED AGAINST THE STATES THROUGH THE FOURTEENTH AMENDMENT (FREEDOM OF SPEECH)**

82. Intervenor-Defendants incorporate by reference, as if fully set forth herein, their responses above.

83. Intervenor-Defendants state that the U.S. Constitution speaks for itself and on that basis, deny any allegations of Paragraph 83 inconsistent therewith. Intervenor-Defendants deny the remaining allegations in Paragraph 83. Intervenor-Defendants further state that Paragraph 83 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.

84.     Paragraph 84 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.

85.     Paragraph 85 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.

86.     Paragraph 86 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.

87.     Paragraph 87 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.

88.     Intervenor-Defendants deny the allegations in Paragraph 88.

89.     Intervenor-Defendants deny the allegations in Paragraph 89.

90.     Intervenor-Defendants deny the allegations in Paragraph 90.

91.     Intervenor-Defendants deny the allegations in Paragraph 91.

92.     Intervenor-Defendants deny the allegations in Paragraph 92.

93.     Intervenor-Defendants deny the allegations in Paragraph 93.

94.     Intervenor-Defendants deny the allegations in Paragraph 94.

95.     Intervenor-Defendants state that the Act speaks for itself and, on that basis, deny any allegations of Paragraph 95 inconsistent therewith.    Intervenor-Defendants deny all remaining allegations in Paragraph 95.

96.     Intervenor-Defendants state that the Act speaks for itself and, on that basis, deny any allegations of Paragraph 96 inconsistent therewith.    Intervenor-Defendants deny all remaining allegations in Paragraph 96.

97.     Intervenor-Defendants deny the allegations in Paragraph 97.

98.     Intervenor-Defendants deny the allegations in Paragraph 98.

99.    Paragraph 99 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.

100.    Paragraph 100 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.

101.    Paragraph 101 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.

102.    Paragraph 102 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.

103.    Paragraph 103 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.

104.    Paragraph 104 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.

105.    Paragraph 105 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.

106.    Paragraph 106 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.

107.    Intervenor-Defendants deny the allegations in Paragraph 107.

108.    Paragraph 108 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.

109.    Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 109 and, on that basis, deny them.

110.    Intervenor-Defendants deny the allegations in Paragraph 110.

111.    Paragraph 111 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.

112.    Paragraph 112 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.

113.    Paragraph 113 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.

114.    Paragraph 114 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.

115.    Paragraph 115 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.

116.    Intervenor-Defendants deny the allegations in Paragraph 116.

117.    In response to Paragraph 117, Intervenor-Defendants state that the Act speaks for itself and, on that basis, deny any allegations of Paragraph 117 inconsistent therewith.  Intervenor-Defendants deny all remaining allegations in Paragraph 117.

118.    In response to Paragraph 118, Intervenor-Defendants state that the Act speaks for itself and, on that basis, deny any allegations of Paragraph 118 inconsistent therewith.  Intervenor-Defendants deny all remaining allegations in Paragraph 118.

119.    Paragraph 119 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.

120.    Paragraph 120 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.

121.    Paragraph 121 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.

122.    Paragraph 122 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.

123.     Paragraph 123 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.

## COUNT II

### 42 U.S.C. § 1983
### CLAIM UNDER THE FIRST AMENDMENT, AS INCORPORATED AGAINST THE STATES THROUGH THE FOURTEENTH AMENDMENT (FREEDOM OF ASSOCIATION)

124.     Intervenor-Defendants incorporate by reference, as if fully set forth herein, their responses above.

125.     Intervenor-Defendants state that  the U.S. Constitution speaks for itself and on that basis, deny any allegations of Paragraph 125 inconsistent therewith.  Intervenor-Defendants further state that Paragraph 125 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.

126.     Intervenor-Defendants state that the Act speaks for itself and, on that basis, deny any allegations of Paragraph 126 inconsistent therewith.   Intervenor-Defendants deny all remaining allegations in Paragraph 126.

127.     Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 127 and, on that basis, deny them.

128.     Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 128 and, on that basis, deny them.

129.     Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 129 and, on that basis, deny them.

130.     Paragraph 130 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.

131.     Paragraph 131 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.

132.     Intervenor-Defendants deny the allegations in Paragraph 132.

133.     Paragraph 133 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.

134.     Intervenor-Defendants deny the allegations in Paragraph 134.

## COUNT III

### 42 U.S.C. § 1983
### VAGUENESS CLAIM UNDER THE FIRST AND FOURTEENTH AMENDMENTS

135.     Intervenor-Defendants incorporate by reference, as if fully set forth herein, their responses above.

136.     Paragraph 136 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.

137.     Paragraph 137 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.

138.     Paragraph 138 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.

139.     Intervenor-Defendants deny the allegations in Paragraph 139.

140.     Intervenor-Defendants deny the allegations in Paragraph 140.

141.     Intervenor-Defendants deny the allegations in Paragraph 141.

142.     Intervenor-Defendants deny the allegations in Paragraph 142.

143.     Paragraph 143 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.

144.    Paragraph 144 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.

145.    Paragraph 145 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.

146.    Intervenor-Defendants state that the Act speaks for itself and, on that basis, deny any allegations of Paragraph 146 inconsistent therewith.   Intervenor-Defendants deny all remaining allegations in Paragraph 146.

147.    Intervenor-Defendants state the Texas Attorney General's statements speak for themselves and deny any allegations in Paragraph 147 inconsistent therewith.   Further, Paragraph 147 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.

