UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| GLASS, LEWIS & CO., LLC, | ) |
| *Plaintiff*, | ) |
| v. | ) |
| KEN PAXTON, *in his Official Capacity as Attorney General of Texas*, | ) Civil Action No. 25-cv-01153-ADA |
| *Defendant*; | ) |
| THE TEXAS STOCK EXCHANGE and THE TEXAS ASSOCIATION OF BUSINESS, | ) |
| *Intervenor-Defendants.* | ) |

## JOINT FEDERAL RULE OF CIVIL PROCEDURE 26 REPORT

Plaintiff Glass, Lewis & Co, LLC, Defendant Ken Paxton, in his official capacity as Attorney General of Texas (the "AG"), and Intervenor-Defendants the Texas Stock Exchange ("TXSE") and the Texas Association of Business ("TAB") (collectively, "Intervenor-Defendants"), file this their Federal Rule of Civil Procedure 26 Report in conformance with Local Rule CV-16.

1.  **What are the causes of action, defenses, and counterclaims in this case? What are the elements of the cause(s) of action, defenses, and counterclaims pled?**

    **Plaintiff Glass Lewis's Position**: S.B. 2337 (or the "Act") is unconstitutional as applied to Glass Lewis and on its face because S.B. 2337 violates the First Amendment, the Fourteenth Amendment, the Supremacy Clause, and the Dormant Commerce Clause. Glass Lewis engages in constitutionally protected speech when it provides proxy advisory services, research and analysis, and other services expressing views about Texas companies. S.B. 2337 violates Glass Lewis' free speech rights: on the front end, S.B. 2337's triggering conditions discriminate based on content and viewpoint; on the back end, S.B. 2337's burdensome obligations unconstitutionally compel Glass Lewis' speech, including by mandating that Glass Lewis broadcast false statements on matters of opinion. The Act's viewpoint discrimination, by itself, renders the Act unconstitutional without the need for strict scrutiny analysis. At minimum, strict scrutiny applies, which Defendant cannot satisfy because the State lacks a non-pretextual compelling interest and S.B. 2337 is not narrowly tailored. The

commercial speech exception to strict scrutiny does not apply because Glass Lewis' speech targeted by the Act is not commercial speech; even if some aspect were commercial speech, that speech would be inextricably intertwined with fully protected speech and thus subject to strict scrutiny. S.B. 2337 would fail even if the speech were commercial speech—*Zauderer*'s relaxed scrutiny does not apply because the compelled warnings are neither uncontroversial nor purely factual, and the Act cannot survive intermediate scrutiny. S.B. 2337 cannot survive any standard of scrutiny. S.B. 2337 has no connection to preventing false or misleading commercial speech; the law applies indiscriminately to true statements and expressions of opinions. The First Amendment forbids States from adopting broad prophylactic rules to stifle speech.

S.B. 2337 also violates the First Amendment's freedom of association. S.B. 2337 punishes Glass Lewis for any advice that so much as "takes into account" Glass Lewis' "membership in or commitment to" an organization that considers ESG or DEI. This impermissibly burdens Glass Lewis' membership in organizations without furthering any legitimate or important government interest.

S.B. 2337 also violates Glass Lewis' due process rights under the Fourteenth Amendment because it is unconstitutionally vague: S.B. 2337 both fails to give Glass Lewis fair notice of the conduct that is covered or required, and S.B. 2337 authorizes or encourages seriously discriminatory enforcement. Both defects and the penalties for violations unconstitutionally chill and alter Glass Lewis' speech.

S.B. 2337 is expressly preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"). ERISA requires Glass Lewis' clients—fiduciaries who invest for employee benefit plans—to consider all relevant facts. S.B. 2337 interferes with and contravenes that requirement by discouraging select topics from consideration.

S.B. 2337 violates the Dormant Commerce Clause. It discriminates against commerce outside Texas and has already been used to punish Glass Lewis for recommending against a company's reincorporation into Texas. A state may not use its police power to burden out-of-state commerce in favor of in-state commerce.

Glass Lewis brings both a facial challenge and an as-applied challenge. S.B. 2337 is invalid on its face and lacks any plainly legitimate scope. Further, no part of S.B. 2337 can be salvaged as applied to Glass Lewis. Blue penciling the statute would leave it neither complete in itself nor wholly independent of its unconstitutional central purpose.

On its Declaratory Judgment claim, Glass Lewis must show: "an actual controversy exists between the parties in the case" and that the Court "has authority to grant declaratory relief." *Frye v. Anadarko Petroleum Corp.*, 953 F.3d 285, 294 (5th Cir. 2019) (cleaned up). Glass Lewis has met these elements because the Attorney General's threatened and actual enforcement of S.B. 2337 creates a controversy between the parties that the Court can resolve.

