UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| GLASS, LEWIS & CO., LLC,        ) | |
| ) | |
| Plaintiff,     ) | |
| ) | |
| v.     ) | |
| ) | |
| KEN PAXTON, *in his Official Capacity as* ) | Civil Action No. 25-cv-01153-ADA |
| *Attorney General of Texas*,     ) | |
| ) | |
| Defendant;     ) | |
| ) | |
| THE TEXAS STOCK EXCHANGE LLC ) | |
| and THE TEXAS ASSOCIATION OF ) | |
| BUSINESS,     ) | |
| ) | |
| Intervenor-Defendants.     ) | |
| ) | |
| ) | |

**DEFENDANTS' OPPOSED MOTION TO
CONSOLIDATE CASES AND MODIFY CASE SCHEDULE AND TRIAL DATE**

Pursuant to Federal Rules of Civil Procedure 16(b)(4) and 42(a), Defendants Ken Paxton, in his official capacity as the Attorney General of Texas, the Texas Stock Exchange, the Texas Association of Business (together, "Defendants"), respectfully request that the Court (1) consolidate this case with two related cases: *Institutional Shareholder Services Inc. v. Paxton*, No. 1:25-cv-01160 (W.D. Tex.) ("*ISS*") and *Interfaith Center on Corporate Responsibility, et al. v. Paxton*, No. 1:25-cv-01803 (W.D. Tex.) ("*ICCR*"), and (2) modify the current case schedule and trial date.[1]

## INTRODUCTION

On July 24, 2025, Plaintiffs Glass Lewis & Co. ("Glass Lewis") and Institutional Shareholder Services Inc. ("ISS") filed separate lawsuits in this U.S. District Court for the Western District of Texas seeking to enjoin the Attorney General from enforcing SB 2337 on First Amendment grounds (together, the "Proxy Advisor Cases"). Just over three months later, on November 10, 2025, three new plaintiffs in *ICCR* emerged to challenge the constitutionality of SB 2337 by filing a complaint in the Western District of Texas that similarly seeks to enjoin the Attorney General from enforcing SB 2337. *ICCR* was marked as related to the Proxy Advisor Cases and was assigned to this Court.

Defendants seek to consolidate the three cases and modify the case schedule and trial date in the Proxy Advisor Cases for three reasons. *First*, the cases should be consolidated because they present common legal and factual questions. Indeed, the plaintiffs in *ICCR* are challenging the constitutionality of SB 2337, the same law at issue in the Proxy Advisor Cases. And since *ICCR* presents a facial challenge, it requires the Court to evaluate the *full scope* of the law's coverage and the plaintiffs must prove that *a substantial number* of the law's applications are unconstitutional, when judged in relation to its plainly legitimate sweep. Because Glass Lewis and ISS make up approximately 97% of the proxy advisory market, the *ICCR* plaintiffs cannot make such a showing without presenting

---

[1] Defendants have filed this motion in the interest of expediting these important issues; however, the Attorney General reserves all rights with respect to ICCR, UCF, and Ceres.

facts about Glass Lewis and ISS that will necessarily be duplicative of the facts at issue in the Proxy

Advisor Cases. Consolidation will also eliminate unnecessary costs and repetitive briefing, all while

promoting judicial economy and minimizing the risk of inconsistent rulings and confusion. And

because all three actions are—for all practical purposes—still in their initial stages (with discovery still

ongoing in the *Glass Lewis* and *ISS* cases), the cases can be prepared for trial on the same timeline.

Indeed, and as discussed below, if a brief continuance is granted in this case, all three actions may

proceed on the identical timeline to maximize efficiency.

 *Second*, moving the deadlines and trial date in the Proxy Advisor Cases is necessary to

coordinate schedules in the three actions. The new *ICCR* case presents common legal and factual

issues related to SB 2337 that are present in the Proxy Advisor Cases, and all three should proceed on

a joint schedule. *ICCR* is only a few months behind the Proxy Advisor Cases, and a brief continuance

of the schedule in the Proxy Advisor Cases will permit all the parties to these related actions to

negotiate a joint schedule, including a new trial date, to present to the Court.

