UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| GLASS, LEWIS & CO., LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KEN PAXTON, *in his Official Capacity as* | ) | |
| *Attorney General of Texas,* | ) | |
| | ) | |
| Defendant, | ) | Civil Action No. 1:25-cv-01153-ADA |
| | ) | |
| THE TEXAS STOCK EXCHANGE LLC | ) | |
| and THE TEXAS ASSOCIATION OF | ) | |
| BUSINESS, | ) | |
| | ) | |
| Intervenor-Defendants. | ) | |

**PLAINTIFF GLASS LEWIS' RESPONSE TO DEFENDANTS' OPPOSED MOTION TO
CONSOLIDATE CASES AND MODIFY CASE SCHEDULE AND TRIAL DATE**

Plaintiff Glass, Lewis & Co., LLC ("Glass Lewis") respectfully requests that the Court deny Defendants' Opposed Motion to Consolidate Cases and Modify Case Schedule and Trial Date (ECF 57).[1] There is no compelling reason to slow down this case ten weeks before trial to consolidate it with one that has just been filed.[2] Nor is it appropriate to consolidate this case with one involving Glass Lewis' competitor—which will create numerous logistical challenges.[3] Glass Lewis has prosecuted its case diligently and is entitled to a swift and efficient resolution of its discrete claims. Indeed, Glass Lewis has already filed a summary judgment motion to resolve this case, which will be fully briefed in December. ECF 60.

The relevant factors support denying the motion to consolidate, and there is no good cause to amend the scheduling order.

## BACKGROUND

This case is set for trial at the beginning of February, and Glass Lewis will be ready. In July, Glass Lewis sued seeking a declaratory judgment that S.B. 2337 (the "Act") is unconstitutional, as applied to Glass Lewis, and a permanent injunction enjoining the Attorney General from enforcing the Act against Glass Lewis.[4] The Texas Stock Exchange and The Texas Association of Business intervened. Text-Only Order dated September 5, 2025.

Before the law went into effect on September 1, this Court granted a preliminary injunction. Text-Only Order dated August 29, 2025. Defendants appealed. ECF 43; ECF 48.

---

[1] Defendants' combined motion violates the Local Rules. *See* Admin. Pol'y & Proc. for Elec. Filing Rule 12(e); *see also* W.D. Tex. L.R. CV-5(a).

[2] *Interfaith Center on Corporate Responsibility, et al. v. Paxton*, No. 1:25-cv-01803-ADA (W.D. Tex.) ("*ICCR*") (filed Nov. 10, 2025).

[3] *Institutional Shareholder Services Inc. v. Paxton*, No. 1:25-cv-01160-ADA (W.D. Tex.) ("*ISS*").

[4] Glass Lewis amended its complaint to drop all facial claims. ECF 58 (motion to amend); ECF 59 (Second Amended Complaint).

Since then, litigation has proceeded pursuant to the agreed scheduling order. *See* ECF 47. The fact-discovery deadline has passed. *Id.* Glass Lewis filed a motion for summary judgment that, if granted, will obviate the need for trial and bring this matter to a swift conclusion. ECF 60-61. Otherwise, trial will commence on February 2, 2026. ECF. 47.

Defendants filed motions to consolidate in this case and in *ISS*. ECF 57; *ISS* ECF 68.

Defendants have *not* filed a motion to consolidate in *ICCR*. Indeed, no defendant has even appeared in that case. The Texas Stock Exchange and The Texas Association of Business are not parties and have not moved to intervene. Plaintiffs in *ICCR* report that no movant has bothered to confer with them on this motion to consolidate their case or to serve them with the motion.

## LEGAL STANDARD

**Consolidation.** Under Rule 42(a), a court may "consolidate the actions" where the "actions before the court involve a common question of law or fact." Fed. R. Civ. P. 42(a). "District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases." *Hall v. Hall*, 584 U.S. 59, 77 (2018). So, "the mere fact that a common question is present and that consolidation therefore is permissible under Rule 42(a), does not mean that the trial court judge must order consolidation." *Furman v. AETC II Privatized Hous., LLC*, 2021 WL 12301453, at *4 (W.D. Tex. 2021).

Five factors inform a court's inquiry into whether consolidation is appropriate: (1) whether the actions are pending in the same court; (2) whether there are common parties; (3) whether there are common questions of law or fact; (4) whether there is risk of prejudice or confusion versus a risk of inconsistent adjudications if the cases are tried separately; and (5) whether consolidation will promote judicial economy. *See Frazier v. Garrison I.S.D.*, 980 F.2d 1514, 1531 (5th Cir. 1993). Courts also consider the stage of litigation each case is at, relative to "preparedness for

trial." *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 762 (5th Cir. 1989); *Green Revolution Cooling, Inc. v. Riot Platforms, Inc.*, 2025 WL 2493527, at *1 (W.D. Tex. 2025) (same).

