**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| GLASS, LEWIS & CO., LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KEN PAXTON, *in his Official Capacity as Attorney General of Texas*, | ) | |
| | ) | |
| Defendant; | ) | Civil Action No. 25-cv-01153-ADA |
| | ) | |
| THE TEXAS STOCK EXCHANGE LLC and THE TEXAS ASSOCIATION OF BUSINESS, | ) | |
| | ) | |
| Intervenor-Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |

**INTERVENOR-DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S SECOND AMENDED COMPLAINT**

The Texas Stock Exchange LLC and the Texas Association of Business (collectively, "Intervenor-Defendants") respectfully submit the following Answer and Affirmative Defenses to Plaintiff Glass, Lewis & Co., LLC's Second Amended Complaint (the "Complaint"). Intervenor-Defendants' responses are made upon information and belief, and Intervenor-Defendants reserve the right to amend or supplement their responses subject to further investigation. Any allegation in the Complaint not explicitly admitted in this Answer is denied.

## INTRODUCTION[1]

1.      Intervenor-Defendants deny the allegations in Paragraph 1.

2.      Paragraph 2 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required. Intervenor-Defendants further state that the legislative history of Senate Bill 2337 ("S.B. 2337" or the "Act") speaks for itself, and, on that basis, deny any allegations in Paragraph 2 inconsistent therewith, including the false and misleading characterizations of that legislative history. Intervenor-Defendants deny all remaining allegations in Paragraph 2.

3.      Intervenor-Defendants deny the allegations in Paragraph 3.

4.      Intervenor-Defendants deny the allegations in Paragraph 4.

5.      Intervenor-Defendants deny the allegations in Paragraph 5.

6.      Intervenor-Defendants deny the allegations in Paragraph 6.

7.      In response to Paragraph 7 of the Complaint, Intervenor-Defendants admit that Plaintiff seeks injunctive and declaratory relief. Intervenor-Defendants deny that Plaintiff is entitled to injunctive or declaratory relief, or any other form of relief.

---

[1] Intervenor-Defendants include the headings and subheadings as reflected in the Complaint as a matter of convenience for the Court. To the extent the headings and subheadings in the Complaint include factual allegations, Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the Complaint's headings and subheadings and, on that basis, deny those allegations.

## PARTIES

8.     Intervenor-Defendants admit that Glass Lewis is a "proxy advisor" within the meaning of S.B. 2337 § 6A.001 (the "Act") and that Glass Lewis provides "proxy advisory services" as defined in the Act.  Intervenor-Defendants admit that Glass Lewis is a Delaware LLC with its principal place of business in California.  Intervenor-Defendants deny the remaining allegations in Paragraph 8.

9.     Intervenor-Defendants admit that Ken Paxton is the Attorney General of Texas. Paragraph 9 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.

## JURISDICTION AND VENUE

10.     Paragraph 10 states legal conclusions that do not require a response.

11.     Paragraph 11 states legal conclusions that do not require a response.  To the extent a response is required, Intervenor-Defendants do not contest venue.  Intervenor-Defendants deny all remaining allegations in Paragraph 11.

## SENATE BILL 2337

12.     Intervenor-Defendants state that the legislative history of S.B. 2337 speaks for itself, and, on that basis, deny any allegations in Paragraph 12 inconsistent therewith, including the false and misleading characterizations of that legislative history.  Intervenor-Defendants deny all remaining allegations in Paragraph 12.

13.      Intervenor-Defendants state that the legislative history of S.B. 2337 speaks for itself, and, on that basis, deny any allegations in Paragraph 12 inconsistent therewith, including the false and misleading characterizations of that legislative history.  Intervenor-Defendants deny all remaining allegations in Paragraph 13.

14.     Intervenor-Defendants state that the Act speaks for itself and, on that basis, deny any allegations of Paragraph 14 inconsistent therewith.    Intervenor-Defendants deny all remaining allegations in Paragraph 14.

15.     Intervenor-Defendants state that the Act speaks for itself and, on that basis, deny any allegations of Paragraph 15 inconsistent therewith.    Intervenor-Defendants deny all remaining allegations in Paragraph 15.

