UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| GLASS, LEWIS & CO., LLC | § | |
| *Plaintiff*, | § | |
| | § | |
| | § | |
| | § | Civil Action No. 1:25-cv-1153-ADA |
| v. | § | |
| | § | |
| KEN PAXTON, in his Official Capacity as | § | |
| Attorney General of Texas, | § | |
| *Defendant*, | § | |
| | § | |
| THE TEXAS STOCK EXCHANGE LLC | § | |
| and THE TEXAS ASSOCIATION OF | § | |
| BUSINESS, | § | |
| *Intervenor-Defendants*. | § | |

---

**DEFENDANT'S ANSWER & DEFENSES TO
PLAINTIFF'S SECOND AMENDED COMPLAINT**

---

Defendant, Ken Paxton, in his official capacity as Attorney General of Texas, files this Answer and Defenses ("Answer") to Plaintiff's Second Amended Complaint (Dkt. 59) (the "Second Amended Complaint").

## I. ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

In accordance with Federal Rule of Civil Procedure 8(b)(3), Defendant generally denies all the allegations in Plaintiff's Second Amended Complaint except those specifically and expressly admitted below. The numbered paragraphs and un-bolded section headers that follow correspond to the numbered paragraphs and bolded section headers in the Second Amended Complaint. The section headers in the Second Amended Complaint are not factual allegations requiring Defendant

to admit or deny them. However—out of abundance of caution and for avoidance of doubt—Defendant denies any factual assertion in every section header in the Second Amended Complaint.

INTRODUCTION

1.      Defendant denies the allegations in paragraph 1 of the Second Amended Complaint.

2.      SB 2337's legislative history speaks for itself; Defendant, therefore, denies any allegations in paragraph 2 of the Second Amended Complaint about SB 2337's legislative history that are inconsistent with it. Paragraph 2 also contains legal conclusions that do not require a response. To the extent Defendant is required to respond, Defendant denies such statements. Defendant denies all remaining allegations in paragraph 2 of the Second Amended Complaint.

3.      Defendant denies the allegations in paragraph 3 of the Second Amended Complaint.

4.      Defendant denies the allegations in paragraph 4 of the Second Amended Complaint.

5.      Defendant denies the allegations in paragraph 5 of the Second Amended Complaint.

6.      Defendant denies the allegations in paragraph 6 of the Second Amended Complaint.

7.      Defendant admits that Plaintiff seeks declaratory and injunctive relief but denies that Plaintiff is entitled to such relief.

PARTIES

8.      Defendant admits that (1) Plaintiff is a "proxy advisor" as defined by SB 2337; (2) Plaintiff provides "proxy advisory services" as defined by SB 2337; (3) Plaintiff is a Delaware LLC; and (4) Plaintiff has its principal place of business in California. Defendant denies all remaining allegations in paragraph 8 of the Second Amended Complaint.

9.      Defendant admits that (1) he is the Attorney General of Texas ("Attorney General"); and (2) under SB 2337, the Attorney General's Consumer Protection Division can enforce SB 2337. Defendant denies all remaining allegations in paragraph 9 of the Second Amended Complaint.

## JURISDICTION AND VENUE

10.    Paragraph 10 of the Second Amended Complaint contains legal conclusions that do not require a response. To the extent Defendant is required to respond, Defendant denies the statements in paragraph 10 of the Second Amended Complaint.

11.    Paragraph 11 of the Second Amended Complaint contains legal conclusions that do not require a response. To the extent Defendant is required to respond, Defendant denies the statements in paragraph 11 of the Second Amended Complaint. Defendant, however, does not contest venue.

## SENATE BILL 2337

12.    Defendant denies the allegations in paragraph 12 of the Second Amended Complaint.

13.    Defendant denies the allegations in paragraph 13 of the Second Amended Complaint.

14.    Defendant denies the allegations in paragraph 14 of the Second Amended Complaint.

15.    SB 2337 speaks for itself; Defendant, therefore, denies any allegations in paragraph 15 of the Second Amended Complaint—including all subparts—that are about SB 2337 but inconsistent with it. Defendant denies all remaining allegations in paragraph 15 of the Second Amended Complaint—including all subparts.

16.    SB 2337 speaks for itself; Defendant, therefore denies any allegations in paragraph 16 of the Second Amended Complaint about SB 2337 that are inconsistent with it. Defendant denies all remaining allegations in paragraph 16 of the Second Amended Complaint.

17.    SB 2337 speaks for itself; Defendant, therefore denies any allegations in paragraph 17 of the Second Amended Complaint about SB 2337 that are inconsistent with it. Defendant denies all remaining allegations in paragraph 17 of the Second Amended Complaint.

18.    SB 2337 speaks for itself; Defendant, therefore, denies any allegations in paragraph 18 of the Second Amended Complaint about SB 2337 that are inconsistent with it. Paragraph 18 also contains legal conclusions that do not require a response. To the extent Defendant is required to respond, Defendant denies such statements. Defendant denies all remaining allegations in paragraph 18 of the Second Amended Complaint.

19.    Defendant denies the allegations in paragraph 19 of the Second Amended Complaint.

20.    SB 2337 speaks for itself; Defendant, therefore denies any allegations in paragraph 20 of the Second Amended Complaint—including all subparts—that are about SB 2337 but inconsistent with it. Defendant denies all remaining allegations in paragraph 20 of the Second Amended Complaint—including all subparts.

21.    SB 2337 speaks for itself; Defendant, therefore denies any allegations in paragraph 21 of the Second Amended Complaint—including all subparts—that are about SB 2337 but inconsistent with it. Defendant denies all remaining allegations in paragraph 21 of the Second Amended Complaint—including all subparts.

