**EXHIBIT A**

Case 1:25-cv-01153-ADA    Document 69-1    Filed 12/09/25    Page 1 of 7

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| GLASS, LEWIS & CO., LLC,<br><br>Plaintiff,<br><br>v.<br><br>KEN PAXTON, *in his Official Capacity as Attorney General of Texas*,<br><br>Defendant;<br><br>THE TEXAS STOCK EXCHANGE LLC and THE TEXAS ASSOCIATION OF BUSINESS,<br><br>Intervenor-Defendants. | Civil Action No. 25-cv-01153-ADA |

### DECLARATION OF MARK W. RASMUSSEN IN SUPPORT OF INTERVENORS' MOTION PURSUANT TO RULE 56(d) TO DEFER OR DENY PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

1. My name is Mark W. Rasmussen. I am an attorney in the Jones Day Dallas office. I make this Declaration based upon my personal knowledge. I am over the age of 18 years old and competent to testify about the matters asserted herein.

2. I am counsel of record in the above-captioned case for Intervenor-Defendants Texas Stock Exchange LLC and Texas Association of Business ("Intervenors").

3. I submit this Declaration in support of *Intervenors' Motion Pursuant to Rule 56(d) to Defer or Deny Plaintiff's Motion for Summary Judgment*.

4. Discovery is required to support Intervenor-Defendants' defense of SB 2337 on a variety of points. *First*, Intervenor-Defendants need discovery to understand the conduct by Glass Lewis that is covered by SB 2337. *Second*, discovery is needed to test whether each provision of the law injures Glass Lewis and whether each is independently unconstitutional as applied. *Third*, discovery

1

is essential to whether Glass Lewis's representations that its recommendations promote shareholder value are false or misleading, which is essential to determine the proper First Amendment analysis. *Fourth*, discovery is essential to balancing the State's interest in SB 2337 with the alleged burden on Glass Lewis.

5. Discovery is also essential to test several representations in Glass Lewis' motion for summary judgment, including what financial analysis Glass Lewis actually does to be able to claim that "ESG, DEI, and sustainability factors" are sometimes "relevant" to "maximiz[ing] shareholders' financial interests." Dkt. 61-1 ¶¶ 10-11.

6. Intervenor-Defendants have diligently sought discovery on these points. Intervenor-Defendants served their discovery on the first day under the scheduling order—September 12—and simultaneously asked Glass Lewis to meet and confer promptly.

7. When negotiations did not resolve disagreements about the scope of Intervenor-Defendants' requests, Intervenor-Defendants moved to compel production of the critical documents. *See* Dkt. 52. The motion to compel remains pending, so Intervenor-Defendants remain without these materials.

8. After entry of a protective order on November 12, Glass Lewis produced 3,832 documents totaling 55,372 pages on November 13 and another 72 pages on November 19, which Intervenor-Defendants are diligently analyzing before they take depositions.

9. But even so, Glass Lewis has objected to producing critical categories of information, as more fully explained in *Defendants' Emergency Motion to Compel Production of Documents and Supporting Brief*, Dkt. 52, including:

    a. Glass Lewis has not agreed to produce the 250 total Benchmark Reports Defendants requested from a sample of 50 Texas public companies;

    b. Glass Lewis has not agreed to produce any of the custom recommendations its

2

complaint repeatedly references;

c. Glass Lewis has not produced any financial analyses supporting its Benchmark Reports or clarified whether any such work product exists; and

d. Glass Lewis has not agreed to produce any underlying communications, analyses, or drafts leading up to its final Benchmark Reports.

10. Intervenor-Defendants have reason to believe that this outstanding discovery will support Intervenor-Defendants' arguments on each of the aforementioned points.

11. Specifically, Intervenor-Defendants believe that certain materials within Glass Lewis's existing productions demonstrate that genuine disputes of material fact exist and that additional discovery is warranted. *See, e.g.* Exs. 1 – 3.

12. Attached as Exhibit 1 is a true and correct copy of a document produced by Glass Lewis in this matter at Bates number GL0016584.

13. Attached as Exhibit 2 is a true and correct copy of a document produced by Glass Lewis in this matter at Bates number GL0016362.

14. Attached as Exhibit 3 is a true and correct copy of a document produced by Glass Lewis in this matter at Bates number GL0016482.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on December 9, 2025, in Dallas, Texas.

By: */s/ Mark W. Rasmussen*

Mark W. Rasmussen

**EXHIBIT 1**
**Filed Under Seal**

**EXHIBIT 2**
**Filed Under Seal**

Case 1:25-cv-01153-ADA   Document 69-1   Filed 12/09/25   Page 6 of 7

**EXHIBIT 3**
**Filed Under Seal**