UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| GLASS, LEWIS & CO., LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| KEN PAXTON, *in his Official Capacity as* | ) |
| *Attorney General of Texas,* | ) |
| | ) |
| | ) Civil Action No. 1:25-cv-01153-ADA |
| Defendant, | ) |
| | ) |
| THE TEXAS STOCK EXCHANGE LLC | ) |
| and THE TEXAS ASSOCIATION OF | ) |
| BUSINESS, | ) |
| | ) |
| Intervenor-Defendants. | ) |

**PLAINTIFF'S REPLY IN SUPPORT OF ITS
MOTION TO PRESERVE CONFIDENTIAL DESIGNATION**

Glass Lewis' Motion explains that disclosing its internal Slack messages would cause significant operational harm by revealing internal deliberations about particular recommendations and chilling candid analyst communications. *See* ECF 77. Courts routinely shield such sensitive records from public distribution. Whether under the standard for a protective order or a motion to seal, the Exhibits merit confidential treatment.

I. **Glass Lewis properly filed a motion to preserve confidentiality.**

Courts in the Fifth Circuit employ two standards to assess confidentiality: the "good cause" standard for a protective order or the "stricter balancing standard" of a motion to seal. *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419 & n.31 (5th Cir. 2021). Under the straightforward procedure set forth in the Court's Protective Order, this is a motion to preserve confidentiality. *See* ECF 56 ¶ 11(a). The Protective Order instructs parties to file a motion to preserve confidentiality within 14 days of a party's objection. *See id.* ("[T]he designating party shall then have 14 days to move the court for an order preserving the designated status of the disputed information.").[1] Defendants objected on December 9, and Glass Lewis filed its motion 14 days later. *See* ECF 81-1. Moreover, Defendants already moved—and the Court granted—motions to seal the Exhibits. *See* Text Orders dated January 13, 2025. But the Court need not resolve the standard because even under the stricter criteria for a motion to seal, the Exhibits should remain confidential.

II. **Publishing confidential business deliberations will harm Glass Lewis' business operations.**

The Exhibits contain highly sensitive communications about Glass Lewis analysts' candid, internal deliberations on shareholder proposals. *See* ECF 72, Ex. 1 (discussing whether to support

---

[1] Defendants suggest Glass Lewis employs the wrong standard in its motion to preserve confidentiality, but every case they cite deals with a motion to seal. *See* ECF 81, at 3-4; *Amazon.com, Inc. v. Corydoras Techs., LLC*, 2020 WL 1644005 (W.D. Tex. 2020) (deciding motion to seal); *Barclays Tr. v. Paul*, 2020 WL 13616590 (W.D. Tex. Sept. 23, 2020) (same); *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512 (5th Cir. 2022) (reviewing "sealing orders").

climate proposals and analyst thoughts on a nonprofit proponent); Ex. 2 (same); Ex. 3 (discussing why Glass Lewis might support one corporate lobbying disclosure recommendation but not another). Such sensitive business deliberations are routinely sealed by courts. *See Occidental Petroleum Corp. v. Wells Fargo Bank, N.A.*, 622 F. Supp. 3d 495, 507 (S.D. Tex. 2022) ("Courts in this circuit have sealed documents to prevent the disclosure of confidential business information."), *aff'd*, 117 F.4th 628 (5th Cir. 2024); *Doe v. A Corp.*, 709 F.2d 1043, 1045 n.1 (5th Cir. 1983) (noting the district court granted a motion to seal documents "to prevent the possible disclosure of confidential information concerning [a company's] affairs"); *Decapolis Grp., LLC v. Mangesh Energy, Ltd.*, 2014 WL 702000, at *2 (N.D. Tex. 2014) (sealing documents that contained "sensitive information such as business strategies").

