# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF TEXAS - AUSTIN DIVISION

| | |
|---|---|
| GLASS, LEWIS & CO., LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>KEN PAXTON, in his official capacity as Attorney General of Texas,<br><br>*Defendant*. | Civil Action No. 1:25-cv-01153-ADA |

## MOTION FOR CLARIFICATION

Defendant, Attorney General Ken Paxton ("Attorney General"), through undersigned counsel, respectfully moves the Court to clarify its August 29, 2025 docket text Order granting Plaintiff's Motion for Preliminary Injunction ("Order").  Specifically, the Attorney General requests that the Court clarify that the Order does not enjoin the Attorney General and his agents, employees, and all persons acting under his direction or control from enforcing the Civil Investigative Demand ("CID") issued to Plaintiff Glass, Lewis & Co., LLC ("Glass Lewis") on August 22, 2025. The CID was issued by the Consumer Protection Division ("CPD") pursuant to section 17.61 of the Texas Deceptive Trade Practices and Consumer Protection Act, § 17.41 *et seq.*, Tex. Bus. & Com. Code ("DTPA"), three days before the Order was entered, on August 25, 2025.  In support thereof, the Attorney General states as follows:

Glass Lewis filed this action on July 24, 2025.  In its Complaint, ". . . Glass Lewis seeks injunctive and declaratory relief barring the Attorney General's enforcement of S.B. 2337 against Glass Lewis."  Dkt. # 1 at ¶ 7.  Senate Bill 2337, Act of June 20, 2025, 89th Leg., R.S., 2025 Tex.

Sess. Law Serv. Ch. 1153.  Texas Senate Bill 2337 is a consumer-protection law "relating to the regulation of the provision of proxy advisory services" and is designed to protect shareholders who pay proxy advisors for proxy advisory services.  S.B. 2337.

Glass Lewis filed its Motion for Preliminary Injunction ("PI Motion") on July 24, 2025. Dkt. # 4.  The motion asserted that SB 2337 violates the First Amendment and is unconstitutionally vague.  *Id*. at 4; *passim*.  On August 19, 2025, the Attorney General filed a response in opposition. Dkt. # 17.

On August 22, 2025, OAG issued the CID to Glass Lewis, attached hereto as <u>Exhibit A</u>.

The Court granted Glass Lewis's PI Motion in an August 29, 2025 docket text order stating: "The Court hereby enjoins Defendant Attorney General Paxton and his agents, employees, and all persons acting under his direction or control from taking any action to enforce S.B. 2337 against Glass, Lewis & Co., LLC, including but not limited to intervention in any private right of action." August 29, 2025 docket text order ("Court's Order").

Despite the plain language of the Court's Order solely enjoining the Attorney General and those working for him "from taking any action ***to enforce S.B. 2337***" (emphasis added); Glass Lewis has refused to comply with the CID. In a September 12, 2025 letter Glass Lewis counsel objected to CPD's CID on, among other grounds, that "[g]iven the injunction prohibiting the OAG from 'taking any action to enforce S.B. 2337,' Glass Lewis . . . need not respond to the CID while the injunction remains in place . . . ."  Letter from B. Callahan to S. Froman dated September 12, 2025, attached hereto as <u>Exhibit B</u>, at 1 (internal quotation marks omitted).  Glass Lewis's letter further demanded "that the Attorney General will not otherwise pursue this CID while the injunction remains in place" and threatened that "[i]f the Attorney General takes any further action

to enforce the CID, we will seek appropriate relief in federal court, which may include a motion for contempt against the Attorney General and those copied on this correspondence." *Id*. at 2.

Although the Order is clear and not in need of clarification—it does not enjoin OAG from enforcing the  CID because the CID is not "taking any action to enforce S.B. 2337 against Glass, Lewis & Co., LLC—the Attorney General nonetheless moves for clarification of the Court's Order in light of Glass Lewis's refusal to answer the CID and its contempt threat.

As stated above, CPD's service of a CID investigating potential violations of the DTPA was conducted pursuant to the Texas Attorney General office's authority under section 17.61 of the DTPA.  Section 17.61(a) provides that:

> Whenever the consumer protection division believes that any person may be in possession, custody, or control of the original copy of any documentary material relevant to the subject matter of an investigation of a possible violation of this subchapter, an authorized agent of the division may execute in writing and serve on the person a civil investigative demand requiring the person to produce the documentary material and permit inspection and copying.

Tex. Bus. & Comm. Code § 17.61.

Unlike S.B. 2337, section 17.61 of the DTPA concerns "[f]alse, misleading, or deceptive acts or practices in the conduct of any trade or commerce," Tex. Bus. & Com. Code § 17.46(a).  It was enacted half a century ago to protect Texas consumers and authorizes suits by both private parties and the Attorney General. *See Joe Longley, The DTPA Turns 50*, Texas Bar Journal (May 2023) (co-author of the DTPA recounting the enactment of consumer protection laws during the 1973 legislative session), https://tinyurl.com/5n8uh7t9.

