**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF TEXAS - AUSTIN DIVISION**

| | |
|---|---|
| GLASS, LEWIS & CO., LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>KEN PAXTON, in his official capacity as Attorney General of Texas,<br><br>*Defendant*. | Civil Action No. 1:25-cv-01153-ADA |

<u>**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR CLARIFICATION**</u>

Defendant, Attorney General Ken Paxton ("Attorney General"), through undersigned counsel, files this Reply to Plaintiff's Response in Opposition to Defendant's Motion for Clarification. Defendant respectfully moves the Court to clarify its August 29, 2025 docket text Order granting Plaintiff's Motion for Preliminary Injunction ("Court's Order").

CPD's service of a CID investigating potential violations of the DTPA was conducted pursuant to the Texas Attorney General office's authority under section 17.61 of the DTPA. Section 17.61(a) provides that:

> Whenever the consumer protection division believes that any person may be in possession, custody, or control of the original copy of any documentary material relevant to the subject matter of an investigation of a possible violation of this subchapter, an authorized agent of the division may execute in writing and serve on the person a civil investigative demand requiring the person to produce the documentary material and permit inspection and copying.

Tex. Bus. & Comm. Code § 17.61.

The Court granted Glass Lewis's PI Motion in the present suit in an August 29, 2025 docket text order stating: "The Court hereby enjoins Defendant Attorney General Paxton and his agents, employees, and all persons acting under his direction or control from taking any action to enforce S.B. 2337 against Glass, Lewis & Co., LLC, including but not limited to intervention in any private right of action." *See* Court's Order.

On March 16, 2026, the Attorney General filed its Amended Motion for Clarification ("Defendant's Motion"), requesting that the Court clarify that the Order does not enjoin the Attorney General and his agents, employees, and all persons acting under his direction or control from enforcing the Civil Investigative Demand ("CID") issued to Plaintiff Glass, Lewis & Co., LLC ("Glass Lewis") on August 22, 2025. ECF 94 at 1.

On March 30, 2026, Glass Lewis filed its Response in Opposition to Defendant's Motion ("Plaintiff's Response"). In Plaintiff's Response, Glass Lewis first asserts that a motion for clarification is the wrong procedural tool for the Attorney General's relief because "clear language does not need clarification." ECF 95 at 4. But Glass Lewis mischaracterizes the plain language of the Court's Order, going on to argue that the Order prohibits the Attorney General from exercising its separate CID authority. Glass Lewis's mischaracterization of the Court's Order is precisely what led the Attorney General to file Defendant's Motion to determine the scope of that Order. It demonstrates the clear necessity for this Court to determine whether the Order enjoins the Attorney General from enforcing its CID.

Glass Lewis then examines each of the Attorney General's CID requests. A brief review of each of these CID requests demonstrates that Glass Lewis's analysis is flawed. Glass Lewis cannot disprove that the Attorney General's CID power is separate from the enforcement of S.B. 2337.

**Request 1:** This request asks Glass Lewis to identify all institutional investors in Texas for whom it provided voting advisories or recommendations during the period in question. Glass Lewis claims this "is exactly the kind of request the Attorney General would send to start enforcing S.B. 2337—gathering a list of Glass Lewis' Texas customers who receive its proxy advice, which is the speech directly regulated by S.B. 2337." *Id.* at 8.

As stated in Defendant's Motion, this information is sought to investigate Glass Lewis's potential false, misleading, or deceptive acts or practices rendered unlawful by the DTPA.  Glass Lewis ignores the fact that the Attorney General's authority under the DTPA is separate from any enforcement of S.B. 2337 and instead merely speculates on what the Attorney General may or may not do in an action to enforce S.B. 2337.  The truth is that these documents are essential to determining whether Glass Lewis violated certain provisions of the DTPA—a matter entirely separate from enforcement of S.B. 2337.  By seeking identifying information related to these investors, the Attorney General can determine extent of Glass Lewis's allegedly deceptive conduct and assess potential penalties against the company.

