**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| GLASS, LEWIS & CO., LLC<br>*Plaintiff,*<br><br>v.<br><br>KEN PAXTON, in his Official Capacity as Attorney General of Texas<br>*Defendant,*<br><br>THE TEXAS STOCK EXCHANGE LLC and THE TEXAS ASSOCIATION OF BUSINESS,<br>*Intervenor-Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No.<br>1:25-cv-01153-ADA |

**DEFENDANT'S OPPOSED EXPEDITED MOTION FOR PROTECTIVE ORDER AND TO STAY RULE 30(b)(6) DEPOSITION**

Defendant Ken Paxton, in his official capacity as Attorney General of Texas, moves under Federal Rule of Civil Procedure 26(c) for a protective order relieving him of the obligation to respond to Plaintiff Glass, Lewis & Co., LLC's ("Glass Lewis") Rule 30(b)(6) deposition notice to the Office of the Attorney General (the "Office") on topics that seek the Office's investigation, its charging decision in a separate state enforcement action, its internal deliberations, and its enforcement motives. Defendant also asks the Court to rule on this motion before the noticed October 13, 2026 deposition date or, failing that, to stay the deposition pending its ruling. The motion is supported by the accompanying declarations of Joe Nwaokoro ("Nwaokoro Decl.") and Johnathan Stone, Chief of the Consumer Protection Division ("Stone Decl.").

## INTRODUCTION

Glass Lewis brought an as-applied First Amendment challenge to Senate Bill 2337, stating in its discovery objections that "[e]xtensive discovery is neither warranted nor necessary" to

resolve it because the case turns on questions of law. (Pl.'s Objs. & Resps. to Rule 30(b)(6) Notice 2.) It then moved for summary judgment on that premise. (Pl.'s Combined 56(d) Resp. 1.) Yet Glass Lewis now demands a corporate deposition of the Office into why the Attorney General acted, what he said publicly, whom he spoke with, and how he exercised his enforcement discretion. That discovery is improper for several independent reasons.

First, Glass Lewis itself maintains that this case turns on questions of law. Second, the Office did not enact S.B. 2337 and has been enjoined from enforcing it against Glass Lewis since August 29, 2025, so the Office's motive and enforcement conduct cannot bear on the statute's validity. Third, governmental motive and enforcement process are irrelevant to an as-applied challenge, and the communications sought are cumulative of discovery Glass Lewis has already taken from the Intervenor-Defendants. Fourth, to the extent any topic could be answered only by the Attorney General personally, it is an impermissible apex end-run that the Fifth Circuit has already forbidden. Fifth, many of the topics do not seek S.B. 2337 material at all, but instead the confidential civil-investigative-demand file and charging decision in a separate Deceptive Trade Practices Act action; and any remaining material tied to this case is privileged.

## BACKGROUND

Glass Lewis challenges S.B. 2337 as unconstitutional as applied to its speech and has moved for summary judgment. Defendant moved under Rule 56(d) to defer or deny that motion pending discovery, and the Court deferred ruling so that limited discovery could proceed. (Order [Dkt. 90].) Discovery closes October 20, 2026, with supplemental summary-judgment briefing due October 30, 2026.

Glass Lewis has noticed a Rule 30(b)(6) deposition of the Office for October 13, 2026, directed at the Attorney General's investigation of proxy advisors, his charging decision in the

parallel state action, his communications with the Legislature and third parties, and his public statements. The topics include the Office's investigative file and civil investigative demand ("CID") to Glass Lewis and the decision to file the state action.

The separate state action is *State v. Glass, Lewis & Co.*, No. 471-04895-2026 (471st Dist. Ct., Collin County), brought by the Consumer Protection Division under the Texas Deceptive Trade Practices Act ("DTPA") by counsel who are not on this S.B. 2337 defense team. (Nwaokoro Decl. ¶¶ 2–3 & Ex. 1 ("State Pet.") at 2, 12–13, 18.) The DTPA petition never pleads, cites, or relies on S.B. 2337 and sets its own discovery-control plan and Collin County venue. (State Pet. at 1, 4.)

## LEGAL STANDARD

Rule 26(c) authorizes the Court, for good cause, to issue an order protecting a party from annoyance, oppression, or undue burden or expense, including by forbidding the discovery or specifying its terms. Fed. R. Civ. P. 26(c). Discovery is limited to matters relevant to a claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). The movant must make "a particular and specific demonstration of fact" in support of the order. *Homeland Ins. Co. of N.Y. v. Clinical Pathology Lab'ys, Inc.*, No. 1:20-CV-783-RP, 2022 WL 17421132 (W.D. Tex. Dec. 5, 2022). Defendant makes that showing below and in the accompanying declarations.

