**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| GLASS, LEWIS & CO., LLC<br>*Plaintiff,*<br><br>v.<br><br>KEN PAXTON, in his Official Capacity as Attorney General of Texas<br>*Defendant,*<br><br>THE TEXAS STOCK EXCHANGE LLC and THE TEXAS ASSOCIATION OF BUSINESS,<br>*Intervenor-Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No.<br>1:25-cv-01153-ADA |

**DECLARATION OF JOHNATHAN STONE ASSERTING PRIVILEGES IN SUPPORT OF DEFENDANT'S MOTION FOR PROTECTIVE ORDER**

I, Johnathan Stone, declare as follows:

1. I am the Chief of the Consumer Protection Division of the Office of the Attorney General of Texas (the "Office" and the "Division"). I am over eighteen and competent to make this declaration. The Attorney General has authorized me to assert, on the Office's behalf, the privileges stated below. I make this declaration from personal knowledge and my personal review of the Division's investigative file concerning Glass, Lewis & Co., LLC ("Glass Lewis") and of the topics in Plaintiff's Rule 30(b)(6) notice. Production of these materials, or testimony on Topic Nos. 2, 3, 4, and 8 of that notice, would necessarily disclose the privileged materials described below, and no non-privileged percipient witness outside counsel could testify on those subjects without revealing the Division's deliberations, informant identities, or investigative strategy.

2. The materials over which I assert these privileges are the Division's investigative file concerning Glass Lewis and the Division's internal deliberations about it. The file consists of

internal investigative memoranda; the mental impressions, analyses, and work product of Division attorneys and investigators; records of the Division's pre-decisional deliberations about whether and how to investigate, charge, and resolve the matter; and information furnished by third parties, together with documents that would tend to identify them. Many of these materials are attorney-client communications between Division attorneys and Division personnel, and attorney work product prepared in anticipation of enforcement and litigation. The Division maintains these materials as confidential, and material produced under its civil investigative demand is held subject to Section 17.61(f) of the Texas Business and Commerce Code, which permits disclosure only with the producing party's consent or on a court order for good cause. The Division has not received such consent for disclosure in this action.

3. I assert the deliberative-process privilege over the materials described in Paragraph 2 that are both pre-decisional and deliberative, including internal assessments of enforcement options and recommendations preceding the Division's decisions. Compelled disclosure would reveal the Division's decision paths, the options it weighed and rejected, and its internal evaluation of the evidence, and would chill the candid, pre-decisional analysis on which sound enforcement and charging decisions depend.

4. I assert the informer's privilege over the identities of persons who furnished information to the Division about Glass Lewis, and over documents that would tend to reveal them. This assertion does not extend to the Alliance for Corporate Excellence, whose identity the Office has disclosed; that disclosure does not waive the privilege as to any other informant or as to the content of any communication, including communications whose content reflects the Division's work product or investigative strategy.

5. I assert the law-enforcement and investigative privilege over the materials described in Paragraph 2. *State v. Glass, Lewis & Co.*, No. 471-04895-2026 (471st Dist. Ct., Collin County), is pending, and disclosure would reveal the Division's investigative scope, priorities, and techniques, and its cooperating sources, would prejudice that pending action, and would deter future informants and third-party cooperation, impairing the Division's law-enforcement function. I have considered whether any reasonably segregable, non-privileged factual portions could be produced; in this file, factual material is intertwined with the attorneys' evaluative analysis and the Division's investigative strategy, such that producing it would reveal protected deliberation or enforcement direction.

6. The Office has not waived and does not waive these privileges, and nothing produced or stated in this action is intended to do so.

I declare under penalty of perjury under 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed on October 8, 2026, in Austin, Texas.

*/s/ Johnathan Stone*
**Johnathan Stone**
Chief
Consumer Protection Division
Office of the Attorney General of Texas