148.    Intervenor-Defendants deny the allegations in Paragraph 148.

<u>COUNT IV</u>

**FEDERAL STATUTORY PREEMPTION CLAIM UNDER 29 U.S.C. § 1001 (ERISA), 42 U.S.C. § 1983, AND *EX PARTE YOUNG* EQUITABLE CAUSE OF ACTION**

149.    Intervenor-Defendants incorporate by reference, as if fully set forth herein, their responses above.

150.    Intervenor-Defendants deny the allegations in Paragraph 150.

151.    Paragraph 151 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.

152.    Intervenor-Defendants state that  the Code of Federal Regulations speaks for itself and, on that basis, deny any allegations of Paragraph 152 inconsistent therewith.   Intervenor-Defendants deny all remaining allegations in Paragraph 152.

153.    Intervenor-Defendants state that the Code of Federal Regulations speaks for itself and, on that basis, deny any allegations of Paragraph 153 inconsistent therewith.  Intervenor-Defendants deny all remaining allegations in Paragraph 153.

154.    Intervenor-Defendants deny the allegations in Paragraph 154.

155.    Intervenor-Defendants deny the allegations in Paragraph 155.

156.    Paragraph 156 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.

157.    Intervenor-Defendants deny the allegations in Paragraph 157.

158.    Intervenor-Defendants deny the allegations in Paragraph 158.

**COUNT V**

**U.S. Const., Art. I, § 8, cl. 3**
**THE DORMANT COMMERCE CLAUSE**

159.    In response to Paragraph 159 of the Complaint, Intervenor-Defendants incorporate by reference, as if fully set forth herein, their responses above.

160.    Intervenor-Defendants state that the U.S. Constitution speaks for itself and on that basis, deny any allegations of Paragraph 160 inconsistent therewith.  Intervenor-Defendants further state that Paragraph 160 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.

161.    Paragraph 161 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.

162.    Paragraph 162 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.

163.    Intervenor-Defendants deny the allegations in Paragraph 163.

164.    Intervenor-Defendants deny the allegations in Paragraph 164.

165.    Intervenor-Defendants deny the allegations in Paragraph 165.

## REQUESTS FOR RELIEF

### EQUITABLE RELIEF

166.    Intervenor-Defendants incorporate by reference, as if fully set forth herein, their responses above.

167.    Intervenor-Defendants deny the allegations in Paragraph 167.

168.    Paragraph 168 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.

169.    Intervenor-Defendants deny the allegations in Paragraph 169.

### 42 U.S.C. § 1983 and 28 U.S.C. § 2201
### DECLARATORY RELIEF

170.    Intervenor-Defendants incorporate by reference, as if fully set forth herein, their responses above.

171.    Intervenor-Defendants deny the allegations in Paragraph 171.

172.    Intervenor-Defendants deny the allegations in Paragraph 172.

173.    Intervenor-Defendants deny the allegations in Paragraph 173.

174.    Intervenor-Defendants deny the allegations in Paragraph 174.

175.    Paragraph 175 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.  To the extent a response is required,  Intervenor-Defendants state that § 2201(a) speaks for itself and on that basis, deny any allegations of Paragraph 175 inconsistent therewith.  Intervenor-Defendants deny the remaining allegations in Paragraph 175.

176.    Intervenor-Defendants deny the allegations in Paragraph 176.

**RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF**

In response to Plaintiff's Prayer for Relief, Intervenor-Defendants deny each and every allegation contained therein, including all subparts, and deny that Plaintiff is entitled to any of the relief requested therein.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming the burden of proof, and while reserving the right to assert all applicable affirmative defenses supported in law and fact, the Intervenor-Defendants assert the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to adequately allege facts upon which a claim for relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the equitable doctrines of laches, estoppel, unclean hands, and/or waiver.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to join indispensable parties to this action.

## CONCLUSION

Intervenor-Defendants respectfully ask the Court to (1) dismiss Plaintiff's claims with prejudice and enter judgment for Intervenor-Defendants; (2) deny Plaintiff's prayer for relief; and (3) grant other such relief as the court may deem proper, including attorneys' fees and costs.

Dated:  August 22, 2025                    Respectfully submitted,


                                           */s/ Mark W. Rasmussen*
                                           Mark W. Rasmussen
                                           Attorney-in-charge
                                           Texas State Bar No. 24086291
                                           Sidney Smith McClung
                                           Texas State Bar No. 24083880
                                           Timothy M. Villari
                                           Texas State Bar No. 24125870
                                           JONES DAY
                                           2727 N. Harwood St., Suite 500
                                           Dallas, TX 75201
                                           mrasmussen@jonesday.com
                                           smcclung@jonesday.com
                                           tvillari@jonesday.com
                                           Telephone:  +1.214.969.3939
                                           Facsimile:    +1.214.969.5100

                                           Noel J. Francisco (admitted *pro hac vice*)
                                           D.C. Bar No. 464752
                                           Brinton Lucas (admitted *pro hac vice*)
                                           D.C. Bar No. 1015185
                                           JONES DAY
                                           51 Louisiana Ave., N.W.
                                           Washington, D.C. 20001-2113
                                           njfrancisco@jonesday.com
                                           blucas@jonesday.com
                                           Telephone:  +1.202.879.3939
                                           Facsimile:  +1.602.626.1700

                                           *Attorneys for Proposed Intervenor-Defendants*
                                           *the Texas Stock Exchange LLC and*
                                           *the Texas Association of Business*