Glass Lewis seeks both a preliminary and permanent injunction. To obtain a preliminary injunction, Glass Lewis must show it "is likely to succeed on the merits, that [it] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips

in [its] favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). As the Court has found, Glass Lewis has met these elements.

On its request for a permanent injunction, Glass Lewis must show "(1) that it has suffered an irreparable injury; (2) monetary damages are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006) (cleaned up). Glass Lewis has met these elements: S.B. 2337 imposes irreparable First Amendment harms, reputational injuries, and unrecoverable compliance costs that cannot be compensated with monetary damages. The last factors merge when the government is the defendant, and the Attorney General and the public have no interest in enforcing an unconstitutional law.

**Attorney General's Position**: SB 2337 is constitutional, not preempted, and the Attorney General should have full right to enforce it. First, the Act is constitutional. SB 2337 concerns Plaintiff's commercial speech that is false or misleading, and the U.S. Constitution does not protect such speech. But even if the speech at issue were not false or misleading, the Act passes any level of scrutiny under the First Amendment. Texas has compelling state interests in preventing consumer fraud, protecting Texas businesses, and promoting economic development within the State, and SB 2337 is narrowly tailored to achieve these interests. Moreover, the Act is not void for vagueness and does not violate the Contracts Clause. Finally, even if Plaintiff could establish that SB 2337 is unconstitutional as applied to it, Plaintiff cannot sustain its facial attack against SB 2337 because it cannot demonstrate that its unconstitutional applications outweigh its constitutional applications Second, SB 2337 is not preempted by ERISA. Third, and finally, Plaintiff is not entitled to equitable relief preventing the Attorney General from enforcing the Act. But if the Court were to find any portion of SB 2337 unenforceable for any reason, it should sever that portion and leave the remaining portions intact and enforceable.

**Intervenor-Defendants' Position**: SB 2337 should be upheld. The law requires proxy advisors to truthfully disclose when their proxy advisory services are not provided solely in the financial interests of shareholders. Intervenor-Defendants represent public companies incorporated or headquartered in Texas that are impacted by the false and misleading statements that proxy advisors make about their proxy advisory services.

Plaintiff has brought a challenge to the entirety of SB 2337 under the First Amendment, as incorporated against the States through the Fourteenth Amendment of the United States Constitution. Intervenor-Defendants assert that strict scrutiny applies to commercial-speech laws, including laws compelling commercial speech. But the court need not consider strict scrutiny here; SB 2337 is lawful because it addresses false commercial speech, which receives no constitutional protection.

Intervenor-Defendants further assert that:
- SB 2337 is not unconstitutionally vague;
- SB 2337 is not preempted by ERISA;
- SB 2337 does not violate the Commerce Clause of the United States Constitution;

- If a provision of SB 2337 is unconstitutional, the rest of the law survives;
- Plaintiff cannot carry its burden of proving that it is entitled to equitable relief; and
- Intervenor-Defendants incorporate by reference the affirmative defenses in their answer.

**2.    Are there any outstanding jurisdictional issues?  For removed cases based on diversity jurisdiction:**

There are no outstanding jurisdictional issues at this time.

**(a)    Do the parties agree that the amount in controversy exceeded $75,000 at the time of removal?  If not, each party should state its position on the amount in controversy.**

N/a.

**(b)    If any party is a partnership or limited liability company, have the parties confirmed the citizenship of all partners/members in determining whether diversity exists?**

N/a.

**3.    Are there any unserved parties?  If more than 90 days have passed since the filing of the Complaint or petition, should these unserved parties be dismissed?**

There are no unserved parties.

**4.    Are there any agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?**

Not at this time.

**5.    Are there any legal issues in this case that can be narrowed by agreement or by motion?**

Not at this time.

**6.    Are there any issues about preservation of discoverable information?**

The parties are not aware of any issues about preservation of discoverable information at this stage of the proceedings.

**7.    Are there any issues about disclosure or discovery of electronically stored information?  In what forms should electronically-stored information be produced and will production include metadata?**

The parties have not identified any issues concerning disclosure or discovery of electronically

4

stored information at this stage of the proceedings and will discuss production form of electronically stored information.

8. **What are the subjects on which discovery may be needed?**

   Plaintiff Glass Lewis's Position: Glass Lewis anticipates needing discovery on at least the following:

   - SB 2337 and its supporting documentation, including, for example, testimony, analysis, and legislative history;
   - Defendant's and Intervenor-Defendants' purported interest(s) in SB 2337;
   - Defendant's and Intervenor-Defendants' documents regarding SB 2337;
   - Defendant's and Intervenor-Defendants' relationships with proxy advisors;
   - Intervenor-Defendants' affiliates, members, and listees;
   - Defendant's and Intervenor-Defendants' policies regarding topics like governance, ESG, and DEI.