 *Third*, independent of consolidation and despite Defendants' best efforts, the parties in the

Proxy Advisor Cases need additional time to complete fact discovery, which is currently set to end on

November 19 under the current Scheduling Order (Dkt. 47). Defendants have worked diligently to

meet the current deadlines, which required an expedited fact discovery period of 68 days, including by

(i) serving discovery requests on the first day of the discovery period, (ii) requesting to meet and confer

with Glass Lewis prior to its responses to streamline any disputes, and (iii) meeting and conferring

with Glass Lewis in an attempt to resolve those disputes. Yet despite these efforts, Defendants have

not been able to timely obtain the discovery necessary to prepare their defense. As of November 13,

Defendants had not received any documents from Glass Lewis due to the parties' dispute over entry

of a protective order, which the Court resolved on November 12. *See* Dkt. 56. On November 13,

less than a week before the close of fact discovery, Defendants received from Glass Lewis 55,372

pages of documents. Meanwhile, Glass Lewis has continued to resist Defendants' reasonable requests for critical discovery, forcing Defendants to move for an order from the Court compelling the production of documents. *See* Dkt. 52. Given these delays in document production, the parties have not yet scheduled depositions. Modification of the schedule and trial setting is thus necessary to allow Defendants to prepare their defense.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 42(a) permits a court to consolidate multiple cases when the actions "involve a common question of law or fact." Fed. R. Civ. P. 42(a). District courts within this circuit are "urged to make good use of Rule 42(a)" because consolidation can "expedite the trial and eliminate unnecessary repetition and confusion." *In re Air Crash Disaster at Fla. Everglades on Dec. 29, 1972*, 549 F.2d 1006, 1013 (5th Cir. 1977). Courts consider five factors when deciding whether to consolidate multiple actions: (1) whether the cases are pending in the "same court," (2) whether the cases involve "common parties," (3) whether there are "common questions of law or fact," (4) whether consolidation creates a "risk of prejudice or confusion versus [a] risk of inconsistent adjudications," and (5) whether consolidation promotes "judicial economy." *Gutierrez v. Allstate Tex. Lloyd's*, 2017 WL 5185480, at * 3 (W.D. Tex. Jan. 31, 2017). Courts also consider "the stage of litigation" of each case "relative to [its] 'preparedness for trial.'" *League of United Latin Am. Citizens v. Abbott*, 2021 WL 5417402, at *2 (W.D. Tex. Nov. 19, 2021) (quoting *Mills v. Beech Aircraft Corp., Inc.*, 886 F.2d 758, 762 (5th Cir. 1989)). The decision to consolidate rests within the "substantial discretion" of the district court. *Hall v. Hall*, 584 U.S. 59, 77 (2018).

Federal Rule of Civil Procedure 16(b)(4) permits a court to amend a scheduling order when "good cause" is shown. Fed. R. Civ. P. 16(b)(4). Courts consider four factors when determining whether good cause exists: "(1) the explanation for the failure to timely comply with the scheduling order; (2) the importance of the modification; (3) potential prejudice in allowing the modification; and

(4) the availability of a continuance to cure such prejudice." *Carrier Corp. v. Holmes,* 2025 WL 1837747,

at *2 (W.D. Tex. Jan. 21, 2025) (cleaned up).  Related to the first factor, the moving party must "show

that the deadlines cannot reasonably be met despite [its] diligence." *Fahim v. Marriott Hotel Servs., Inc.*

551 F.3d 344, 348 (5th Cir. 2008).  The decision to grant a request to modify a case schedule rests

within the sound discretion of the district court. *Bilbe v. Belsom*, 530 F.3d 314, 317 (5th Cir. 2008).

## ARGUMENT

### I.    The Court Should Grant the Motion to Consolidate the Three Related Actions.

The Court should consolidate the *Glass Lewis*, *ISS*, and *ICCR* cases under Rule 42(a) because

the criteria for consolidation weigh heavily in favor of doing so:

**1.    The Actions are Pending in the Same Court.**  This first factor is obviously satisfied.

All three actions are pending in the U.S. District Court for the Western District of Texas.  Not only

that, all three were filed in the Austin Division and have been assigned to this Court,  and *ICCR* has

been tagged on the docket as "related" to the Proxy Advisor Cases.