"Consolidation is improper if it would prejudice the rights of the parties." *Matthews v. Executive Office for United States Attorneys*, 2020 WL 10354080, at *1 (W.D. Tex. 2020) (citation omitted).

**<u>Modification of scheduling order.</u>** Scheduling orders "may be modified only for good cause." Fed. R. Civ. P. 16(b)(4). To determine whether good cause exists, courts balance four factors: "(1) the explanation for the failure to adhere to the deadline at issue; (2) the importance of the proposed modification to the scheduling order; (3) potential prejudice; and (4) the availability of a continuance to cure such prejudice." *Connell W. Trucking Co. v. Estes Express Lines*, 2022 WL 21712355, at *2 (W.D. Tex. 2022) (citation omitted).

## ARGUMENT

Defendants have not shown that the cases should be consolidated or that good cause exists to amend the scheduling order. The Court should deny the motion.

## I.    Consolidation Is Improper.

Individually and cumulatively, the factors weigh heavily against consolidation: (1) the cases are at different stages; (2) consolidation would prejudice Glass Lewis; (3) consolidation would undermine judicial economy; and (4) the cases involve different parties and different questions of law and fact.[5]

### A.    The cases are at different stages and consolidation would cause delay.

This Court regularly denies motions to consolidate when cases are at "very different stage[s]." *Benchmark Towing Sys., LLC v. Chacon Bus. Grp., Inc.*, 2024 WL 4428983, at *2 (W.D.

---

[5] The single factor weighing in favor of consolidation is that the cases are pending in the same court.

Tex. 2024); *see Goldstein v. Forcepoint LLC*, 2024 WL 2155273, at *3 (W.D. Tex. 2024) (same); *Maxim Commercial Capital, LLC v. Swiftwater Car Wash, LLC*, 2025 WL 2946621, at *1 (W.D. Tex. 2025) ("While these cases share parties and involve common questions of fact, they are at completely different stages of preparedness for trial."). In *Benchmark Towing*, for example, the court denied consolidation when the "two earlier cases [had] progressed well into discovery and [had] approaching dispositive motion deadlines," while the third case had "yet to have an entered scheduling order." *Benchmark Towing*, 2024 WL 4428983, at *2.

Here, this case and *ICCR* are likewise at "very different" stages. This case is advanced: it is ten weeks from trial; the fact-discovery deadline has passed; and Glass Lewis has filed a dispositive motion. ECF 47; ECF 60. *ICCR*, in contrast, has barely begun: no defendant has appeared; and there is no scheduling order. *ICCR*, No. 1:25-cv-01803 (W.D. Tex.) (docket). So, this case is ready to be resolved finally on the merits now (through summary judgment) or in early February (through trial). *ICCR* has just begun.

Defendants' argument for consolidation turns on the mistaken assumption that additional discovery is necessary and that discovery will delay final adjudication. Mot. 8. But no further discovery is needed. *See* ECF 54 (response to motion to compel detailing why additional discovery is unnecessary). Nor would further discovery require delaying trial—Defendants have at their disposal the significant resources of the Attorney General's office and Jones Day, whose clients chose to inject themselves into this case. If Intervenors' choice results in their attorneys working hard to meet the existing, agreed schedule, that is a burden they voluntarily assumed.

Accordingly, "consolidation of the most recent case with the two more established cases is not warranted." *Benchmark Towing Sys.*, 2024 WL 4428983, at *2 (denying consolidation because the cases were at "very different stage[s]").

**B.      Consolidation would prejudice Glass Lewis.**

As a dispositive matter, consolidation with *ICCR* or *ISS* would unduly prejudice Glass Lewis. *See Matthews*, 2020 WL 10354080, at \*1. There is no risk of inconsistent adjudications because all three cases are assigned to this Court.

**_ICCR_**. Consolidation with *ICCR* would prejudice Glass Lewis by making the case significantly more expensive and burdensome and delaying the entry of a final judgment. Glass Lewis has brought a targeted, as applied challenge to S.B.2337. Because the Act is unconstitutional as applied to Glass Lewis based on its plain text, no extensive discovery is necessary to resolve Glass Lewis' claims. *See* ECF 54, 60. Unlike Glass Lewis, *ICCR* raises a facial challenge. Consolidation of these two cases and their divergent approaches would muddle the issues and likely prolong preparation and trial, causing Glass Lewis additional expense related to claims it did not bring. It would also extend the period Glass Lewis must continue to balance the demands of this lawsuit with running its business. Finally, the longer final resolution is delayed the longer Glass Lewis must continue to operate with uncertainty about whether the Court will permanently enjoin the Attorney General's enforcement of the law against Glass Lewis. Glass Lewis has made every effort to prepare this case for a final resolution and would be prejudiced by the additional uncertainty and costs associated with delay.