16.     Intervenor-Defendants state that the Act speaks for itself and, on that basis, deny any allegations of Paragraph 16 inconsistent therewith.    Intervenor-Defendants deny all remaining allegations in Paragraph 16.

17.     Intervenor-Defendants state that the Act speaks for itself and, on that basis, deny any allegations of Paragraph 17 inconsistent therewith.    Intervenor-Defendants deny all remaining allegations in Paragraph 17.

18.     Paragraph 18 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.    Intervenor-Defendants further state that the Act speaks for itself and, on that basis, deny any allegations of Paragraph 18 inconsistent therewith.

19.     Paragraph 19 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.    Intervenor-Defendants further state that that the Act speaks for itself and, on that basis, deny any allegations of Paragraph 19 inconsistent therewith.

20.     Intervenor-Defendants state that the Act speaks for itself and, on that basis, deny any allegations of Paragraph 20 inconsistent therewith.    Intervenor-Defendants deny all remaining allegations in Paragraph 20.

21.     Intervenor-Defendants state that the Act speaks for itself and, on that basis, deny any allegations of Paragraph 21 inconsistent therewith.    Intervenor-Defendants deny all remaining allegations in Paragraph 21.

22.     Intervenor-Defendants state that the Act speaks for itself and, on that basis, deny any allegations of Paragraph 22 inconsistent therewith.    Intervenor-Defendants deny all remaining allegations in Paragraph 22.

23.     Intervenor-Defendants state that the Act speaks for itself and, on that basis, deny any allegations of Paragraph 23 inconsistent therewith.    Intervenor-Defendants deny all remaining allegations in Paragraph 23.

24.     Intervenor-Defendants state that the Act speaks for itself and, on that basis, deny any allegations of Paragraph 24 inconsistent therewith.    Intervenor-Defendants deny all remaining allegations in Paragraph 24.

25.     Intervenor-Defendants state that the Act speaks for itself and, on that basis, deny any allegations of Paragraph 25 inconsistent therewith.    Intervenor-Defendants deny all remaining allegations in Paragraph 25.

26.     Intervenor-Defendants state that the Act speaks for itself and, on that basis, deny any allegations of Paragraph 26 inconsistent therewith.    Intervenor-Defendants deny all remaining allegations in Paragraph 26.

27.     Intervenor-Defendants state that the Act and the Texas Business and Commerce Code § 17.47 speak for themselves and, on that basis, deny any allegations of Paragraph 27 inconsistent therewith.  Intervenor-Defendants deny all remaining allegations in Paragraph 27.

28.     Intervenor-Defendants state that the Act speaks for itself and, on that basis, deny any allegations of Paragraph 28 inconsistent therewith.    Intervenor-Defendants deny all remaining allegations in Paragraph 28.

29.     Intervenor-Defendants state that the Act speaks for itself and, on that basis, deny any allegations of Paragraph 29 inconsistent therewith.    Intervenor-Defendants deny all remaining allegations in Paragraph 29.

## BACKGROUND

### I.    Glass Lewis and its business.

30.    Intervenor-Defendants admit that Glass Lewis is a "proxy advisor" within the meaning of the Act.  Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 30 and, on that basis, deny them.

31.    Paragraph 31 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.  Intervenor-Defendants further state that that the Act speaks for itself and, on that basis, deny any allegations of Paragraph 31 inconsistent therewith.

32.    Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 and, on that basis, deny them.

33.    Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 and, on that basis, deny them.

34.    Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 and, on that basis, deny them.

35.    Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 and, on that basis, deny them.

36.    Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 and, on that basis, deny them.

37.    Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 and, on that basis, deny them.

38.    Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 and, on that basis, deny them.

39.    Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 and, on that basis, deny them.

40.     Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 and, on that basis, deny them.

41.     Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 and, on that basis, deny them.

42.     Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 and, on that basis, deny them.

43.     Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 and, on that basis, deny them.

44.     Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 and, on that basis, deny them.

45.     Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 and, on that basis, deny them.

46.     Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 and, on that basis, deny them.

47.     Intervenor-Defendants state that the legislative history of S.B. 2337 speaks for itself, and, on that basis, deny any allegations in Paragraph 47 inconsistent therewith, including the false and misleading characterizations of that legislative history.  Intervenor-Defendants deny all remaining allegations in Paragraph 47.