22.    SB 2337 speaks for itself; Defendant, therefore denies any allegations in paragraph 22 of the Second Amended Complaint—including all subparts—that are about SB 2337 but inconsistent with it. Defendant denies all remaining allegations in paragraph 22 of the Second Amended Complaint—including all subparts.

23.    SB 2337 speaks for itself; Defendant, therefore denies any allegations in paragraph 23 of the Second Amended Complaint—including all subparts—that are about SB 2337 but inconsistent with it. Defendant denies all remaining allegations in paragraph 23 of the Second Amended Complaint—including all subparts.

24.    SB 2337 speaks for itself; Defendant, therefore denies any allegations in paragraph 24 of the Second Amended Complaint—including all subparts—that are about SB 2337 but inconsistent with it. Defendant denies all remaining allegations in paragraph 24 of the Second Amended Complaint—including all subparts.

25.    SB 2337 speaks for itself; Defendant, therefore denies any allegations in paragraph 25 of the Second Amended Complaint about SB 2337 that are inconsistent with it. Defendant denies all remaining allegations in paragraph 25 of the Second Amended Complaint.

26.    SB 2337 speaks for itself; Defendant, therefore denies any allegations in paragraph 26 of the Second Amended Complaint about SB 2337 that are inconsistent with it. Defendant denies all remaining allegations in paragraph 26 of the Second Amended Complaint.

27.    SB 2337 speaks for itself; Defendant, therefore denies any allegations in paragraph 27 of the Second Amended Complaint about SB 2337 that are inconsistent with it. Defendant denies all remaining allegations in paragraph 27 of the Second Amended Complaint.

28.    SB 2337 speaks for itself; Defendant, therefore denies any allegations in paragraph 28 of the Second Amended Complaint—including all subparts—that are about SB 2337 but inconsistent with it. Defendant denies all remaining allegations in paragraph 28 of the Second Amended Complaint—including all subparts.

29.    SB 2337 speaks for itself; Defendant, therefore denies any allegations in paragraph 29 of the Second Amended Complaint about SB 2337 that are inconsistent with it. Defendant denies all remaining allegations in paragraph 29 of the Second Amended Complaint.

BACKGROUND

30.    Defendant admits that Plaintiff is a "proxy advisor" as defined by SB 2337. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 30 of the Second Amended Complaint, and, therefore, denies them.

31.    SB 2337 speaks for itself; Defendant, therefore, denies any allegations in paragraph 31 of the Second Amended Complaint about SB 2337 that are inconsistent with it. Paragraph 31 also contains legal conclusions that do not require a response. To the extent Defendant is required to respond, Defendant denies such statements. Defendant denies all remaining allegations in paragraph 31 of the Second Amended Complaint.

32.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 32 of the Second Amended Complaint, and, therefore, denies them.

33.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 33 of the Second Amended Complaint, and, therefore, denies them.

34.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 34 of the Second Amended Complaint, and, therefore, denies them.

35.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 35 of the Second Amended Complaint, and, therefore, denies them.

36.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 36 of the Second Amended Complaint, and, therefore, denies them.

37.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 37 of the Second Amended Complaint, and, therefore, denies them.

38. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 38 of the Second Amended Complaint, and, therefore, denies them.

39. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 39 of the Second Amended Complaint, and, therefore, denies them.

40. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 40 of the Second Amended Complaint, and, therefore, denies them.

41. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 41 of the Second Amended Complaint, and, therefore, denies them.

42. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 42 of the Second Amended Complaint, and, therefore, denies them.

43. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 43 of the Second Amended Complaint, and, therefore, denies them.

44. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 44 of the Second Amended Complaint, and, therefore, denies them.

45. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 45 of the Second Amended Complaint, and, therefore, denies them.

46. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 46 of the Second Amended Complaint, and, therefore, denies them.

47. SB 2337's legislative history speaks for itself; Defendant, therefore, denies any allegations in paragraph 47 of the Second Amended Complaint about SB 2337's legislative history that are inconsistent with it, including the false and misleading characterizations of SB 2337's legislative

history. Defendant denies all remaining allegations in paragraph 47 of the Second Amended Complaint.

48.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 48 of the Second Amended Complaint, and, therefore, denies them.

49.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 49 of the Second Amended Complaint, and, therefore, denies them.

50.     SB 2337 speaks for itself; Defendant, therefore, denies any allegations in paragraph 50 of the Second Amended Complaint about SB 2337 that are inconsistent with it. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 50 of the Second Amended Complaint, and, therefore, denies them.

51.     SB 2337 speaks for itself; Defendant, therefore, denies any allegations in paragraph 51 of the Second Amended Complaint about SB 2337 that are inconsistent with it. Defendant denies all remaining allegations in paragraph 51 of the Second Amended Complaint.

52.     SB 2337 speaks for itself; Defendant, therefore, denies any allegations in paragraph 52 of the Second Amended Complaint about SB 2337 that are inconsistent with it. Defendant denies all remaining allegations in paragraph 52 of the Second Amended Complaint.

53.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 53 of the Second Amended Complaint, and, therefore, denies them.

54.     The TRS and ERS statements speak for themselves; Defendant, therefore, denies any allegations in paragraph 54 of the Second Amended Complaint about the TRS and ERS statements that are inconsistent with them. Paragraph 54 also contains legal conclusions that do not require a

response. To the extent Defendant is required to respond, Defendant denies such statements. Defendant denies all remaining allegations in paragraph 54 of the Second Amended Complaint.