As set out in Glass Lewis' motion, publishing the Exhibits would inflict at least two distinct operational harms. First, disclosure would hinder Glass Lewis' business operations by chilling its analysts' willingness to speak openly about shareholder proposals. Employees "will not communicate candidly among themselves if each remark" and every internal message can be freely shared with the public. *U.S. Fish and Wildlife Serv. v. Sierra Club, Inc.*, 592 U.S. 261, 267 (2021) (quotes omitted). Defendants suggest that the deliberative process privilege applies only to the executive branch, which completely misses the argument. The point is not to import an executive-branch privilege; it is that these records contain confidential, nonpublic evaluative processes and methodologies whose disclosure would cause concrete, forward-looking business harm. That discrete operational harm satisfies the standard for sealing in private litigation. *See Boswell v. St. Dominic Health Servs., Inc.*, 2024 WL 4374120, at *1 (S.D. Miss. 2024) ("Restricting documents may be appropriate when a matter involves confidential business information for which public disclosure would create a risk of harm to the party.").

Second, disclosure would reveal nonpublic information about specific third-party companies and associations who are not before the Court. *See Green Acres Baptist Church v. Bhd. Mut. Ins.*, 2025 WL 747795, at *3 (E.D. Tex. 2025) (sealing "information about the company's vendors, employees, and entities that are unrelated to this suit and have a privacy interest in nondisclosure"). These specific, nonpublic debates on identifiable companies are precisely the kind of "confidential business information" courts routinely seal. *Occidental Petroleum*, 622 F. Supp. 3d at 507. That confidentiality interest is especially strong here because Defendants selectively excerpt three pages of Slack messages out of hundreds to mischaracterize Glass Lewis' analysis and portray informal chats from five years ago as the company's official ongoing view.

So, in two concrete ways, disclosing the Exhibits will cause specific and significant harm to Glass Lewis' business operations. *See Philips N. Am. LLC v. Image Tech. Consulting, LLC*, 2025 WL 775820, at *4 (N.D. Tex. 2025) ("Courts will seal records containing detailed confidential business information where the parties articulate a concrete, non-speculative harm that would result from disclosure.") (cleaned up). Defendants suggest that redacting company and employee names might resolve these concerns. ECF 81, at 5. But redacting company and employee names does little to protect confidentiality because the proposals can be identified from the dates and contents of the messages. And Glass Lewis has already publicly identified the primary analysts for the proposals discussed by the Exhibits in its Benchmark Reports.[2] *See* ECF 54, at 9. And the primary harm to Glass Lewis flows from the exposure of the deliberative content itself, which would still deter candid exchanges and publicize sensitive information on third parties. *See Apple*

---

[2] Defendants suggest that there is no confidentiality concern because the documents are five years old. ECF 77, at 3. Defendants argued the exact opposite in their motion to compel. *See* ECF 55, at 4 ("The years 2020 and 2021 are of heightened relevance[.]"). The Court should not allow Defendants to adopt diametrically opposed positions in the same litigation solely to "suit the exigencies of self interest." *Kane v. Nat'l Union Fire Ins.*, 535 F.3d 380, 385 (5th Cir. 2008). At any rate, the harm from disclosure is still present because the chilling effect from disclosing past conversations would carry forward into the future.

*Inc. v. Samsung Elec. Co.*, 727 F.3d 1214, 1226-28 (Fed. Cir. 2013) (district court should have sealed financial information and detailed market research).

Falling back to the Protective Order, Defendants assert the messages contain "no proprietary analysis, business plans, trade secrets, financial or operational data, or anything that is competitively sensitive[.]" ECF 81, at 2-3 (quoting Protective Order, ECF 56). Setting aside that these are *non-exhaustive examples* of confidential information, Defendants are incorrect. The Exhibits reveal informal assessments of specific companies, and their disclosure will chill analyst dialogue and ultimately hinder the development of Glass Lewis' recommendations. *See Apple Inc.*, 727 F.3d at 1226-28. That operational harm warrants sealing.