A brief review of each of the CID requests demonstrates that CPD's DTPA investigation of Glass Lewis does not involve enforcement of S.B. 2337, but rather DTPA section 17.61.

**Request 1:** CPD asks Glass Lewis to "[i]dentify all institutional investors in Texas who You provided voting advisories or recommendations during the relevant time period." Exhibit A at

6. CPD seeks this information to investigate Glass Lewis's potential false, misleading, or deceptive acts or practices rendered unlawful by the DTPA.  By examining the circumstances surrounding each of Glass Lewis's voting advisories or recommendations, CPD is determining whether Glass Lewis's conduct was "false, misleading, or deceptive" within the meaning of DTPA section 17.46, a question S.B. 2337 does not address.

**Requests 2-4:** These requests concern the issue of re-domestication of businesses—a matter which the text of S.B. 2337 does not contemplate.  The second request asks Glass Lewis to "[i]dentify all institutional investors seeking to re-domesticate or conduct business in Texas who You provided voting advisories or recommendations during the relevant time period." *Id.* The third request asks for "[d]ocuments sufficient to identify all advisories You communicated to institutional investors during the relevant time period regarding any shareholder or management proposal to re-domesticate a publicly traded company in the State of Texas." *Id.* The fourth request asks for "[a]ll recommendations or other advisories You communicated to institutional investors regarding MercadoLibre, Inc.'s management proposal to re-domesticate in the State of Texas (2025)."  *Id.* The text of S.B. 2337 makes no mention of MercadoLibre, Inc. or any other specific entities.  Nor does S.B. 2337 cover the topic of re-domestication of these entities.

**Requests 5-6:** These requests concern Glass Lewis's use or non-use of disclaimers. The fifth request asks for "[e]xemplars of all Your disclaimers or explanations about the opportunity cost to ESG-oriented decisions that You communicated prior or during Your rendering of advisory services to institutional investors during the relevant time period." *Id.* The sixth request asks for "[e]xemplars of all Your disclaimers or explanations about potential conflicts of interest to your rendering of advisory services that You communicated during the relevant time period." *Id.* Use or non-use of disclaimers is an issue central to CPD's investigation of Glass Lewis's possible

DTPA violations.  A disclaimer in Glass Lewis's rendering of advisory services would necessarily make it less likely that Glass Lewis "caus[ed] confusion or misunderstanding" within the meaning of § 17.46.  While S.B. 2337 also mandates that shareholders "must clearly disclose" whether they are deviating from purely fiscal concerns, Glass Lewis's use or non-use of disclosures is central to whether it violated the DTPA.  This separates this issue from the concerns of S.B. 2337 despite the similarities.

**Requests 7-8:** These requests concern "robovoting," a topic which is completely absent from the text of S.B. 2337.  The seventh request asks for "[d]ocuments sufficient to show how You customize 'Robovoting' recommendations in accordance with the investment preferences of any given investor." *Id.* The eighth request asks for "[d]ocuments sufficient to show Your processes to facilitate 'Robovoting' on behalf of institutional investors." *Id.* The complete absence of the term "robovoting" from the text of S.B. 2337 places these requests outside the scope of that statute.

**Request 9:** This request seeks "all documents, objections, and responses to interrogatories You produced in response to the Civil Investigative Demands issued by (i) the Attorney General of Florida on April 1, 2025, and (ii) the Attorney General of Missouri, on or about July 1, 2025." *Id.* The documents the Attorneys General of Florida and Missouri sought in their independent investigations have no bearing on the text of S.B. 2337.

As demonstrated above, CPD's investigation of Glass Lewis for potential DTPA violations under DTPA section 17.46 is separate and distinct from the concerns outlined in and authority under S.B. 2337.  Therefore, enforcement of CPD's CID would not amount to "taking any action to enforce S.B. 2337" within the meaning of the Court's Order.

Dated: March 16, 2026                         Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

AUSTIN KINGHORN
Deputy Attorney General for Civil Litigation

JOHNATHAN STONE
Chief, Consumer Protection

By: */s/ Scott Froman*
SCOTT FROMAN
State Bar No. 24122079
Assistant Attorney General
Office of the Attorney General
P.O. Box 12548
Austin, Texas 78711
(512) 463-1264
(512) 473-8301 fax
Scott.froman@oag.texas.gov

*Attorneys for Defendant*

## CERTIFICATE OF CONFERENCE

I hereby certify that the undersigned attorney conferred with counsel for Glass, Lewis & Co., LLC, on March 16, 2026, who stated that he opposed the filing of this Motion for Clarification, and the parties could not resolve the dispute.

*/s/ Scott Froman*
SCOTT FROMAN
Assistant Attorney General

6

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 16th day of March 2026, a copy of the foregoing document was filed using the Court's Electronic Case Filing System and served on all counsel of record that receive electronic notices of filing from that system by email.

/s/ Scott Froman
SCOTT FROMAN
Assistant Attorney General