**Requests 2-4:** These requests concern the issue of re-domestication of businesses.  Glass Lewis points to the defining language of the word "Company" within S.B. 2337 to draw a connection between re-domestication and S.B. 2337. *See id.* at 6-7.  But the text of S.B. 2337 is not focused on the process of re-domestication itself—it only includes these entities as *one of many* kinds of entities in its broad definition of "Company."  The inclusion these entities within a broad definition is far from constituting a "key part" of S.B. 2337, as Glass Lewis contends.

Glass Lewis also misplaces reliance on the fact that a request seeks information about MercadoLibre, Inc.. *See id.*  As stated in Defendant's Motion, the text of S.B. 2337 makes no mention of MercadoLibre, Inc. or any other specific entity.  The Attorney General's interest in the

re-domestication of that entity stems from its investigation of a specific and notable instance in which Glass Lewis possibly violated the DTPA.

**Requests 5-6:** These requests concern Glass Lewis's use or non-use of disclaimers. The use of a disclaimer in Glass Lewis's rendering of advisory services would necessarily make it less likely that Glass Lewis "caus[ed] confusion or misunderstanding" within the meaning of § 17.46. But Glass Lewis does not even address this point in Plaintiff's Response. In reality, the presence or absence of a disclaimer on this issue is central to whether a company "clearly disclose[d]" certain information within the meaning of the DTPA.

**Requests 7-8:** These requests concern "robovoting." As stated in Defendant's Motion, the topic of robovoting is completely absent from the text of S.B. 2337. Glass Lewis's contention that robovoting "serves frequently as a justification for S.B. 2337" is not relevant. *Id.* at 5. In the context of the DTPA, robovoting represents an action that cannot reflect a meaningful consideration of proxy advisory firms' analyses. Robovoting is therefore not sufficiently disclosed to these firms' clients and is a violation of the DTPA. The Attorney General seeks this information solely to investigate Glass Lewis's practice of a necessarily deceptive process.

**Request 9:** This request seeks documents the Attorneys General of Florida and Missouri sought in their independent investigations and has no bearing on the text of S.B. 2337. And Glass Lewis's contention that "the Attorney General would not (and could not) have sought this information if it was irrelevant to S.B. 2337" is mere speculation. *Id.* at 10. As with the other requests, the Attorney General seeks these documents to investigate Glass Lewis's potential violations of the DTPA.

As demonstrated above, CPD's investigation of Glass Lewis for potential DTPA violations under DTPA Section 17.46 is separate and distinct from the concerns outlined in and authority

under S.B. 2337.  Therefore, enforcement of CPD's CID would not amount to "taking any action to enforce S.B. 2337" within the meaning of the Court's Order.

Dated: April 6, 2026                    Respectfully submitted,

                                        KEN PAXTON
                                        Attorney General of Texas

                                        BRENT WEBSTER
                                        First Assistant Attorney General

                                        RALPH MOLINA
                                        Deputy First Assistant Attorney General

                                        AUSTIN KINGHORN
                                        Deputy Attorney General for Civil Litigation

                                        JOHNATHAN STONE
                                        Chief, Consumer Protection


                                   By: */s/ Scott Froman*
                                        SCOTT FROMAN
                                        State Bar No. 24122079
                                        Assistant Attorney General
                                        Office of the Attorney General
                                        P.O. Box 12548
                                        Austin, Texas 78711
                                        (512) 463-1264
                                        (512) 473-8301 fax
                                        Scott.froman@oag.texas.gov

                                        *Attorneys for Defendant*

5

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on the 6th day of April 2026, a copy of the foregoing document was filed using the Court's Electronic Case Filing System and served on all counsel of record that receive electronic notices of filing from that system by email.

/s/ Scott Froman
SCOTT FROMAN
Assistant Attorney General

6