### I. By Glass Lewis's own account, this case turns on questions of law, and the deposition it seeks is neither relevant nor proportional.

Glass Lewis has stated that "[e]xtensive discovery is neither warranted nor necessary" to resolve this as-applied challenge. (Pl.'s Objs. & Resps. to Rule 30(b)(6) Notice 2.) On Glass Lewis's own account, a deposition of the Office into the Attorney General's investigation, deliberations, and motives is irrelevant to the legal questions presented and disproportionate to the needs of the case. Fed. R. Civ. P. 26(b)(1), (b)(2)(C). Defendants' own discovery from Glass Lewis

(Dkt. 52 & Ex. A) is not to the contrary: it seeks facts about Glass Lewis's reports and methods that are uniquely in its possession, not the Office's deliberations.

## II. The Office did not enact S.B. 2337 and has been enjoined from enforcing it, so the Office's motive and enforcement conduct are irrelevant.

Glass Lewis's claim that S.B. 2337 is unconstitutional turns on the statute's requirements and operation as applied to Glass Lewis, not on the Office's conduct. The Office's motive and enforcement process are irrelevant as a matter of law because (i) the Office did not enact S.B. 2337; the Texas Legislature did; and (ii) the Office has been enjoined from enforcing S.B. 2337 against Glass Lewis since August 29, 2025. (Prelim. Inj. Order; Nwaokoro Decl. ¶ 4.) The validity of S.B. 2337 as applied to Glass Lewis is tested by the statute's text and operation, not by the Office's reasons for acting. Courts do not permit discovery that probes the reasons and "mental processes" of government decision-makers: "top executive department officials should not, absent extraordinary circumstances, be called to testify regarding their reasons for taking official actions," and agency decision-makers "do not subject themselves to discovery" into those reasons "[a]bsent a strong showing of bad faith or improper behavior." *United States v. Morgan*, 313 U.S. 409, 422 (1941); *In re Off. of Inspector Gen.*, 933 F.2d 276, 278 (5th Cir. 1991); *In re F.D.I.C.*, 58 F.3d 1055, 1061 (5th Cir. 1995). Glass Lewis makes no such showing. Its discovery into why the Office acted and how it exercised enforcement discretion is therefore irrelevant to the as-applied question and disproportionate under Rule 26(b)(1), without regard to any privilege. Glass Lewis's contrary characterization of the CID is addressed in Part V below.

## III. Governmental motive and process are, in any event, irrelevant to an as-applied challenge, and the communications sought are cumulative.

Glass Lewis's First Amendment challenge is resolved on the statute's requirements and operation as applied to Glass Lewis, not on the subjective motives or enforcement conduct of the Office. The First Amendment "targets the operation of the laws . . . rather than merely the motives

of those who enacted them," and "[i]nnocent motives do not eliminate the danger of censorship." *Reed v. Town of Gilbert*, 576 U.S. 155, 165, 167 (2015); *see United States v. O'Brien*, 391 U.S. 367, 383–84 (1968) ("this Court will not strike down an otherwise constitutional statute on the basis of an alleged illicit legislative motive"). Critically, motive is a dead end for Glass Lewis in both directions: discriminatory motive "is not an element" of a First Amendment viewpoint claim, and the government's "motive for discriminating based on viewpoint is irrelevant." *Frederick Douglass Found., Inc. v. District of Columbia*, 82 F.4th 1122, 1144–45 (D.C. Cir. 2023). Because Glass Lewis need not—and cannot—prove the Office's motive to prevail, that motive is not a proper subject of discovery. "Discovery into motive is permissible only when the alleged . . . constitutional violation turns on an unconstitutional motive." *Penthouse Int'l, Ltd. v. Meese*, 939 F.2d 1011, 1020 (D.C. Cir. 1991). Courts therefore enter protective orders barring depositions into the government's reasons where, as here, "the personal views, intentions, etc." of the decision-makers "fall well outside the scope of appropriate discovery under [Rule] 26(b)(1)." *Evergreen Trading, LLC ex rel. Nussdorf v. United States*, 75 Fed. Cl. 730, 730–31 (2007); cf. *MC Trilogy Tex., LLC v. City of Heath*, No. 3:22-CV-2154-D, 2023 WL 8569018, at *5–6 (N.D. Tex. Dec. 11, 2023).