   Attorney General's Position: The Attorney General anticipates needing discovery on the subjects identified by the Intervenor-Defendants, below.

   Intervenor-Defendants' Position: Intervenor-Defendants anticipate needing discovery on (but not limited to) the following:

   - Plaintiff's benchmark, custom, and specialty reports and policies;
   - Plaintiff's methodologies and models that relate to its reports and policies;
   - Plaintiffs internal and external communications about its reports and policies;
   - Plaintiff's agreements with institutional investor clients;
   - Information regarding Plaintiff's corporate structure and ownership;
   - Information about Plaintiff's client base.

9. **Have initial disclosures been made? If not, should any changes be made in the timing, form, or requirement for initial disclosures?**

   The parties served initial disclosures on September 12, 2025.

10. **What, if any, discovery has been completed? What discovery remains to be done and when should it be completed? Have the parties considered conducting discovery in phases or agreeing to limit discovery?**

    The parties are conducting discovery pursuant to the scheduling order that the parties proposed on September 12.

11. **What, if any, discovery disputes exist?**

    The parties have just started to discuss the scope of discovery and do not have any disputes to bring to the court's attention at this stage of the proceeding.

12. **Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?**

    The parties anticipate including a FRE 502(d) provision in the proposed protective order.

13. **Have the parties discussed early mediation?**

    The parties have not discussed mediation at this stage of the proceedings.

14. **Have the parties considered seeking entry of a confidentiality and protective order and are there any other scheduling or discovery items requiring the court's attention?**

    The parties may require a protective order for the production of confidential information protected by law or confidential proprietary information. Should such an order be necessary, the parties will submit a proposed protective order.

Dated: September 19, 2025

| | |
|---|---|
| KEN PAXTON<br>Attorney General of Texas<br><br>BRENT WEBSTER<br>First Assistant Attorney General<br><br>RALPH MOLINA<br>Deputy First Assistant Attorney General<br><br>AUSTIN KINGHORN<br>Deputy Attorney General for Civil Litigation<br><br>KIMBERLY GDULA<br>Chief for General Litigation Division<br><br>/s/ C. Lee Winkelman<br>C. LEE WINKELMAN<br>Attorney-in-charge<br>Texas Bar No. 24042176<br>Assistant Attorney General<br>OFFICE OF THE ATTORNEY GENERAL<br>GENERAL LITIGATION DIVISION<br>P.O. Box 12548, Capitol Station<br>Austin, Texas 78711-2548<br>Phone: (737) 231-7737 \| Fax: (512) 320-0667<br>lee.winkelman@oag.texas.gov<br><br>*Attorney for Defendant, Ken Paxton, in his official capacity as the Attorney General of Texas* | By:  */s/ Mark W. Rasmussen*<br>Mark W. Rasmussen<br>Attorney-in-charge<br>Texas State Bar No. 24086291<br>Sidney Smith McClung<br>Texas State Bar No. 24083880<br>Timothy M. Villari<br>Texas State Bar No. 24125870<br>JONES DAY<br>2727 N. Harwood St., Suite 500<br>Dallas, Texas 75201<br>mrasmussen@jonesday.com<br>smcclung@jonesday.com<br>tvillari@jonesday.com<br>Telephone: +1.214.220.3939<br>Facsimile: +1.214.969.5100<br><br>Noel J. Francisco (admitted *pro hac vice*)<br>D.C. Bar No. 464752<br>Brinton Lucas (admitted *pro hac vice*)<br>D.C. Bar No. 1015185<br>JONES DAY<br>51 Louisiana Avenue, N.W.<br>Washington, D.C. 20001-2113<br>njfrancisco@jonesday.com<br>blucas@jonesday.com<br>Telephone: +1.202.879.3939<br>Facsimile: +1.602.626.1700<br><br>*Counsel for Intervenor Defendants* |

8

/s/ Bryce L. Callahan
Bryce L. Callahan
Texas State Bar No. 24055248
bcallahan@yettercoleman.com
Grant B. Martinez
Texas State Bar No. 24104118
gmartinez@yettercoleman.com
Lily E. Hann
Texas State Bar No. 24133836
lhann@yettercoleman.com
Jared LeBrun
Texas State Bar No. 24144647
jlebrun@yettercoleman.com
YETTER COLEMAN LLP
811 Main Street, Suite 4100
Houston, TX 77002
bruce.oakley@hoganlovells.com
Telephone:   (713) 632-8000
Facsimile:    (713) 632-8002

*Attorneys for Plaintiff Glass, Lewis & Co., LLC*

## CERTIFICATE OF SERVICE

  I certify that on September 19, 2025, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States District Court for the Western District of Texas.

*/s/ Mark W. Rasmussen*
Mark W. Rasmussen