**2.    The Actions Involve Common Parties.**  The second criterion is easily met because

the three actions involve common parties.  Courts typically consider this factor "satisfied" when the

cases involve common defendants. *Wharton v. U.S. Dep't of Hous. & Urban Dev.*, 2020 WL 6749943, at

*2 (S.D. Tex. Mar. 3, 2020).  Here, the plaintiffs in all three actions named Ken Paxton, in his official

capacity as Attorney General, as the defendant. *See, e.g., Plymouth Cnty. Ret. Sys. v. Apache Corp.*, 566 F.

Supp. 3d 712, 716 (S.D. Tex. 2021) (calling consolidation a "proverbial no-brainer" where the two

actions "name the same defendants" and involved "common questions of fact and law"); *Shively v.*

*Ethicon, Inc.*, 2018 WL 2606942, at *2-3 (W.D. La. June 1, 2018) (granting motion to consolidate two

cases filed by two separate plaintiffs where "the same defendants are present in both cases").  And

Intervenors Texas Stock Exchange ("TXSE") and Texas Association of Business ("TAB") are both

defendants in the Proxy Advisor Cases.  The fact that they are not currently named as defendants in

*ICCR* is of no consequence, because "[c]onsolidation is not limited to actions involving identical parties," especially where the actions—like the cases at issue here—involve "common questions of fact and law." *Hawkins v. Cypress Point Apartments*, 2021 WL 6773591, at *2 (S.D. Miss. Feb. 10, 2021). In any event, just as TXSE and TAB have an interest in defending SB 2337 in the Proxy Advisor Cases, so too do they have an interest in *ICCR*.

       **3.**       **The Actions Involve Common Questions of Law or Fact.**  All three actions clearly share a common question of law: whether SB 2337 violates Plaintiffs' First Amendment speech rights (it does not).[2]  The three cases also present common questions of fact.  Indeed, First Amendment challenges require courts to resolve "fact-intensive questions that must be answered … after thorough discovery." *Net Choice, L.L.C. v. Paxton*, 121 F.4th 494, 497 (5th Cir. 2024).  Here, Defendants have sought very similar discovery from Glass Lewis and ISS in order to resolve the *same* "fact-intensive questions"—a clear indicator that common fact questions predominate.  Plus, in *Glass Lewis* and *ISS*, Defendants asked for Plaintiffs' communications with two of the Plaintiffs in *ICCR*, further demonstrating the interrelatedness of all three actions. Dkt. 52-1 at 6 (RFP 11) (*Glass Lewis*); Dkt. 62-1 at 6 (RFP 11) (*ISS*).

       As for the *ICCR* plaintiffs' facial challenge, that posture requires the Court to "address the full range of activities the laws cover, and measure the constitutional against the unconstitutional applications." *Moody v. NetChoice, LLC*, 603 U.S. 707, 724 (2024). Given that Glass Lewis and ISS dominate 97% of the proxy advisory market, the Court must necessarily consider evidence regarding Glass Lewis and ISS in analyzing "the full range of activities" covered by SB 2337. *Id.*  Moreover,

---

[2] Regardless of whether the plaintiffs bring as-applied or facial challenges to SB 2337, "the substantive rule of law necessary to establish a constitutional violation" remains the same. *Bucklew v. Precythe*, 587 U.S. 119, 138 (2019).  And, because Glass Lewis and ISS make up almost the entire proxy advisory market and challenge every aspect of the statute, any so-called "as-applied challenge" they raise is also, in effect, a facial challenge. *Moody v. NetChoice, LLC*, 603 U.S. 707, 723-24 (2024).

even if some questions arise "that are not common," that reality "does not preclude consolidation." *Gate Guard Servs. L.P. v. Solis*, 2011 WL 2784447, at \*14 (S.D. Tex. July 12, 2011) (citing *Batazzi v. Petroleum Helicopters, Inc.*, 664 F.2d 49, 50 (5th Cir. 1981)).

4.    **Consolidation Would Minimize the Risk of Inconsistent Adjudications.**
Critically, consolidation of the three actions will minimize the risk of inconsistent results.  Specifically, consolidation will ensure consistency with respect to the adjudication of the legal issues and whether the Attorney General may continue to enforce SB 2337.  Glass Lewis, for its part, cannot show any risk of confusion or prejudice resulting from consolidation.  Indeed, consolidation does not "deprive a party of any substantial rights that [it] may have had if the actions had proceeded separately." *Miller v. U.S. Postal Serv.*, 729 F.2d 1033, 1036 (5th Cir. 1984).