**_ISS_**. Consolidation with ISS would likewise prejudice Glass Lewis. ISS is a competitor, and Glass Lewis should not be forced to provide ISS with confidential proprietary information. *Axcess Int'l, Inc. v. Savi Techs., Inc.*, 2011 WL 13089393, at \*2 (N.D. Tex. 2011) (denying consolidation where sensitive information was "at risk" of disclosure). Indeed, though baseless, ISS and Glass Lewis were recently sued by the Florida Attorney General for allegedly engaging in an antitrust conspiracy. *State of Florida v. Institutional S'holder Servs. Inc., Glass, Lewis & Co. LLC*, Fla. Cir. Ct., Gulf Cnty., 14th Jud. Cir., Nov. 20, 2025, Ex. 1. Relatedly, each case presently

has a protective order in place ensuring that the documents will not be turned over to competitors. Those orders would have to be renegotiated to develop protocols to deal with competition issues, further delaying final judgment.

### C.    Resolving this case expeditiously best serves judicial economy.

Judicial economy is best served by rendering a final judgment in this case—not by making it more complex and forcing Glass Lewis to litigate with a competitor or wade through a trial on a facial challenge. *Contra* Mot. 5.

Deciding this case now potentially streamlines litigation in *ICCR*. If Glass Lewis obtains a final judgment that the Act is unconstitutional as applied to Glass Lewis, the Attorney General will be precluded from re-litigating that issue in *ICCR*. *Next Level Communs. L.P. v. DSC Communs. Corp.*, 179 F.3d 244 (5th Cir. 1999). Allowing this case to proceed to judgment, therefore, may simplify and reduce litigation by reducing the issues to be litigated in *ICCR*.

### D.    The cases involve different parties and different questions of law and fact.

There is minimal overlap between this case and *ICCR*. The only common party is the Attorney General, who has not even appeared in *ICCR*. *See Texas v. United States*, 2021 WL 3171958, at *3 (S.D. Tex. 2021) (denying motion to consolidate where there were different plaintiffs and not all the defendants were the same). Further, the plaintiffs are differently situated and bring different challenges. Glass Lewis is a proxy advisor directly targeted by the Act raising an as applied challenge. ECF 59. Plaintiffs in *ICCR* are nonprofit organizations that "partner with institutional investors to engage with companies to seek strong long-term financial performance" raising a facial challenge. *ICCR*, No. 1:25-cv-01803-ADA, ECF 1 at 5.

Defendants argue that the Court in *ICCR* "must necessarily consider evidence regarding Glass Lewis and ISS" to decide the plaintiffs' facial challenge. Mot. 6. But Defendants cannot dictate how the *ICCR* plaintiffs litigate their case or manufacture overlap by seeking discovery in

this case about the *ICCR* plaintiffs. Mot. 6. And even if *ICCR* were to involve evidence about Glass Lewis, that does not make Glass Lewis a necessary party. On summary judgment, the *ICCR* plaintiffs could use the declarations Glass Lewis has filed in this case. Moreover, as discussed above, a final judgment in this case could conclusively resolve the issue of whether the Act is unconstitutional as it applies to Glass Lewis, eliminating the need for evidence about Glass Lewis at all.

Additionally, ISS and Glass Lewis are properly litigating their cases separately. They are competitors. Each has brought an as applied challenge seeking relief unique to each plaintiff.

*        *        *

Even assuming there were a common question of law or fact sufficient for consolidation, there would not be "a sufficient saving of judicial time and effort to warrant a joint trial when balanced against the inconvenience, delay and confusion that might result." *Goodridge v. Hewlett-Packard Co.*, 2008 WL 11389213, at *1 (S.D. Tex. 2008) (citation omitted). The Court should deny consolidation.

## II.    There Is No Good Cause to Amend the Scheduling Order.

Defendants have not shown good cause to amend the scheduling order. Any discovery delay Defendants suffered was self-inflicted and further discovery is unnecessary. *See Rhodes v. Nova Transp., LLC*, 2023 WL 3681706, at *2 (W.D. Tex. 2023). The Court should not delay final resolution of this simple case.

Glass Lewis' responds to each of Defendants' arguments in turn. Mot. 8-10.