**II.     ESG, DEI, and voting against company management.**

48.     Intervenor-Defendants are without knowledge or information sufficient to form a belief as to truth of the allegations in Paragraph 48 and, on that basis, deny them.

49.     Intervenor-Defendants are without knowledge or information sufficient to form a belief as to truth of the allegations in Paragraph 49 and, on that basis, deny them.

50.     Intervenor-Defendants state that the Act speaks for itself and, on that basis, deny any allegations of Paragraph 50 inconsistent therewith.  Intervenor-Defendants are without knowledge or information sufficient to form a belief as to truth of the remaining allegations in Paragraph 50 and, on that basis, deny them.

51.     Intervenor-Defendants state that the Act speaks for itself and, on that basis, deny any allegations of Paragraph 51 inconsistent therewith.   Intervenor-Defendants deny all remaining allegations in Paragraph 51.

52.     Intervenor-Defendants state that the Act speaks for itself and, on that basis, deny any allegations of Paragraph 52 inconsistent therewith.   Intervenor-Defendants deny all remaining allegations in Paragraph 52.

53.     Intervenor-Defendants are without knowledge or information sufficient to form a belief as to truth of the allegations in Paragraph 53 and, on that basis, deny them.

54.     Intervenor-Defendants state that The Teacher Retirement System of Texas's ("TRS") and Texas Employee Retirement System's ("ERS") statements speak for themselves and on that basis, deny any allegations in Paragraph 54 inconsistent therewith, including the false and misleading characterizations of those statements.  Paragraph 54 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required. Intervenor-Defendants deny all remaining allegations in Paragraph 54.

55.     Intervenor-Defendants state that the quoted sources speak for themselves and, on that basis, deny any allegations in Paragraph 55 and footnote 1 inconsistent therewith, including the false and misleading characterizations of those statements.  Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 55 and, on that basis, deny them.

56.     Intervenor-Defendants deny the allegations in Paragraph 56.

57.     Intervenor-Defendants state that the quoted sources speak for themselves and, on that basis, deny any allegations in Paragraph 57 inconsistent therewith, including the false and misleading characterizations of those statements. Intervenor-Defendants deny all remaining allegations in Paragraph 57.

58.     Intervenor-Defendants state that the quoted sources speak for themselves and, on that basis, deny any allegations in Paragraph 58 inconsistent therewith, including the false and misleading characterizations of those statements. Intervenor-Defendants deny all remaining allegations in Paragraph 58.

59.     Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 and, on that basis, deny them.

60.     Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 and, on that basis, deny them.

## III.    The Consequences of S.B. 2337.

61.     Intervenor-Defendants state that the Act speaks for itself, on that basis, deny any allegations of Paragraph 61 inconsistent therewith.

62.     Intervenor-Defendants state that the Act speaks for itself and, on that basis, deny any allegations of Paragraph 62 inconsistent therewith.  Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 62 and, on that basis, deny them.

63.     Intervenor-Defendants state that the Act speaks for itself and, on that basis, deny any allegations of Paragraph 63 inconsistent therewith.  Intervenor-Defendants deny that Plaintiff has suffered or will suffer any harm as a result of the Act.  Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 63 and, on that basis, deny them.

64.    Intervenor-Defendants state that the Act speaks for itself and, on that basis, deny any allegations of Paragraph 64 inconsistent therewith.  Intervenor-Defendants deny that Plaintiff has suffered or will suffer any harm as a result of the Act.  Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 64 and, on that basis, deny them.

65.    Intervenor-Defendants state that the Act speaks for itself and, on that basis, deny any allegations of Paragraph 65 inconsistent therewith.  Intervenor-Defendants deny that Plaintiff has suffered or will suffer any harm as a result of the Act.  Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 65 and, on that basis, deny them.

66.    Intervenor-Defendants state that the Act speaks for itself and, on that basis, deny any allegations of Paragraph 66 inconsistent therewith.  Intervenor-Defendants deny that Plaintiff has suffered or will suffer any harm as a result of the Act.  Intervenor-Defendants deny all remaining allegations in Paragraph 66.

67.    Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 and, on that basis, deny them.