55.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 55 of the Second Amended Complaint—including footnote 1—and, therefore, denies them.

56.    Defendant denies the allegations in paragraph 56 of the Second Amended Complaint.

57.    The quoted sources in paragraph 57 of the Second Amended Complaint speak for themselves; Defendant, therefore, denies any allegations in paragraph 57 about the quoted sources that are inconsistent with them, including the false and misleading characterization of the quoted sources or statements. Defendant denies all remaining allegations in paragraph 57 of the Second Amended Complaint.

58.    The quoted sources in paragraph 58 of the Second Amended Complaint speak for themselves; Defendant, therefore, denies any allegations in paragraph 58 about the quoted sources that are inconsistent with those sources, including the false and misleading characterization of the quoted sources or statements. Defendant denies all remaining allegations in paragraph 58 of the Second Amended Complaint.

59.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 59 of the Second Amended Complaint, and, therefore, denies them.

60.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 60 of the Second Amended Complaint, and, therefore, denies them.

61.    SB 2337 speaks for itself; Defendant, therefore, denies any allegations in paragraph 61 of the Second Amended Complaint about SB 2337 that are inconsistent with it. Defendant denies all remaining allegations in paragraph 61 of the Second Amended Complaint.

62.    SB 2337 speaks for itself; Defendant, therefore, denies any allegations in paragraph 62 of the Second Amended Complaint about SB 2337 that are inconsistent with it. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 62 of the Second Amended Complaint, and, therefore, denies them.

63.    SB 2337 speaks for itself; Defendant, therefore, denies any allegations in paragraph 63 of the Second Amended Complaint about SB 2337 that are inconsistent with it. In addition, Defendant denies that Plaintiff has suffered or will suffer any harm due to SB 2337. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 63 of the Second Amended Complaint, and, therefore, denies them.

64.    SB 2337 speaks for itself; Defendant, therefore, denies any allegations in paragraph 64 of the Second Amended Complaint about SB 2337 that are inconsistent with it. In addition, Defendant denies that Plaintiff has suffered or will suffer any harm due to SB 2337. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 64 of the Second Amended Complaint, and, therefore, denies them.

65.    SB 2337 speaks for itself; Defendant, therefore, denies any allegations in paragraph 65 of the Second Amended Complaint about SB 2337 that are inconsistent with it. In addition, Defendant denies that Plaintiff has suffered or will suffer any harm due to SB 2337. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 65 of the Second Amended Complaint, and, therefore, denies them.

66.    SB 2337 speaks for itself; Defendant, therefore, denies any allegations in paragraph 66 of the Second Amended Complaint about SB 2337 that are inconsistent with it. In addition, Defendant denies that Plaintiff has suffered or will suffer any harm due to SB 2337. Defendant denies the remaining allegations in paragraph 66 of the Second Amended Complaint.

67.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 67 of the Second Amended Complaint, and, therefore, denies them.

68.    SB 2337 speaks for itself; Defendant, therefore, denies any allegations in paragraph 68 of the Second Amended Complaint about SB 2337 that are inconsistent with it. In addition, Defendant denies that Plaintiff has suffered or will suffer any harm due to SB 2337. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 68 of the Second Amended Complaint, and, therefore, denies them.

69.    SB 2337 speaks for itself; Defendant, therefore, denies any allegations in paragraph 66 of the Second Amended Complaint about SB 2337 that are inconsistent with it. In addition, Defendant denies that Plaintiff has suffered or will suffer any harm due to SB 2337. Defendant denies the remaining allegations in paragraph 66 of the Second Amended Complaint.

70.    Defendant denies the allegations in paragraph 70 of the Second Amended Complaint.

71.    SB 2337 speaks for itself; Defendant, therefore, denies any allegations in paragraph 71 of the Second Amended Complaint about SB 2337 that are inconsistent with it. In addition, Defendant denies that Plaintiff has suffered or will suffer any harm due to SB 2337. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 71 of the Second Amended Complaint, and, therefore, denies them.

72.     Defendant denies that Plaintiff has suffered or will suffer any harm due to SB 2337. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 72 of the Second Amended Complaint, and, therefore, denies them.

73.     SB 2337 speaks for itself; Defendant, therefore, denies any allegations in paragraph 73 of the Second Amended Complaint about SB 2337 that are inconsistent with it. In addition, Defendant denies that Plaintiff has suffered or will suffer any harm due to SB 2337. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 73 of the Second Amended Complaint, and, therefore, denies them.

74.     SB 2337 speaks for itself; Defendant, therefore, denies any allegations in paragraph 74 of the Second Amended Complaint about SB 2337 that are inconsistent with it. In addition, Defendant denies that Plaintiff has suffered or will suffer any harm due to SB 2337. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 74 of the Second Amended Complaint, and, therefore, denies them.

75.     Defendant denies that Plaintiff has suffered or will suffer any harm due to SB 2337. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 75 of the Second Amended Complaint, and, therefore, denies them.

76.     Defendant denies that Plaintiff has suffered or will suffer any harm due to SB 2337. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 76 of the Second Amended Complaint, and, therefore, denies them.

77.     SB 2337 speaks for itself; Defendant, therefore, denies any allegations in paragraph 77 of the Second Amended Complaint about SB 2337 that are inconsistent with it. In addition, Defendant denies that Plaintiff has suffered or will suffer any harm due to SB 2337. Defendant lacks

knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 77 of the Second Amended Complaint, and, therefore, denies them.

## STANDING AND SOVERIGN IMMUNITY

78.    Paragraph 78 of the Second Amended Complaint contains legal conclusions that do not require a response. To the extent Defendant is required to respond, Defendant denies the statements in paragraph 78 of the Second Amended Complaint.