### III. Public access arguments do not overcome concrete harms to Glass Lewis.

In evaluating sealing, courts should "balanc[e] the public's common law right of access against the interests favoring nondisclosure." *Binh Hoa Le*, 990 F.3d at 419. Against the concrete harm to Glass Lewis, Defendants claim that the public should see the evidence submitted to the Court to "evaluate this dispute." ECF 81, at 3. But the Exhibits are cited on Defendants' request for more discovery, not on a dispositive issue. *See Binh Hoa Le*, 990 F.3d at 419 n.31 (noting that "dispositive filings [are] generally subject to a more stringent sealing standard than discovery documents") (quotes omitted). And the Exhibits do not advance the public's understanding of this suit because the so-called "fraud" theory—which the cited messages do not even support—is a manufactured pretext to try to defend the law. Defendants still cannot directly cite specific instances or accusations of fraud that predate S.B. 2337, and Glass Lewis' clients have never complained of any purported fraud. *See, e.g.*, ECF 54-3, at 9; ECF 61-9, at 7; ECF 5, ¶ 9. So, the public has little interest in this purely contrived issue, which in any event is unnecessary to decide S.B. 2337's constitutionality. Moreover, the sealing is narrow: three pages of Slack messages out

of thousands of pages of evidentiary material submitted so far. The public interest in access is minimal, while the harm to Glass Lewis is real, significant, and concrete.

### IV.     Courts may order sealing to prevent court filings for improper purposes.

Defendants do not contest the lopsided discovery in this suit—only its relevance to the public right of access. ECF 81, at 4. But Defendants cannot genuinely believe in public access when they maintain the confidentiality of their own internal communications and insist on complete anonymity for their members. *See* ECF 77 at 7, n.3. Instead, Defendants object for one reason: to leverage discovery against Glass Lewis by airing its private materials in an attempt to embarrass it. This is the same reason Defendants rejected the default protective order, moved to compel hundreds of thousands of documents, and actively insist on more discovery regardless of its bearing on the merits. *See* ECF 50, 52, 79.

 But contrary to Defendants' suggestions, the Court does not need to sit idly by while Defendants continue to use discovery as a cudgel rather than an investigative tool. Instead, courts apply a balancing test to seal judicial records to prevent the disclosure of confidential business information and prevent "court files [from] becom[ing] a vehicle for improper purposes." *Chavez v. Standard Ins.*, 2020 WL 6382611, at *1 (N.D. Tex. 2020). The common-law presumption of access yields where filings are deployed as a tactic to expose private deliberations to harm a company's business. *See Apple*, 727 F.3d at 1226-28. Disclosing sensitive business information based on opposition to a company's mission is a textbook case for sealing. *Blue Yonder Grp. v. Kinaxis Inc.*, 2024 WL 4593005, at *2 (N.D. Tex. 2024) ("exploiting the information to the harm of the owner" can justify sealing).

## CONCLUSION

Glass Lewis respectfully requests that the Court grant its Motion to Preserve, overrule Defendants' objections, and maintain the Exhibits under seal.

Dated: January 13, 2026

Respectfully submitted,

YETTER COLEMAN LLP

/s/ *Bryce L Callahan*
Bryce L. Callahan
State Bar No. 24055248
bcallahan@yettercoleman.com
Grant B. Martinez
State Bar No. 24104118
gmartinez@yettercoleman.com
Lily E. Hann
State Bar No. 24133836
lhann@yettercoleman.com
Jared LeBrun
State Bar No. 24144647
jlebrun@yettercoleman.com
811 Main Street, Suite 4100
Houston, Texas 77002
(713) 632-8000
(713) 632-8002 (fax)

*Attorneys for Plaintiff Glass, Lewis & Co., LLC*

## Certificate of Service

I certify that on January 13, 2026, a copy of this document was served on all counsel of record using the Court's e-filing system.

/s/ *Jared LeBrun*
Jared LeBrun