Glass Lewis's own pleading confirms the point. It alleges viewpoint discrimination by reference to the Legislature's purposes, which the public legislative record answers (Second Amended Complaint ("SAC") ¶¶ 109, 117), and it invokes the Attorney General's public statements and the CID to establish standing, the *Ex parte Young* connection, vagueness, and its Dormant Commerce Clause theory (SAC ¶¶ 87–99, 171, 178, 201). These uses depend on what the statements and the CID say, not on why or how the Office produced them. Glass Lewis does not identify any count on which the Office's internal deliberations are an element. Even if

executive motive mattered, it would be shown, if at all, from the statements themselves, which Defendant has offered to authenticate, not through a deposition into the Office's deliberations.

The topics regarding why the Office acted, what it said publicly, whom it spoke with, and how it exercised enforcement discretion do not seek information relevant to S.B. 2337's validity as applied to Glass Lewis, and are disproportional to the needs of this case. Fed. R. Civ. P. 26(b)(1); *UMG Recordings, Inc. v. Grande Commc'ns Networks, LLC*, No. A-17-CA-365-LY, 2018 WL 4627276 (W.D. Tex. Sept. 26, 2018).

The coordination communications that Glass Lewis seeks from the Office are also cumulative. Glass Lewis served parallel Rule 30(b)(6) notices on the Office and on both Intervenor-Defendants, and both Intervenor-Defendants have agreed to designate a corporate witness on the overlapping topic—communications and coordination, before August 22, 2025, among the Intervenor-Defendants, the Office, Jones Day, the Alliance for Corporate Excellence, and any legislator concerning Glass Lewis or S.B. 2337. (TXSE Resps. & Objs. to Rule 30(b)(6) Notice, Topic 6; TAB Resps. & Objs. to Rule 30(b)(6) Notice, Topic 5.) Glass Lewis deposed the Texas Stock Exchange's designee on October 8, 2026, and noticed the Texas Association of Business's designee for October 9, 2026. Glass Lewis has had, or by the date of the noticed Office deposition will have had, a full opportunity to examine both Intervenor-Defendants on the overlapping topic. Discovery that is "unreasonably cumulative or duplicative" or obtainable from a more convenient or less burdensome source must be limited. Fed. R. Civ. P. 26(b)(2)(C)(i). Glass Lewis had the opportunity to obtain the substance of those communications from those witnesses and does not need a duplicative account from the Office. In any event, after reasonable inquiry the Office is unaware of a person with non-privileged, personal knowledge of those communications who is not also litigation counsel; the information reasonably available to the Office is held by

counsel in that capacity and is privileged or protected work product, so a designee could not testify to it without violating those protections. (Nwaokoro Decl. ¶¶ 7–8.) *See Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416 (5th Cir. 2006).

**IV. To the extent the Notice seeks the Attorney General's personal motive and mental impressions, it is an impermissible apex end-run.**

"[E]xceptional circumstances must exist before the involuntary depositions of high agency officials are permitted." *In re F.D.I.C.*, 58 F.3d 1055, 1060 (5th Cir. 1995). State attorneys general are high-ranking officials shielded from such burdens, and the Fifth Circuit has already granted mandamus barring an order compelling this Attorney General to testify. *In re Paxton*, 60 F.4th 252 (5th Cir. 2023). Apex testimony is justified only where the information is unavailable from an alternate source, and even then only in the "rarest of cases." *In re F.D.I.C.*, 58 F.3d at 1062; *In re Bryant*, 745 F. App'x 215 (5th Cir. 2018). Glass Lewis cannot carry that burden. The Office's non-privileged legal positions are publicly available and can be articulated by counsel or an Office representative on the Attorney General's behalf; his personal "thoughts and statements" about a matter of public concern do not supply the unique knowledge that exceptional circumstances require. *In re Paxton*, 60 F.4th 252 (5th Cir. 2023). The apex doctrine—reinforced by the settled rule that a court may not "probe the mental processes" of a government decision-maker—independently bars what could come only from the Attorney General himself: his subjective enforcement motive and mental impressions. *United States v. Morgan*, 313 U.S. 409, 422 (1941).