5.    **Consolidation Would Promote Judicial Economy.**  Consolidation will conserve both the parties' and the Court's resources.  Because of the near identical nature of the three actions, Defendants anticipate that the vast majority of substantive motions and other filings in the three actions will advance similar legal arguments.  Consolidation thus will prevent the Court from having to resolve redundant, duplicative filings on different timelines and from having to preside over multiple trials on the same issues.  Stated otherwise, consolidation "will simplify the issues before the Court, conserve party and judicial resources, and avoid repetitive litigation." *The Hillman Grp., Inc. v. Keyme,* LLC, 2020 WL 6938441, at \*1, 3 (E.D. Tex. Oct. 23, 2020) (consolidating trial); *see also Bienga v. Witte*, 2018 WL 11347195, at \*2 (W.D. Tex. Nov. 14, 2018) (granting consolidation motion where "[a]llowing the suits to proceed separately would result in waste of judicial resources [and] increased costs of litigation").

6.    **All Three Actions Are Still In Their Initial Stages.**  Because all three cases are at a preliminary stage of litigation, they "are at the same stage of preparation for trial." *RTIC Drinkware, LLC v. YETI Coolers, LLC*, 2017 WL 5244173, at \*2 (W.D. Tex. Jan. 18, 2017).  The Proxy Advisor

7

Cases were filed just months ago in July 2025, with the *ICCR* case filed less than four months later. And the Proxy Advisor Cases still remain in their initial stages: in both cases, the Court just last week entered protective orders, *see Glass Lewis* Dkt. 56; *ISS* Dkt. 66, discovery is not yet complete, *see Glass Lewis* Dkt. 47; *ISS* Dkt. 50, and Defendants seek (in this filing, *infra*) to alter the case schedule and trial setting to allow for completion of necessary discovery. In other words, the Proxy Advisor Cases are, for all practical purposes, still in their early stages. The *ICCR* case will have very little "catch-up" to do, particularly in light of the requested modifications to the Scheduling Order.

For all of these reasons, Defendants respectfully request that the Court exercise its discretion under Rule 42(a) to consolidate the three actions and make *Glass Lewis*, which was the first one filed, the lead case.

## II.  The Court Should Grant Defendants' Request to Modify the Case Schedule.

The current case deadlines are not feasible given the outstanding discovery disputes, notwithstanding Defendants' diligent efforts to move the case forward. For the reasons stated below, good cause exists for an extension of the deadlines in this case.

**1. Despite Defendants' Diligence, They Have Been Unable to Obtain Necessary Discovery.** Defendants are not the cause for the failure to timely comply with the current Scheduling Order. Defendants served their discovery on the first day under the Scheduling Order—September 12—and simultaneously asked Glass Lewis to meet and confer promptly. *See* Dkt. 52-2. Glass Lewis initially did not respond and then expressed its preference to wait until after discovery responses were served. *See* Dkt. 52-3. Eventually, the parties met and conferred but disagreements remained, which further negotiations did not resolve. Defendants thus moved to compel the production of critical documents. *See* Dkt. 52. Likewise, the parties were unable to reach an agreement on a protective order, and Glass Lewis refused to produce any documents until that issue was resolved. Following the Court's entry of a protective order on November 12, Defendants received 3,832 documents from

Glass Lewis on November 13, and are diligently analyzing them.  But despite their best efforts, Defendants will not be able to complete their review or prepare for depositions before the close of fact discovery on November 19.  Subsequent deadlines—such as expert disclosures, dispositive motions, and pre-trial matters—likewise are not achievable because of these delays.

      **2.**      **Modification of the Scheduling Order Is Essential**.  The Scheduling Order's modification is of paramount importance. As Defendants explained in their Motion to Compel, "[a]djudicating First Amendment claims, whether facial or as applied, is a fact intensive endeavor that requires a thoroughly developed factual record."  Dkt. 52 at 5 (citing *NetChoice*, 121 F.4th at 497).  Here, creating the "thoroughly developed factual record" that Glass Lewis's First Amendment claims demand requires discovery that Defendants have thus far been deprived of.  Without that essential discovery, this Court will be unable to resolve the claims and defenses at issue.  Indeed, the *NetChoice* Court observed it was "unfortunate" that "NetChoice steadfastly opposed (and the district court blocked) the very discovery that [the Supreme Court] appears to require."  Order, *NetChoice, LLC v. Paxton*, No. 21-51178, at 4 (5th Cir. Sept. 18, 2024).  The situation with Glass Lewis is no different. The daily prejudice that continues to accrue would only be exacerbated if the current deadlines are not extended.  Accordingly, modifying the case schedule is vital to remedy this "unfortunate" situation and to allow the parties to develop the "thoroughly developed factual record" that this Court will need to resolve the claims at issue.