**<u>Defendants caused any discovery delay</u>**. Before the close of discovery—and less than three hours after the Court entered a protective order (ECF 56)—Glass Lewis produced over 50,000 pages of documents. Ex. 2. Defendants complain that they were "not able to complete their review or prepare for depositions before the close of fact discovery," but (1) they did not notice

any depositions (or confer on scheduling any), and (2) any time crunch was self-inflicted. Mot. 9. Glass Lewis proposed using the standard Western District protective order on September 19, and Defendants made a strategic choice to oppose the entry of that standard order. ECF 50, 51; Ex. 3. The Court ultimately entered the standard order proposed by Glass Lewis. ECF 56. So, Defendants' choice is what delayed production.

### **Modification of the scheduling order is unnecessary and will prejudice Glass Lewis**.

Defendants' argument that the scheduling order should be amended because this is a "fact intensive" case is wrong. Mot. 9. This is not a fact intensive case. As Glass Lewis explained in its motion for summary judgment and its response to Defendants' motion to compel, no set of facts can make the text of the law constitutional as applied to Glass Lewis. ECF 54; ECF 60. Glass Lewis' communications will not help the Court decide whether the law is vague or whether the self-denigrating statements it compels are uncontroversial statements of fact, as opposed to the Legislature's opinions. Those issues turn on *the law*'s text and operation, not on private client communications. There is no document Glass Lewis can produce that could cure the Act's unconstitutionality.

Recently, this Court concluded that a Texas law compelling speech was unconstitutional and granted summary judgment—without referencing any of the documents produced during discovery. *See Book People, Inc. v. Wong*, 2025 WL 3035109 (W.D. Tex. 2025). This case presents questions of law similar to those in *Book People* and likewise can be disposed of on summary judgment.

Modifying the scheduling order to permit additional (extraneous) discovery will prejudice Glass Lewis, and prejudice alone is reason to deny a motion to modify the scheduling order. *Crown Castle Fiber LLC v. City of Pasadena*, 618 F. Supp. 3d 567, 580 (S.D. Tex. 2022) (holding

defendant failed to show good cause to amend the scheduling order because amendment would cause plaintiff "a high degree of prejudice"). Further discovery will compound the burdens (time, money, energy) associated with protecting itself from the Attorney General's enforcement against Glass Lewis of an unconstitutional law. For example, (as discussed above) Glass Lewis will have to spend resources compiling and reviewing additional documents for production that ultimately are unnecessary to resolving its claims. *See* ECF 54. This work will distract Glass Lewis from running its business and cost a significant amount of money.

The "increased expense and unnecessary delay" caused by modification of the scheduling order cannot be cured by a continuance. *United States v. Vista Hospice Care, Inc.*, 2016 WL 1701840, at \*5 (N.D. Tex. 2016). Glass Lewis will be prejudiced if the Court modifies the scheduling order.

**<u>Glass Lewis is prepared to go to trial in February</u>**. Defendants suggest that "the trial be moved back only a matter of months," but—setting aside the Court's busy schedule—Glass Lewis has planned for trial in February, and counsel have other immovable commitments in the months that follow. Mot. 10. On March 30, lead counsel for Glass Lewis begins a two-week, preferentially set trial in a multimillion-dollar case in Texas state court. On May 4, both partners representing Glass Lewis begin trial in a case involving a multibillion-dollar fortune that will likely last until May 29. This is a "firm and special setting." Ex. 4. Because that case has been delayed repeatedly, counsel has been "ordered to reserve their calendars for the entirety of May 2026. No continuances will be granted." *Id.* Thus, any delay beyond February will result in more months of unnecessary delay and prejudice to Glass Lewis.

\*      \*      \*

The Court should deny the motion. This case is teed up for an appropriately swift adjudication on the merits, through summary judgment or, barring that, trial in February 2026.

## CONCLUSION

Glass Lewis respectfully requests that the Court deny Defendants' Motion to Consolidate Cases and Modify Case Schedule and Trial Date. Glass Lewis further prays for all legal and equitable relief to which it may be entitled.

Dated: November 24, 2025

Respectfully submitted,

YETTER COLEMAN LLP

*/s/ Bryce L. Callahan*
Bryce L. Callahan
State Bar No. 24055248
bcallahan@yettercoleman.com
Grant B. Martinez
State Bar No. 24104118
gmartinez@yettercoleman.com
Lily E. Hann
State Bar No. 24133836
lhann@yettercoleman.com
Jared LeBrun
State Bar No. 24144647
jlebrun@yettercoleman.com
811 Main Street, Suite 4100
Houston, Texas 77002
(713) 632-8000
(713) 632-8002 (fax)

*Attorneys for Plaintiff Glass, Lewis & Co., LLC*

## Certificate of Service

I certify that on November 24, 2025, a copy of this document was served on all counsel of record using the Court's e-filing system.

*/s/ Lily E. Hann*
Lily E. Hann