68.    Intervenor-Defendants state that the Act speaks for itself and, on that basis, deny any allegations of Paragraph 68 inconsistent therewith.  Intervenor-Defendants deny that Plaintiff has suffered or will suffer any harm as a result of the Act. Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 68 and, on that basis, deny them.

69.    Intervenor-Defendants state that the Act speaks for itself and, on that basis, deny any allegations of Paragraph 69 inconsistent therewith.  Intervenor-Defendants deny that Plaintiff has

suffered or will suffer any harm as a result of the Act. Intervenor-Defendants deny all remaining allegations in Paragraph 69.

70.     Intervenor-Defendants deny the allegations in Paragraph 70.

71.     Intervenor-Defendants state that the Act speaks for itself and, on that basis, deny any allegations of Paragraph 71 inconsistent therewith. Intervenor-Defendants deny that Plaintiff has suffered or will suffer any harm as a result of the Act. Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 71 and, on that basis, deny them.

72.     Intervenor-Defendants deny that Plaintiff has suffered or will suffer any harm as a result of the Act. Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 72 and, on that basis, deny them.

73.     Intervenor-Defendants state that the Act speaks for itself and, on that basis, deny any allegations of Paragraph 73 inconsistent therewith. Intervenor-Defendants deny that Plaintiff has suffered or will suffer any harm as a result of the Act. Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 73 and, on that basis, deny them.

74.     Intervenor-Defendants state that the Act speaks for itself and, on that basis, deny any allegations of Paragraph 74 inconsistent therewith. Intervenor-Defendants deny that Plaintiff has suffered or will suffer any harm as a result of the Act. Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 74 and, on that basis, deny them.

75.     Intervenor-Defendants deny that Plaintiff has suffered or will suffer any harm as a result of the Act. Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 75 and, on that basis, deny them.

76.    Intervenor-Defendants deny that Plaintiff has suffered or will suffer any harm as a result of the Act.  Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 76 and, on that basis, deny them.

77.    Intervenor-Defendants state that the Act speaks for itself and, on that basis, deny any allegations of Paragraph 77 inconsistent therewith.  Intervenor-Defendants deny that Plaintiff has suffered or will suffer any harm as a result of the Act.  Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 77 and, on that basis, deny them.

**STANDING AND SOVEREIGN IMMUNITY**

78.    Paragraph 78 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.

79.    Paragraph 79 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.  To the extent a response is required, Intervenor-Defendants deny the allegations in Paragraph 79.

80.    Paragraph 80 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.  To the extent a response is required, Intervenor-Defendants deny the allegations in Paragraph 80.

81.    Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81 and, on that basis, deny them.

82.    Paragraph 82 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.  Intervenor-Defendants further state that that the Act speaks for itself and, on that basis, deny any allegations of Paragraph 82 inconsistent therewith. Intervenor-Defendants deny all remaining allegations in Paragraph 82.

83.     Intervenor-Defendants state that the Act speaks for itself and, on that basis, deny any allegations of Paragraph 83 inconsistent therewith.  Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 83 and, on that basis, deny them.

84.     Intervenor-Defendants state that the Act speaks for itself and, on that basis, deny any allegations of Paragraph 84 inconsistent therewith.  Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 84 and, on that basis, deny them.

85.     Intervenor-Defendants state that the Act speaks for itself and, on that basis, deny any allegations of Paragraph 85 inconsistent therewith.  Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 85 and, on that basis, deny them.

86.     Paragraph 86 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.  Intervenor-Defendants further state that that the Act speaks for itself and, on that basis, deny any allegations of Paragraph 86 inconsistent therewith. Intervenor-Defendants deny all remaining allegations in Paragraph 86.

87.     Intervenor-Defendants state the Texas Attorney General's statements speak for themselves and deny any allegations in Paragraph 87 inconsistent therewith.  Intervenor-Defendants deny all remaining allegations in Paragraph 87.