79.    Paragraph 79 of the Second Amended Complaint contains legal conclusions that do not require a response. To the extent Defendant is required to respond, Defendant denies the statements in paragraph 79 of the Second Amended Complaint.

80.    Paragraph 80 of the Second Amended Complaint contains legal conclusions that do not require a response. To the extent Defendant is required to respond, Defendant denies the statements in paragraph 80 of the Second Amended Complaint.

81.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 81 of the Second Amended Complaint, and, therefore, denies them.

82.    SB 2337 speaks for itself; Defendant, therefore, denies any allegations in paragraph 82 of the Second Amended Complaint about SB 2337 that are inconsistent with it. Paragraph 82 also contains legal conclusions that do not require a response. To the extent Defendant is required to respond, Defendant denies such statements. Defendant denies all remaining allegations in paragraph 82 of the Second Amended Complaint.

83.    SB 2337 speaks for itself; Defendant, therefore, denies any allegations in paragraph 83 of the Second Amended Complaint about SB 2337 that are inconsistent with it. Defendant lacks

knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 83 of the Second Amended Complaint, and, therefore, denies them.

84.    SB 2337 speaks for itself; Defendant, therefore, denies any allegations in paragraph 84 of the Second Amended Complaint about SB 2337 that are inconsistent with it. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 84 of the Second Amended Complaint, and, therefore, denies them.

85.    SB 2337 speaks for itself; Defendant, therefore, denies any allegations in paragraph 85 of the Second Amended Complaint about SB 2337 that are inconsistent with it. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 85 of the Second Amended Complaint, and, therefore, denies them.

86.    SB 2337 speaks for itself; Defendant, therefore, denies any allegations in paragraph 86 of the Second Amended Complaint about SB 2337 that are inconsistent with it. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 86 of the Second Amended Complaint, and, therefore, denies them.

87.    Defendant's press releases speak for themselves; Defendant, therefore, denies any allegations in paragraph 87 of the Second Amended Complaint about Defendant's press releases that are inconsistent with them. Defendant denies the remaining allegations in paragraph 87 of the Second Amended Complaint.

88.    Paragraph 88 of the Second Amended Complaint contains legal conclusions that do not require a response. To the extent Defendant is required to respond, Defendant denies the statements in paragraph 88 of the Second Amended Complaint.

89.    Paragraph 89 of the Second Amended Complaint contains legal conclusions that do not require a response. To the extent Defendant is required to respond, Defendant denies the statements in paragraph 89 of the Second Amended Complaint.

90.    Paragraph 90 of the Second Amended Complaint contains legal conclusions that do not require a response. To the extent Defendant is required to respond, Defendant denies the statements in paragraph 90 of the Second Amended Complaint.

91.    Paragraph 91 of the Second Amended Complaint contains legal conclusions that do not require a response. To the extent Defendant is required to respond, Defendant denies the statements in paragraph 91 of the Second Amended Complaint.

92.    SB 2337 speaks for itself; Defendant, therefore, denies any allegations in paragraph 92 of the Second Amended Complaint about SB 2337 that are inconsistent with it. Paragraph 92 also contains legal conclusions that do not require a response. To the extent Defendant is required to respond, Defendant denies such statements. Defendant denies all remaining allegations in paragraph 92 of the Second Amended Complaint.

93.    Defendant's statements speak for themselves; Defendant, therefore, denies any allegations in paragraph 93 of the Second Amended Complaint about Defendant's statements that are inconsistent with them. Defendant denies the remaining allegations in paragraph 93 of the Second Amended Complaint.

94.    Defendant's press release speaks for itself; Defendant, therefore, denies any allegations in paragraph 94 of the Second Amended Complaint about the press release that are inconsistent with it. Defendant denies the remaining allegations in paragraph 94 of the Second Amended Complaint.

95.    Paragraph 95 of the Second Amended Complaint contains legal conclusions that do not require a response. To the extent Defendant is required to respond, Defendant denies the statements in paragraph 95 of the Second Amended Complaint.

96.    Defendant's press release speaks for itself; Defendant, therefore, denies any allegations in paragraph 96 of the Second Amended Complaint about the press release that are inconsistent with it. Defendant denies the remaining allegations in paragraph 96 of the Second Amended Complaint.

97.    Defendant admits that he has not retracted the press releases referenced in paragraph 97 of the Second Amended Complaint. Defendant denies all remaining allegations in paragraph 97 of the Second Amended Complaint.

98.    Defendant's letter speaks for itself; Defendant, therefore, denies any allegations in paragraph 98 of the Second Amended Complaint about the letter that are inconsistent with it. Defendant denies all remaining allegations in paragraph 98 of the Second Amended Complaint.

99.    SB 2337 speaks for itself; Defendant, therefore, denies any allegations in paragraph 99 of the Second Amended Complaint about SB 2337 that are inconsistent with it. Paragraph 99 also contains legal conclusions that do not require a response. To the extent Defendant is required to respond, Defendant denies such statements.

CLAIMS

100.    Defendant admits that Plaintiff characterizes its purported challenge to SB 2337 as an as applied challenge. Defendant denies that SB 2337 is unconstitutional.

101.    Defendant incorporates—by reference and as fully set forth—his responses above.

102. The U.S. Constitution speaks for itself; Defendant, therefore, denies any allegations in paragraph 102 of the Second Amended Complaint about the U.S. Constitution that are inconsistent with it. Defendant denies the remaining allegations in paragraph 102 of the Second Amended Complaint.