**V. The DTPA-action discovery is outside the scope of this case, confidential under Texas law, and available only in the enforcement forum.**

Several topics do not relate to S.B. 2337 material but instead seek testimony on the Consumer Protection Division's CID file, its investigators' work, and the chronology and charging decision of the separate Collin County DTPA action. As stated above, whether S.B. 2337 is unconstitutional as applied to Glass Lewis turns on the statute's requirements and operation, not

on the existence, timing, scope, or results of a DTPA investigation. *O'Brien*, 391 U.S. at 383; cf. *MC Trilogy*, 2023 WL 8569018, at *5.

Glass Lewis's pleading does not change the analysis. It alleges that the CID was an attempt to enforce S.B. 2337, relying on the CID for its vagueness and Dormant Commerce Clause theories. (SAC ¶¶ 93, 171, 201.) But the CID is already in Glass Lewis's hands and in the record (Dkt. 31-1), and its content, on which all those theories depend, does not require anything from the Division's investigative file. The CID issued on August 22, 2025, before S.B. 2337 took effect on September 1, 2025, under Section 17.61 of the DTPA, an authority that predates S.B. 2337 by decades (Nwaokoro Decl. ¶ 5), and the Court's injunction relates solely to the enforcement of S.B. 2337; it does not bar enforcement of other laws. (Order on Mot. for Clarification of May 15, 2026). Glass Lewis's characterization can be tested against the CID itself and the State's petition without discovery into the Division's file.

DTPA CID materials are confidential by statute. Material produced under a CID may not be disclosed absent the producing person's consent or a court order for good cause. Tex. Bus. & Com. Code § 17.61(f). Federal common law governs privilege here, Fed. R. Evid. 501, but the statute's confidentiality protection remains relevant to the Court's proportionality analysis under Rule 26(b)(1). The Texas Supreme Court has recently reaffirmed the Attorney General's authority to investigate under the DTPA and the deference owed to that investigative process. *Off. of Att'y Gen. v. PFLAG, Inc.*, 731 S.W.3d 301 (Tex. 2026). The producer-consent exception does not help Glass Lewis: it already possesses the CID, and what it seeks is the Office's investigative file and third-party material. Glass Lewis is the defendant in the Collin County action and can avail itself of the discovery process in that case.

## VI. The remaining sensitive material is privileged.

To the extent any topic reaches material genuinely tied to this case, it is privileged. The Office's internal charging and policy deliberations fall within the deliberative-process privilege, which protects predecisional and deliberative executive materials and which courts in this District have sustained over an agency's investigative and adjudicative file. *De La Cruz v. Blinken*, No. 2:19-CV-22-AM-CW, 2021 WL 2709679, at *2–3 (W.D. Tex. Mar. 19, 2021). The Division's investigative file is separately protected by the law-enforcement privilege, which "[f]ederal common law recognizes" as "a qualified privilege protecting investigative files in an ongoing . . . investigation." *In re U.S. Dep't of Homeland Sec.*, 459 F.3d 565, 569 (5th Cir. 2006); *Coughlin v. Lee*, 946 F.2d 1152, 1159–60 (5th Cir. 1991). These privileges, together with the informer's privilege, are invoked through the Chief of the Consumer Protection Division. (Stone Decl. ¶¶ 2–5.) The sponsor-communication topics intrude on the legislative privilege, which is "necessarily broad," belongs to the legislators, and forecloses any judicial "expedition seeking to uncover a legislator's subjective intent," "even when constitutional rights are at stake." *La Unión del Pueblo Entero v. Abbott*, 68 F.4th 228, 236, 239 (5th Cir. 2023). The Office neither waives nor asserts that privilege for the legislators; it objects that these topics seek material the legislators alone may disclose and that the Fifth Circuit has placed beyond discovery. Litigation strategy and communications among counsel for aligned parties, once litigation was anticipated, in furtherance of a common legal defense of S.B. 2337 are protected work product and subject to the common-legal-interest privilege. Fed. R. Civ. P. 26(b)(3); *In re Santa Fe Int'l Corp.*, 272 F.3d 705, 710–11 (5th Cir. 2001). And contention-style topics improperly seek counsel's legal theories and mental impressions rather than fact. *Homeland Ins. Co.*, 2022 WL 17421132.