      **3.**      **Glass Lewis Suffers No Prejudice from a Scheduling Modification.**  Because this Court has already granted Glass Lewis's motion for a preliminary injunction, *see* Aug. 29, 2025 Order, Glass Lewis faces no threat of enforcement from the Attorney General under SB 2337 during the pendency of this case.  Thus, Glass Lewis faces no prejudice regardless of whether the discovery period closes on November 19, 2025, or a later date, and other dates accordingly are moved back. Accordingly, Glass Lewis would not be prejudiced by a modification to the Scheduling Order and

continuance of the trial setting.

**4.        The Defendants Are Willing to Negotiate a Mutually Agreeable Schedule.**

Because Glass Lewis faces no prejudice as a result of the proposed modification, there is no need for

the Court to evaluate whether a modification can cure it.  But even if Glass Lewis claimed to be

prejudiced by an extension, this Court can tailor the scheduling modifications to address any concerns.

For this reason, Defendants remain willing and available to discuss how to best craft a schedule that

best accommodates the parties' and the Court's needs.  Defendants have proposed to the Proxy

Advisor plaintiffs that the trial be moved back only a matter of months, subject to the Court's

availability.  Such a short continuance is eminently reasonable, in light of the delays in document

production and the filing of the new, related case in *ICCR*.

For these reasons, the current trial date should be continued.  If the Court grants Defendants'

Motion, Defendants will expeditiously confer with all plaintiffs to reach an agreed schedule and

request that the Court set a scheduling conference to discuss a trial date.

## CONCLUSION

Defendants respectfully request that the Court consolidate this case with the *ISS* and *ICCR*

cases and also modify the case deadlines and trial setting in this case.  The parties in the three cases

can collaborate to propose a new joint schedule to ensure that all three proceed promptly to trial on

the same timeline.

Dated:  November 17, 2025

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

AUSTIN KINGHORN
Deputy Attorney General for Civil Litigation

KIMBERLY GDULA
Chief for General Litigation Division

*/s/ C. Lee Winkelman*
C. LEE WINKELMAN
Attorney-in-charge
Texas Bar No. 24042176
Assistant Attorney General
Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Phone: (737) 231-7737 | Fax: (512) 320-0667
lee.winkelman@oag.texas.gov


*Attorney for Defendant, Ken Paxton, in his official capacity as the Attorney General of Texas*

By: */s/ Mark W. Rasmussen*
Mark W. Rasmussen
Attorney-in-charge
Texas State Bar No. 24086291
Sidney Smith McClung
Texas State Bar No. 24083880
Timothy M. Villari
Texas State Bar No. 24125870
JONES DAY
2727 N. Harwood St., Suite 500
Dallas, Texas 75201
mrasmussen@jonesday.com
smcclung@jonesday.com
tvillari@jonesday.com
Telephone: +1.214.220.3939
Facsimile: +1.214.969.5100

Noel J. Francisco (admitted *pro hac vice*)
D.C. Bar No. 464752
Brinton Lucas (admitted *pro hac vice*)
D.C. Bar No. 1015185
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
njfrancisco@jonesday.com
blucas@jonesday.com
Telephone: +1.202.879.3939
Facsimile: +1.602.626.1700

*Counsel for Intervenor Defendants*

11

## CERTIFICATE OF CONFERENCE

I certify that counsel for Defendants has conferred with counsel for Plaintiff on November 14, 2025, and received a response on November 17, 2025. Plaintiff opposes this Motion.

/s/ Mark W. Rasmussen
Mark W. Rasmussen

**CERTIFICATE OF SERVICE**

I certify that on November 17, 2025, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States District Court for the Western District of Texas.

*/s/ Mark W. Rasmussen*
Mark W. Rasmussen