88.     Paragraph 88 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.

89.     Paragraph 89 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.

90.     Paragraph 90 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.

91.     Paragraph 91 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.

92.     Paragraph 92 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.  Intervenor-Defendants further state that that the Act speaks for itself and, on that basis, deny any allegations of Paragraph 92 inconsistent therewith

93.     Intervenor-Defendants state the Texas Attorney General's statements speak for themselves and deny any allegations in Paragraph 93 inconsistent therewith.  Intervenor-Defendants further state that that the Act speaks for itself and, on that basis, deny any allegations of Paragraph 93 inconsistent therewith.  Intervenor-Defendants deny all remaining allegations in Paragraph 93.

94.     Intervenor-Defendants state the Texas Attorney General's statements speak for themselves and deny any allegations in Paragraph 94 inconsistent therewith.  Intervenor-Defendants deny all remaining allegations in Paragraph 94.

95.     Paragraph 95 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.

96.     Intervenor-Defendants state the Texas Attorney General's statements speak for themselves and deny any allegations in Paragraph 96 inconsistent therewith.  Intervenor-Defendants deny all remaining allegations in Paragraph 96.

97.     Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 97 and, on that basis, deny them.

98.     Intervenor-Defendants state the Texas Attorney General's statements speak for themselves and deny any allegations in Paragraph 98 inconsistent therewith.  Intervenor-Defendants deny all remaining allegations in Paragraph 98.

99.    Paragraph 99 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.  Intervenor-Defendants further state that that the Act speaks for itself and, on that basis, deny any allegations of Paragraph 99 inconsistent therewith.

## CLAIMS

100.    Intervenor-Defendants admit that Plaintiff characterizes its purported challenge to the Act as an as applied challenge.  Intervenor-Defendants deny that the Act is unconstitutional.

## COUNT I

**42 U.S.C. § 1983**
**CLAIM UNDER THE FIRST AMENDMENT, AS INCORPORATED AGAINST THE STATES THROUGH THE FOURTEENTH AMENDMENT (FREEDOM OF SPEECH)**

101.    Intervenor-Defendants incorporate by reference, as if fully set forth herein, their responses above.

102.    Intervenor-Defendants state that the U.S. Constitution speaks for itself and on that basis, deny any allegations of Paragraph 102 inconsistent therewith.  Intervenor-Defendants deny the remaining allegations in Paragraph 102.  Intervenor-Defendants further state that Paragraph 102 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.

103.    Paragraph 103 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.

104.    Paragraph 104 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.

105.    Paragraph 105 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.

106.    Paragraph 106 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.

107.    Intervenor-Defendants deny the allegations in Paragraph 107.

108.    Intervenor-Defendants deny the allegations in Paragraph 108.

109.    Intervenor-Defendants deny the allegations in Paragraph 109.

110.    Intervenor-Defendants deny the allegations in Paragraph 110.

111.    Intervenor-Defendants deny the allegations in Paragraph 111.

112.    Intervenor-Defendants deny the allegations in Paragraph 112.

113.    Intervenor-Defendants deny the allegations in Paragraph 113.

114.    Intervenor-Defendants state that the Act speaks for itself and, on that basis, deny any allegations of Paragraph 114 inconsistent therewith.  Intervenor-Defendants deny all remaining allegations in Paragraph 114.

115.    Intervenor-Defendants state that the Act speaks for itself and, on that basis, deny any allegations of Paragraph 115 inconsistent therewith.  Intervenor-Defendants deny all remaining allegations in Paragraph 115.

116.    Intervenor-Defendants deny the allegations in Paragraph 116.

117.    Paragraph 117 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.  To the extent a response is required, Intervenor-Defendants deny the allegations in Paragraph 117.

118.    Paragraph 118 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.

119.    Paragraph 119 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.

120.     Paragraph 120 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.

121.     Paragraph 121 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.

122.     Paragraph 122 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.

123.     Paragraph 123 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.

124.     Paragraph 124 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.

125.     Paragraph 125 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.

126.     Intervenor-Defendants deny the allegations in Paragraph 126.

127.     Paragraph 127 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.

128.     Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 128 and, on that basis, deny them.

129.     Intervenor-Defendants deny the allegations in Paragraph 129.

130.     Paragraph 130 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.

131.     Paragraph 131 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.

132.     Paragraph 132 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.

133.    Paragraph 133 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.

134.    Paragraph 134 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.

135.    Intervenor-Defendants deny the allegations in Paragraph 135.

136.    In response to Paragraph 136, Intervenor-Defendants state that the Act speaks for itself and, on that basis, deny any allegations of Paragraph 136 inconsistent therewith.  Intervenor-Defendants deny all remaining allegations in Paragraph 136.