103. Paragraph 103 of the Second Amended Complaint contains legal conclusions that do not require a response. To the extent Defendant is required to respond, Defendant denies the statements in paragraph 103 of the Second Amended Complaint.

104. Paragraph 104 of the Second Amended Complaint contains legal conclusions that do not require a response. To the extent Defendant is required to respond, Defendant denies the statements in paragraph 104 of the Second Amended Complaint.

105. Paragraph 105 of the Second Amended Complaint contains legal conclusions that do not require a response. To the extent Defendant is required to respond, Defendant denies the statements in paragraph 105 of the Second Amended Complaint.

106. Paragraph 106 of the Second Amended Complaint contains legal conclusions that do not require a response. To the extent Defendant is required to respond, Defendant denies the statements in paragraph 106 of the Second Amended Complaint.

107. Defendant denies the allegations in paragraph 107 of the Second Amended Complaint.

108. Defendant denies the allegations in paragraph 108 of the Second Amended Complaint.

109. Defendant denies the allegations in paragraph 109 of the Second Amended Complaint.

110. Defendant denies the allegations in paragraph 110 of the Second Amended Complaint.

111. Defendant denies the allegations in paragraph 111 of the Second Amended Complaint.

112. Defendant denies the allegations in paragraph 112 of the Second Amended Complaint.

113.   Defendant denies the allegations in paragraph 113 of the Second Amended Complaint.

114.   SB 2337 speaks for itself; Defendant, therefore, denies any allegations in paragraph 114 of the Second Amended Complaint about SB 2337 that are inconsistent with it. Defendant denies all remaining allegations in paragraph 114 of the Second Amended Complaint.

115.   SB 2337 speaks for itself; Defendant, therefore, denies any allegations in paragraph 115 of the Second Amended Complaint about SB 2337 that are inconsistent with it. Defendant denies all remaining allegations in paragraph 115 of the Second Amended Complaint.

116.   Defendant denies the allegations in paragraph 116 of the Second Amended Complaint.

117.   Paragraph 117 of the Second Amended Complaint contains legal conclusions that do not require a response. To the extent Defendant is required to respond, Defendant denies the statements in paragraph 117 of the Second Amended Complaint.

118.   Paragraph 118 of the Second Amended Complaint contains legal conclusions that do not require a response. To the extent Defendant is required to respond, Defendant denies the statements in paragraph 118 of the Second Amended Complaint.

119.   Paragraph 119 of the Second Amended Complaint contains legal conclusions that do not require a response. To the extent Defendant is required to respond, Defendant denies the statements in paragraph 119 of the Second Amended Complaint.

120.   Paragraph 120 of the Second Amended Complaint contains legal conclusions that do not require a response. To the extent Defendant is required to respond, Defendant denies the statements in paragraph 120 of the Second Amended Complaint.

121.   Paragraph 121 of the Second Amended Complaint contains legal conclusions that do not require a response. To the extent Defendant is required to respond, Defendant denies the statements in paragraph 121 of the Second Amended Complaint.

122.   Paragraph 122 of the Second Amended Complaint contains legal conclusions that do not require a response. To the extent Defendant is required to respond, Defendant denies the statements in paragraph 122 of the Second Amended Complaint.

123.   Paragraph 123 of the Second Amended Complaint contains legal conclusions that do not require a response. To the extent Defendant is required to respond, Defendant denies the statements in paragraph 123 of the Second Amended Complaint.

124.   Paragraph 124 of the Second Amended Complaint contains legal conclusions that do not require a response. To the extent Defendant is required to respond, Defendant denies the statements in paragraph 124 of the Second Amended Complaint.

125.   Paragraph 125 of the Second Amended Complaint contains legal conclusions that do not require a response. To the extent Defendant is required to respond, Defendant denies the statements in paragraph 125 of the Second Amended Complaint.

126.   Defendant denies the allegations in paragraph 126 of the Second Amended Complaint.

127.   Paragraph 127 of the Second Amended Complaint contains legal conclusions that do not require a response. To the extent Defendant is required to respond, Defendant denies the statements in paragraph 127 of the Second Amended Complaint.

128.   Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 128 of the Second Amended Complaint, and, therefore, denies them.

129.   Defendant denies the allegations in paragraph 129 of the Second Amended Complaint.

130.  Paragraph 130 of the Second Amended Complaint contains legal conclusions that do not require a response. To the extent Defendant is required to respond, Defendant denies the statements in paragraph 130 of the Second Amended Complaint.

131.  Paragraph 131 of the Second Amended Complaint contains legal conclusions that do not require a response. To the extent Defendant is required to respond, Defendant denies the statements in paragraph 131 of the Second Amended Complaint.

132.  Paragraph 132 of the Second Amended Complaint contains legal conclusions that do not require a response. To the extent Defendant is required to respond, Defendant denies the statements in paragraph 132 of the Second Amended Complaint.

133.  Paragraph 133 of the Second Amended Complaint contains legal conclusions that do not require a response. To the extent Defendant is required to respond, Defendant denies the statements in paragraph 133 of the Second Amended Complaint.

134.  Paragraph 134 of the Second Amended Complaint contains legal conclusions that do not require a response. To the extent Defendant is required to respond, Defendant denies the statements in paragraph 134 of the Second Amended Complaint.

135.  Defendant denies the allegations in paragraph 136 of the Second Amended Complaint.

136.  SB 2337 speaks for itself; Defendant, therefore, denies any allegations in paragraph 136 of the Second Amended Complaint about SB 2337 that are inconsistent with it. Defendant denies all remaining allegations in paragraph 136 of the Second Amended Complaint.