**VII. Good cause exists.**

The Office's requested order is narrow and fact-specific. Specifically, Defendant requests an order (i) forbidding any deposition on Topics 1, 2, 3, 4, 5, 7, 8, and 9, which seek the Office's motive, deliberations, third-party coordination communications, and the Consumer Protection Division's confidential investigative and charging decisions; (ii) limiting Topic 6 to authentication of identified, non-privileged public materials by stipulation or sworn declaration under Rule 26(c)(1)(C); and (iii) staying the noticed deposition until the Court rules. Any such authentication shall not waive, and shall be without prejudice to, any privilege or objection, including the attorney-client, work-product, deliberative-process, common-interest, law-enforcement, informer's, and legislative privileges.

The requested order is narrow: it bars discovery into the Attorney General's personal motive and mental impressions and confines discovery to the as-applied question actually presented, while leaving Glass Lewis free to pursue DTPA discovery in the appropriate forum. In the alternative, and at a minimum, Defendant requests that the Court limit any deposition to non-privileged facts bearing on the as-applied question; exclude the Attorney General's personal motive and mental impressions and the Consumer Protection Division's investigative file and charging decision; preserve the Office's privilege and statutory-confidentiality objections; and set a reasonable limit on the duration of the examination. The accompanying declarations provide the particular and specific showing Rule 26(c) requires: the separation of the DTPA matter and its personnel, the impossibility of preparing a designee without disclosing the confidential investigative file and the Office's internal deliberations, the absence of any non-privileged percipient witness who is not also counsel, and formal invocation of the applicable privileges. (Nwaokoro Decl. ¶¶ 2–9; Stone Decl. ¶¶ 1–5.)

Defendant has offered to authenticate identified public statements by stipulation or sworn declaration and will confer in good faith on any residual scope. Because the noticed deposition date falls before the October 20 close of discovery, Defendant asks the Court to stay it pending its ruling under Rule 26(c) and requests a ruling, or an interim stay, before the October 13, 2026 deposition date. Fed. R. Civ. P. 26(c); *see also* Fed. R. Civ. P. 37(d)(2) (a party's failure to appear for a noticed deposition is not sanctionable while its motion for a protective order is pending).

## CONCLUSION

For these reasons, Defendant respectfully requests that the Court rule on this motion before the October 13, 2026 deposition date or enter an interim stay of the deposition pending its ruling; grant the motion and enter the accompanying proposed order; or, in the alternative, limit the deposition as set forth above. Defendant further requests such other relief as the Court deems just.

Dated: October 9, 2026.

Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**RALPH MOLINA**
Deputy First Assistant Attorney General

**WILLIAM D. WASSDORF**
Deputy Attorney General for Civil Litigation

**KIMBERLY GDULA**
Chief, General Litigation Division

*/s/ Joe Nwaokoro*
**JOE NWAOKORO**
Attorney-in-Charge
Texas Bar No. 24032916
Assistant Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548

(512) 979-5382 | FAX: (512) 477-2348
Joe.Nwaokoro@oag.texas.gov

***Defendant Ken Paxton, in his official capacity as Attorney General of Texas***

**CERTIFICATE OF CONFERENCE**

I certify that counsel for Defendant has conferred with counsel for Plaintiff regarding the subject matter of this Motion in a good-faith attempt to resolve the dispute by agreement, as required by Local Rule CV-7(g).

Counsel for the parties conferred on September 29, 2026, regarding the scheduling and scope of the Rule 30(b)(6) deposition of the Office of the Attorney General. During that conference, counsel for Defendant advised that the Office had not committed to designating a witness and would advise Plaintiff of its position during the week of October 9, 2026. By email dated September 30, 2026, counsel for Plaintiff confirmed that understanding, requesting that the Office identify its representative, or confirm that it would not offer one, as soon as possible and no later than Friday, October 9.

On October 8, 2026, Defendant served its topic-by-topic objections and responses to the deposition notice, and counsel for Defendant wrote to counsel for Plaintiff the same day identifying each topic at issue and the grounds for objection, and proposing several specific times to confer on October 9, 2026. Plaintiff did not respond.

Despite these good-faith efforts, the parties have been unable to resolve the dispute, and the relief requested in this Motion is therefore opposed.

*/s/ Joe Nwaokoro*
**JOE NWAOKORO**
Assistant Attorney General

**CERTIFICATE OF SERVICE**

I certify that on October 9, 2026, a true and correct copy of the foregoing was filed electronically through the Court's CM/ECF system, which will send notice of electronic filing to all counsel of record.

*/s/ Joe Nwaokoro*
**JOE NWAOKORO**
Assistant Attorney General