137.    In response to Paragraph 137, Intervenor-Defendants state that the Act speaks for itself and, on that basis, deny any allegations of Paragraph 137 inconsistent therewith.  Intervenor-Defendants deny all remaining allegations in Paragraph 137.

138.    Paragraph 138 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.

139.    Paragraph 139 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.

140.    Paragraph 140 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.

141.    Paragraph 141 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.

142.    Paragraph 142 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.

143.    Paragraph 143 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.  Intervenor-Defendants further state that that the

Act speaks for itself and, on that basis, deny any allegations of Paragraph 143 inconsistent therewith. Intervenor-Defendants deny all remaining allegations in Paragraph 143.

144.    Paragraph 144 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.  To the extent a response is required, Intervenor-Defendants deny the allegations in Paragraph 144.

145.    Paragraph 145 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.  To the extent a response is required, Intervenor-Defendants deny the allegations in Paragraph 145.

146.    Paragraph 146 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.  Intervenor-Defendants state that the legislative history of S.B. 2337 speaks for itself, and, on that basis, deny any allegations in Paragraph 146 inconsistent therewith, including the false and misleading characterizations of that legislative history. Intervenor-Defendants further state that the legislative history of the Act speaks for itself, and, on that basis, deny any allegations in Paragraph 146 inconsistent therewith, including the false and misleading characterizations of that legislative history.  Intervenor-Defendants deny all remaining allegations in Paragraph 146.

147.    Paragraph 147 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.  Intervenor-Defendants further state that that the Act speaks for itself and, on that basis, deny any allegations of Paragraph 147 inconsistent therewith. Intervenor-Defendants deny all remaining allegations in Paragraph 147.

148.    Paragraph 148 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.  Intervenor-Defendants further state that that the Act speaks for itself and, on that basis, deny any allegations of Paragraph 148 inconsistent therewith. Intervenor-Defendants deny all remaining allegations in Paragraph 148.

149.    Paragraph 149 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.  Intervenor-Defendants further state that that the Act speaks for itself and, on that basis, deny any allegations of Paragraph 149 inconsistent therewith. Intervenor-Defendants deny all remaining allegations in Paragraph 149.

150.    Paragraph 150 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.  To the extent a response is required, Intervenor-Defendants deny the allegations in Paragraph 150.

## COUNT II

### 42 U.S.C. § 1983
### CLAIM UNDER THE FIRST AMENDMENT, AS INCORPORATED AGAINST THE STATES THROUGH THE FOURTEENTH AMENDMENT (FREEDOM OF ASSOCIATION)

151.    Intervenor-Defendants incorporate by reference, as if fully set forth herein, their responses above.

152.    Intervenor-Defendants state that  the U.S. Constitution speaks for itself and on that basis, deny any allegations of Paragraph 152 inconsistent therewith.  Intervenor-Defendants further state that Paragraph 152 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.

153.    Intervenor-Defendants state that the Act speaks for itself and, on that basis, deny any allegations of Paragraph 153 inconsistent therewith.  Intervenor-Defendants deny all remaining allegations in Paragraph 153.

154.    Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 154 and, on that basis, deny them.

155.    Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 155 and, on that basis, deny them.

156.    Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 156 and, on that basis, deny them.

157.    Paragraph 157 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.

158.    Paragraph 158 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.

159.    Intervenor-Defendants state that the Act speaks for itself and, on that basis, deny any allegations of Paragraph 159 inconsistent therewith.   Intervenor-Defendants deny all remaining allegations in Paragraph 159.