137.  SB 2337 speaks for itself; Defendant, therefore, denies any allegations in paragraph 137 of the Second Amended Complaint about SB 2337 that are inconsistent with it. Defendant denies all remaining allegations in paragraph 137 of the Second Amended Complaint.

138.    Paragraph 138 of the Second Amended Complaint contains legal conclusions that do not require a response. To the extent Defendant is required to respond, Defendant denies the statements in paragraph 138 of the Second Amended Complaint.

139.    Paragraph 139 of the Second Amended Complaint contains legal conclusions that do not require a response. To the extent Defendant is required to respond, Defendant denies the statements in paragraph 139 of the Second Amended Complaint.

140.    Paragraph 140 of the Second Amended Complaint contains legal conclusions that do not require a response. To the extent Defendant is required to respond, Defendant denies the statements in paragraph 140 of the Second Amended Complaint.

141.    Paragraph 141 of the Second Amended Complaint contains legal conclusions that do not require a response. To the extent Defendant is required to respond, Defendant denies the statements in paragraph 141 of the Second Amended Complaint.

142.    Paragraph 142 of the Second Amended Complaint contains legal conclusions that do not require a response. To the extent Defendant is required to respond, Defendant denies the statements in paragraph 142 of the Second Amended Complaint.

143.    SB 2337 speaks for itself; Defendant, therefore, denies any allegations in paragraph 143 of the Second Amended Complaint about SB 2337 that are inconsistent with it. Paragraph 143 also contains legal conclusions that do not require a response. To the extent Defendant is required to respond, Defendant denies such statements. Defendant denies all remaining allegations in paragraph 143 of the Second Amended Complaint.

144.   Paragraph 144 of the Second Amended Complaint contains legal conclusions that do not require a response. To the extent Defendant is required to respond, Defendant denies the statements in paragraph 144 of the Second Amended Complaint.

145.   Paragraph 145 of the Second Amended Complaint contains legal conclusions that do not require a response. To the extent Defendant is required to respond, Defendant denies the statements in paragraph 145 of the Second Amended Complaint.

146.   SB 2337's legislative history speaks for itself; Defendant, therefore, denies any allegations in paragraph 146 of the Second Amended Complaint about SB 2337's legislative history that are inconsistent with it, including the false and misleading characterizations of SB 2337's legislative history. Paragraph 146 also contains legal conclusions that do not require a response. To the extent Defendant is required to respond, Defendant denies such statements. Defendant denies all remaining allegations in paragraph 146 of the Second Amended Complaint.

147.   SB 2337 speaks for itself; Defendant, therefore, denies any allegations in paragraph 147 of the Second Amended Complaint about SB 2337 that are inconsistent with it. Paragraph 147 also contains legal conclusions that do not require a response. To the extent Defendant is required to respond, Defendant denies such statements. Defendant denies all remaining allegations in paragraph 147 of the Second Amended Complaint.

148.   SB 2337 speaks for itself; Defendant, therefore, denies any allegations in paragraph 148 of the Second Amended Complaint about SB 2337 that are inconsistent with it. Paragraph 148 also contains legal conclusions that do not require a response. To the extent Defendant is required to respond, Defendant denies such statements. Defendant denies all remaining allegations in paragraph 148 of the Second Amended Complaint.

149.    SB 2337 speaks for itself; Defendant, therefore, denies any allegations in paragraph 149 of the Second Amended Complaint about SB 2337 that are inconsistent with it. Paragraph 149 also contains legal conclusions that do not require a response. To the extent Defendant is required to respond, Defendant denies such statements. Defendant denies all remaining allegations in paragraph 149 of the Second Amended Complaint.

150.    Paragraph 150 of the Second Amended Complaint contains legal conclusions that do not require a response. To the extent Defendant is required to respond, Defendant denies the statements in paragraph 150 of the Second Amended Complaint.

151.    Defendant incorporates—by reference and as fully set forth—his responses above.

152.    The U.S. Constitution speaks for itself; Defendant, therefore, denies any allegations in paragraph 152 of the Second Amended Complaint about the U.S. Constitution that are inconsistent with it. Paragraph 152 also contains legal conclusions that do not require a response. To the extent Defendant is required to respond, Defendant denies such statements. Defendant denies all remaining allegations in paragraph 152 of the Second Amended Complaint.

153.    SB 2337 speaks for itself; Defendant, therefore, denies any allegations in paragraph 153 of the Second Amended Complaint about SB 2337 that are inconsistent with it. Defendant denies all remaining allegations in paragraph 153 of the Second Amended Complaint.

154.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 154 of the Second Amended Complaint, and, therefore, denies them.

155.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 155 of the Second Amended Complaint, and, therefore, denies them.

156.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 156 of the Second Amended Complaint, and, therefore, denies them.

157.    Paragraph 157 of the Second Amended Complaint contains legal conclusions that do not require a response. To the extent Defendant is required to respond, Defendant denies the statements in paragraph 157 of the Second Amended Complaint.

158.    Paragraph 158 of the Second Amended Complaint contains legal conclusions that do not require a response. To the extent Defendant is required to respond, Defendant denies the statements in paragraph 158 of the Second Amended Complaint.

159.    SB 2337 speaks for itself; Defendant, therefore, denies any allegations in paragraph 159 of the Second Amended Complaint about SB 2337 that are inconsistent with it. Defendant denies all remaining allegations in paragraph 159 of the Second Amended Complaint.

160.    Paragraph 161 of the Second Amended Complaint contains legal conclusions that do not require a response. To the extent Defendant is required to respond, Defendant denies the statements in paragraph 160 of the Second Amended Complaint.