160.    Paragraph 160 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.

161.    Intervenor-Defendants deny the allegations in Paragraph 161.

### COUNT III

**42 U.S.C. § 1983**
**VAGUENESS CLAIM UNDER THE FIRST AND FOURTEENTH AMENDMENTS**

162.    Intervenor-Defendants incorporate by reference, as if fully set forth herein, their responses above.

163.    Paragraph 163 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.

164.    Paragraph 164 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.

165.    Paragraph 165 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.

166.    Intervenor-Defendants deny the allegations in Paragraph 166.

167.    Intervenor-Defendants deny the allegations in Paragraph 167.

168.    Intervenor-Defendants deny the allegations in Paragraph 168.

169.    Intervenor-Defendants deny the allegations in Paragraph 169.

170.    Paragraph 170 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.    Intervenor-Defendants deny all remaining allegations in Paragraph 170.

171.    Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 171 and, on that basis, deny them.

172.    Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 172 and, on that basis, deny them.

173.    Paragraph 173 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.

174.    Intervenor-Defendants state the Texas Attorney General's statements speak for themselves and deny any allegations in Paragraph 174 inconsistent therewith.    Further, Paragraph 174 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.

175.    Paragraph 175 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.

176.    Intervenor-Defendants state that the Act speaks for itself and, on that basis, deny any allegations of Paragraph 176 inconsistent therewith.    Intervenor-Defendants deny all remaining allegations in Paragraph 176.

177.    Paragraph 177 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.

178.    Intervenor-Defendants state the Texas Attorney General's statements speak for themselves and deny any allegations in Paragraph 178 inconsistent therewith.   Further, Paragraph 178 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.

179.    Paragraph 179 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.   Intervenor-Defendants deny all remaining allegations in Paragraph 179.

180.    Paragraph 180 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.   Intervenor-Defendants deny all remaining allegations in Paragraph 180.

181.    Intervenor-Defendants deny the allegations in Paragraph 181.

## <u>COUNT IV</u>

### FEDERAL STATUTORY PREEMPTION CLAIM UNDER 29 U.S.C. § 1001 (ERISA), 42 U.S.C. § 1983, AND *EX PARTE YOUNG* EQUITABLE CAUSE OF ACTION

182.    Intervenor-Defendants incorporate by reference, as if fully set forth herein, their responses above.

183.    Intervenor-Defendants deny the allegations in Paragraph 183.

184.    Paragraph 184 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.

185.    Intervenor-Defendants state that the Code of Federal Regulations speaks for itself and, on that basis, deny any allegations of Paragraph 185 inconsistent therewith.   Intervenor-Defendants deny all remaining allegations in Paragraph 185.

186.    Intervenor-Defendants state that  the Code of Federal Regulations speaks for itself and, on that basis, deny any allegations of Paragraph 186 inconsistent therewith.   Intervenor-Defendants deny all remaining allegations in Paragraph 186.

187.    Intervenor-Defendants deny the allegations in Paragraph 187.

188.    Intervenor-Defendants deny the allegations in Paragraph 188.

189.    Intervenor-Defendants state that the Act speaks for itself and, on that basis, deny any allegations of Paragraph 189 inconsistent therewith.   Intervenor-Defendants deny all remaining allegations in Paragraph 189.

190.    Intervenor-Defendants state that the Act speaks for itself and, on that basis, deny any allegations of Paragraph 190 inconsistent therewith.   Intervenor-Defendants deny all remaining allegations in Paragraph 190.

191.    Intervenor-Defendants state that the Act speaks for itself and, on that basis, deny any allegations of Paragraph 191 inconsistent therewith.   Intervenor-Defendants deny all remaining allegations in Paragraph 191.

192.    Paragraph 192 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.

193.    Intervenor-Defendants deny the allegations in Paragraph 193.

194.    Intervenor-Defendants deny the allegations in Paragraph 194.

## COUNT V

### U.S. Const., Art. I, § 8, cl. 3
### THE DORMANT COMMERCE CLAUSE

195.    Intervenor-Defendants incorporate by reference, as if fully set forth herein, their responses above.

196.    Intervenor-Defendants state that  the U.S. Constitution speaks for itself and on that basis, deny any allegations of Paragraph 196 inconsistent therewith.  Intervenor-Defendants further state that Paragraph 196 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.

197.    Paragraph 197 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.

198.    Paragraph 198 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.

199.    Intervenor-Defendants state that the Act speaks for itself and, on that basis, deny any allegations of Paragraph 199 inconsistent therewith.  Intervenor-Defendants deny all remaining allegations in Paragraph 199.