161.    Defendant denies the allegations in paragraph 161 of the Second Amended Complaint.

162.    Defendant incorporates—by reference and as fully set forth—his responses above.

163.    Paragraph 163 of the Second Amended Complaint contains legal conclusions that do not require a response. To the extent Defendant is required to respond, Defendant denies the statements in paragraph 163 of the Second Amended Complaint.

164.    Paragraph 164 of the Second Amended Complaint contains legal conclusions that do not require a response. To the extent Defendant is required to respond, Defendant denies the statements in paragraph 164 of the Second Amended Complaint.

165.  Paragraph 165 of the Second Amended Complaint contains legal conclusions that do not require a response. To the extent Defendant is required to respond, Defendant denies the statements in paragraph 165 of the Second Amended Complaint.

166.  Defendant denies the allegations in paragraph 166 of the Second Amended Complaint.

167.  Defendant denies the allegations in paragraph 167 of the Second Amended Complaint.

168.  Defendant denies the allegations in paragraph 168 of the Second Amended Complaint.

169.  Defendant denies the allegations in paragraph 169 of the Second Amended Complaint.

170.  Paragraph 170 of the Second Amended Complaint contains legal conclusions that do not require a response. To the extent Defendant is required to respond, Defendant denies the statements in paragraph 170 of the Second Amended Complaint.

171.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 171 of the Second Amended Complaint, and, therefore, denies them.

172.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 172 of the Second Amended Complaint, and, therefore, denies them.

173.  Paragraph 173 of the Second Amended Complaint contains legal conclusions that do not require a response. To the extent Defendant is required to respond, Defendant denies the statements in paragraph 173 of the Second Amended Complaint.

174.  Defendant's statements speak for themselves; Defendant, therefore, denies any allegations in paragraph 174 of the Second Amended Complaint about his statements that are inconsistent with them. Paragraph 174 also contains legal conclusions that do not require a response. To the extent Defendant is required to respond, Defendant denies such statements. Defendant denies all remaining allegations in paragraph 174 of the Second Amended Complaint.

175.   Paragraph 175 of the Second Amended Complaint contains legal conclusions that do not require a response. To the extent Defendant is required to respond, Defendant denies the statements in paragraph 175 of the Second Amended Complaint.

176.   SB 2337 speaks for itself; Defendant, therefore, denies any allegations in paragraph 176 of the Second Amended Complaint about SB 2337 that are inconsistent with it. Defendant denies all remaining allegations in paragraph 176 of the Second Amended Complaint.

177.   Paragraph 177 of the Second Amended Complaint contains legal conclusions that do not require a response. To the extent Defendant is required to respond, Defendant denies the statements in paragraph 177 of the Second Amended Complaint.

178.   Defendant's statements speak for themselves; Defendant, therefore, denies any allegations in paragraph 178 of the Second Amended Complaint about his statements that are inconsistent with them. Paragraph 178 also contains legal conclusions that do not require a response. To the extent Defendant is required to respond, Defendant denies such statements. Defendant denies all remaining allegations in paragraph 178 of the Second Amended Complaint.

179.   Paragraph 179 of the Second Amended Complaint contains legal conclusions that do not require a response. To the extent Defendant is required to respond, Defendant denies such statements. Defendant denies all remaining allegations in paragraph 179 of the Second Amended Complaint.

180.   Paragraph 180 of the Second Amended Complaint contains legal conclusions that do not require a response. To the extent Defendant is required to respond, Defendant denies such statements. Defendant denies all remaining allegations in paragraph 180 of the Second Amended Complaint.

181.  Defendant denies the allegations in paragraph 181 of the Second Amended Complaint.

182.  Defendant incorporates—by reference and as fully set forth—his responses above.

183.  Defendant denies the allegations in paragraph 183 of the Second Amended Complaint.

184.  Paragraph 184 of the Second Amended Complaint contains legal conclusions that do not require a response. To the extent Defendant is required to respond, Defendant denies the statements in paragraph 184 of the Second Amended Complaint.

185.  The Code of Federal Regulations speak for themselves; Defendant, therefore, denies any allegations in paragraph 185 of the Second Amended Complaint about the Code of Federal Regulations that are inconsistent with them. Defendant denies all remaining allegations in paragraph 185 of the Second Amended Complaint.

186.  The Code of Federal Regulations speak for themselves; Defendant, therefore, denies any allegations in paragraph 186 of the Second Amended Complaint about the Code of Federal Regulations that are inconsistent with them. Defendant denies all remaining allegations in paragraph 186 of the Second Amended Complaint.

187.  Defendant denies the allegations in paragraph 187 of the Second Amended Complaint.

188.  Defendant denies the allegations in paragraph 188 of the Second Amended Complaint.

189.  SB 2337 speaks for itself; Defendant, therefore, denies any allegations in paragraph 189 of the Second Amended Complaint about SB 2337 that are inconsistent with it. Defendant denies all remaining allegations in paragraph 189 of the Second Amended Complaint.

190.  SB 2337 speaks for itself; Defendant, therefore, denies any allegations in paragraph 190 of the Second Amended Complaint about SB 2337 that are inconsistent with it. Defendant denies all remaining allegations in paragraph 190 of the Second Amended Complaint.

191.    SB 2337 speaks for itself; Defendant, therefore, denies any allegations in paragraph 191 of the Second Amended Complaint about SB 2337 that are inconsistent with it. Defendant denies all remaining allegations in paragraph 191 of the Second Amended Complaint.