200.    Intervenor-Defendants state that the Act speaks for itself and, on that basis, deny any allegations of Paragraph 200 inconsistent therewith.  Intervenor-Defendants deny all remaining allegations in Paragraph 200.

201.    Intervenor-Defendants state that the Act speaks for itself and, on that basis, deny any allegations of Paragraph 201 inconsistent therewith.  Intervenor-Defendants deny all remaining allegations in Paragraph 201.

202.    Intervenor-Defendants deny the allegations in Paragraph 202.

## REQUESTS FOR RELIEF

### EQUITABLE RELIEF

203.    Intervenor-Defendants incorporate by reference, as if fully set forth herein, their responses above.

204.    Intervenor-Defendants deny the allegations in Paragraph 204.

205.    Paragraph 205 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.

206.    Intervenor-Defendants deny the allegations in Paragraph 206.

**42 U.S.C. § 1983 and 28 U.S.C. § 2201**
**DECLARATORY RELIEF**

207.    Intervenor-Defendants incorporate by reference, as if fully set forth herein, their responses above.

208.    Intervenor-Defendants deny the allegations in Paragraph 208.

209.    Intervenor-Defendants deny the allegations in Paragraph 209.

210.    Intervenor-Defendants deny the allegations in Paragraph 210.

211.    Intervenor-Defendants deny the allegations in Paragraph 211.

212.    Paragraph 212 states legal conclusions and/or statements of what the law provides or should provide, to which no response is required.  To the extent a response is required,  Intervenor-Defendants state that § 2201(a) speaks for itself and on that basis, deny any allegations of Paragraph 212 inconsistent therewith.  Intervenor-Defendants deny the remaining allegations in Paragraph 212.

213.    Intervenor-Defendants deny the allegations in Paragraph 213.

**RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF**

In response to Plaintiff's Prayer for Relief, Intervenor-Defendants deny each and every allegation contained therein, including all subparts, and deny that Plaintiff is entitled to any of the relief requested therein.

**AFFIRMATIVE AND OTHER DEFENSES**

Without assuming the burden of proof, and while reserving the right to assert all applicable affirmative defenses supported in law and fact, the Intervenor-Defendants assert the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to adequately allege facts upon which a claim for relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the equitable doctrines of laches, estoppel, unclean hands, and/or waiver.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to join indispensable parties to this action.

### <u>CONCLUSION</u>

Intervenor-Defendants respectfully ask the Court to (1) dismiss Plaintiff's claims with prejudice and enter judgment for Intervenor-Defendants; (2) deny Plaintiff's prayer for relief; and (3) grant other such relief as the court may deem proper, including attorneys' fees and costs.

Dated:  December 4, 2025                    Respectfully submitted,

                                           */s/ Mark W. Rasmussen*
                                           Mark W. Rasmussen
                                           Attorney-in-charge
                                           Texas State Bar No. 24086291
                                           Sidney Smith McClung
                                           Texas State Bar No. 24083880
                                           Timothy M. Villari
                                           Texas State Bar No. 24125870
                                           JONES DAY
                                           2727 N. Harwood St., Suite 500
                                           Dallas, TX 75201
                                           mrasmussen@jonesday.com
                                           smcclung@jonesday.com
                                           tvillari@jonesday.com
                                           Telephone:  +1.214.969.3939
                                           Facsimile:    +1.214.969.5100

                                           Noel J. Francisco (admitted *pro hac vice*)
                                           D.C. Bar No. 464752
                                           Brinton Lucas (admitted *pro hac vice*)
                                           D.C. Bar No. 1015185
                                           JONES DAY
                                           51 Louisiana Ave., N.W.
                                           Washington, D.C. 20001-2113
                                           njfrancisco@jonesday.com
                                           blucas@jonesday.com
                                           Telephone:  +1.202.879.3939
                                           Facsimile:  +1.602.626.1700

                                           *Attorneys for Intervenor-Defendants*
                                           *the Texas Stock Exchange LLC and*
                                           *the Texas Association of Business*

## CERTIFICATE OF SERVICE

I certify that on December 4, 2025, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States District Court for the Western District of Texas.

/s/ Mark W. Rasmussen
Mark W. Rasmussen