192.    Paragraph 192 of the Second Amended Complaint contains legal conclusions that do not require a response. To the extent Defendant is required to respond, Defendant denies the statements in paragraph 192 of the Second Amended Complaint.

193.    Defendant denies the allegations in paragraph 193 of the Second Amended Complaint.

194.    Defendant denies the allegations in paragraph 194 of the Second Amended Complaint.

195.    Defendant incorporates—by reference and as fully set forth—his responses above.

196.    The U.S. Constitution speaks for itself; Defendant, therefore, denies any allegations in paragraph 196 of the Second Amended Complaint about the U.S. Constitution that are inconsistent with it. Paragraph 196 also contains legal conclusions that do not require a response. To the extent Defendant is required to respond, Defendant denies such statements. Defendant denies all remaining allegations in paragraph 196 of the Second Amended Complaint.

197.    Paragraph 197 of the Second Amended Complaint contains legal conclusions that do not require a response. To the extent Defendant is required to respond, Defendant denies the statements in paragraph 197 of the Second Amended Complaint.

198.    Paragraph 198 of the Second Amended Complaint contains legal conclusions that do not require a response. To the extent Defendant is required to respond, Defendant denies the statements in paragraph 198 of the Second Amended Complaint.

199.    SB 2337 speaks for itself; Defendant, therefore, denies any allegations in paragraph 199 of the Second Amended Complaint about SB 2337 that are inconsistent with it. Defendant denies all remaining allegations in paragraph 199 of the Second Amended Complaint.

200.    SB 2337 speaks for itself; Defendant, therefore, denies any allegations in paragraph 200 of the Second Amended Complaint about SB 2337 that are inconsistent with it. Defendant denies all remaining allegations in paragraph 200 of the Second Amended Complaint.

201.    SB 2337 speaks for itself; Defendant, therefore, denies any allegations in paragraph 201 of the Second Amended Complaint about SB 2337 that are inconsistent with it. Defendant denies all remaining allegations in paragraph 201 of the Second Amended Complaint.

202.    Defendant denies the allegations in paragraph 202 of the Second Amended Complaint.

<u>REQUESTS FOR RELIEF</u>

203.    Defendant incorporates—by reference and as fully set forth—his responses above.

204.    Defendant denies the allegations in paragraph 204 of the Second Amended Complaint.

205.    Paragraph 205 of the Second Amended Complaint contains legal conclusions that do not require a response. To the extent Defendant is required to respond, Defendant denies the statements in paragraph 205 of the Second Amended Complaint.

206.    Defendant denies the allegations in paragraph 206 of the Second Amended Complaint.

207.    Defendant incorporates—by reference and as fully set forth—his responses above.

208.    Defendant denies the allegations in paragraph 208 of the Second Amended Complaint.

209.    Defendant denies the allegations in paragraph 209 of the Second Amended Complaint.

210.    Defendant denies the allegations in paragraph 210 of the Second Amended Complaint.

211.    Defendant denies the allegations in paragraph 211 of the Second Amended Complaint.

212.    Paragraph 212 contains legal conclusions that do not require a response. To the extent Defendant is required to respond, Defendant denies such statements. Defendant denies all remaining allegations in paragraph 212 of the Second Amended Complaint.

213.    Defendant denies the allegations in paragraph 213 of the Second Amended Complaint.

Defendant denies each allegation in Plaintiff's prayer for relief, including all subparts, A - I. Defendant further denies that Plaintiff is entitled to any of the relief requested or any other relief whatsoever.

## II.  DEFENDANT'S AFFIRMATIVE DEFENSES & OTHER DEFENSES

Defendant asserts the following defenses to the claims in Plaintiff's Second Amended Complaint. By asserting a defense, Defendant does not assume any burden of production or persuasion that he would not otherwise have by law. Defendant reserves the right to amend these defenses or raise additional defenses as the case develops.

1.    Defendant asserts both immunity from suit and from liability under the doctrine of sovereign immunity.

2.    Defendant asserts that Plaintiff has failed to state a cognizable claim against Defendant upon which relief can be granted.

3.    Defendant asserts that Plaintiff's claims are unripe.

4.    Defendant asserts that Plaintiff's claims are subject to all applicable statutory caps and limitations on liability and damages.

5.    Defendant asserts that Plaintiff's claims are barred by the equitable doctrines of laches, estoppel, unclean hands, and waiver.

6.    Defendant asserts that Plaintiff has failed to join indispensable parties to this action.

### III.  CONCLUSION & PRAYER

Defendant prays that the Court (1) dismiss Plaintiff's claims with prejudice and enter judgment in favor of Defendant; (2) deny Plaintiff's prayer for relief; and (3) tax and adjudge all attorney's fees and costs to and against Plaintiff. In addition, Defendant requests that the Court grant him all other and further relief to which he may be justly entitled.

Respectfully submitted.

KEN PAXTON
Attorney General

BRENT WEBSTER
Second Assistant Attorney General

RALPH MOLINA
Deputy Second Assistant Attorney General

AUSTIN KINGHORN
Deputy Attorney General for Civil Litigation

KIMBERLY GDULA
Chief, General Litigation Division

*/s/ C. Lee Winkelman*
C. Lee Winkelman
State Bar No. 24042176
Assistant Attorney General
Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: (512) 475-4090
Facsimile: (512) 320-0667
lee.winkelman@oag.texas.gov

**Counsel for Defendant**

## CERTIFICATE OF SERVICE

I certify that a copy of the above pleading was served on December 5, 2025, upon all parties who have entered an appearance, using the CM/ECF system.


*/s/ C. Lee Winkelman*
C. LEE WINKELMAN
Assistant Attorney General