**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| GLASS, LEWIS & CO., LLC<br>*Plaintiff,*<br><br>v.<br><br>KEN PAXTON, in his Official Capacity as Attorney General of Texas<br>*Defendant,*<br><br>THE TEXAS STOCK EXCHANGE LLC and THE TEXAS ASSOCIATION OF BUSINESS,<br>*Intervenor-Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No.<br>1:25-cv-01153-ADA |

---

**DEFENDANT'S REPLY IN SUPPORT OF OPPOSED EXPEDITED MOTION FOR PROTECTIVE ORDER AND TO STAY RULE 30(b)(6) DEPOSITION**

---

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**RALPH MOLINA**
Deputy First Assistant Attorney General

**WILLIAM D. WASSDORF**
Deputy Attorney General for Civil Litigation

**KIMBERLY GDULA**
Chief, General Litigation Division

**JOE NWAOKORO**
Attorney-in-Charge
Texas Bar No. 24032916
Assistant Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 979-5382 | FAX: (512) 320-0667
Joe.Nwaokoro@oag.texas.gov

***DEFENDANT KEN PAXTON, IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL OF TEXAS***

Defendant, Ken Paxton, in his official capacity as Attorney General of Texas ("Defendant" or "Attorney General"), files this Reply to Plaintiff's Response (Dkt. 107) in support of his Motion (Dkt. 101), with the Declaration of Joe Nwaokoro (Ex. A, "Reply Decl.").

## INTRODUCTION

Plaintiff has repeatedly told this Court that it "can decide this case based on the plain terms of the Act," Dkt. 54 at 4, and that whether S.B. 2337 is constitutional "turn[s] on the law's text and operation," *id.* at 1. It stated in its motion for summary judgment that, "The following analysis turns on the statutory text and legislative history of the Act, with few material facts required. As to those few facts, there is no genuine dispute." Dkt. 60 at 1. And it stated in its response to Defendant and Intervenor-Defendant's Rule 56(d) motion that "[t]he requested discovery is immaterial," Dkt. 74 at 2, and "[f]urther discovery is not needed to resolve the case." *Id.* at 1. Yet it seeks discovery inconsistent with those positions. In this official-capacity challenge to the Act, Plaintiff probes the Attorney General's personal and political capacity, including his campaign funds, and seeks to use this case as a vehicle for discovery in the State's DTPA action in Collin County (the "State DTPA Action"), Dkt. 101-1 ("Nwaokoro Decl.") ¶ 2, where the court ordered jurisdictional discovery of Glass Lewis and, as Plaintiff itself represents, "merits discovery 'is not open' and would effectively be stayed pending disposition of Glass Lewis' special appearance." Dkt. 109-1 ¶ 7; Reply Decl. ¶ 5 & Ex. D. Plaintiff seeks to circumvent that order by demanding Defendant's investigative file, deliberations, coordination, and motive in enforcing a different law in that separate suit. The Motion should be granted.

## ARGUMENT

### I. Rule 26(c) authorizes topic-specific relief.

Plaintiff invokes the "extraordinary circumstances" standard for "prohibit[ing] the taking of a deposition altogether." Dkt. 107 at 3 (*citing Salter v. Upjohn Co*., 593 F.2d 649 (5th Cir. 1979)). But Defendant's Motion asks the Court to bar inquiry into specific, identified topics, and limit Topic 6 to authentication. Dkt. 101 at 10. He will designate a witness on any topic the Court permits. Rule 26(c)(1)(D) authorizes "forbidding inquiry into certain matters," and Rule 26(b)(2)(C)(iii) requires the Court to limit discovery "outside the scope permitted by Rule 26(b)(1)." *Salter* concerned barring a deponent with relevant information, not irrelevant and privileged inquiry.

**II. Topics 4, 5, 6, and 8 seek the Attorney General's file, deliberations, coordination, and motive, which are irrelevant to the as-applied question.**

Discovery must relate to a claim or defense. Fed. R. Civ. P. 26(b)(1). Plaintiff fails to identify any count in its Second Amended Complaint for which motive is an element; its "pretext" theory is an unpleaded retaliation claim. Dkt. 107 at 5. Defendant's Motion addressed the pretext theory with *United States v. O'Brien*, 391 U.S. 367 (1968), *Frederick Douglass Foundation, Inc. v. District of Columbia*, 82 F.4th 1122 (D.C. Cir. 2023), and *Penthouse International, Ltd. v. Meese*, 939 F.2d 1011 (D.C. Cir. 1991), all First Amendment cases. Dkt. 101 at 5. *Penthouse* permits motive discovery only when the violation "turns on an unconstitutional motive." *Id.* at 1020. Plaintiff ignores all three. Its footnote distinguishes *Morgan*, *F.D.I.C.*, and *Inspector General* as non-First Amendment cases, Dkt. 107 at 6 n.1, but the bar on probing executive decision-makers' mental processes absent "a strong showing of bad faith or improper behavior" does not depend on the right asserted. *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971). Plaintiff makes no such showing. Nor does it answer *La Unión del Pueblo Entero v. Abbott*, 68 F.4th 228, 239 (5th Cir. 2023) (legislative purpose is off limits "even when constitutional rights are at stake"). Defendant did not enact S.B. 2337, so its legislative purpose is not his to explain. In

any event, the merits are not motive-dependent: "Illicit legislative intent is not the *sine qua non* of a violation of the First Amendment," *Time Warner Cable, Inc. v. Hudson*, 667 F.3d 630, 640 n.15 (5th Cir. 2012).

The preliminary injunction bars enforcement of S.B. 2337 only, and the Court has confirmed that it does not bar the Attorney General "from enforcing other provisions of the law." Dkt. 107 at 2. The DTPA petition asserts no claim under S.B. 2337. Nwaokoro Decl. ¶ 2. Whether that petition is baseless or retaliatory is for the state court to decide, and Plaintiff has agreed there that merits discovery would wait. Dkt. 109-1 ¶ 7; Reply Decl. Ex. D. As Plaintiff concedes, the Rule 56(d) deferral reaches "issues that are covered by the summary judgment motions," not the State DTPA Action. Dkt. 107 at 1.

Plaintiff does not address the legislative privilege, the common-interest privilege, or Topic 5's cumulative nature, Dkt. 101 at 6–7, 9, or dispute that Defendant has no non-privileged Topic 5 witness who is not also counsel. Nwaokoro Decl. ¶ 8. Plaintiff disclaims any deposition of the Attorney General, Dkt. 107 at 9, yet its Request No. 29 seeks his campaign-contribution and legal-defense-fund records. Dkt. 109-3 at 13–14. An official-capacity suit is "not a suit against the official personally." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Topics 4, 5, 6, and 8 fare no better, because a designee could answer them only by reporting what the Attorney General and his closest advisers weighed and decided. *In re F.D.I.C.*, 58 F.3d 1055, 1060 (5th Cir. 1995).

### III. Topics 1, 2, 3, 7, and 9 seek work product, protected sources, and information that Plaintiff already has.

Under *Edenfield v. Fane*, 507 U.S. 761, 770–71 (1993), the burden to show real harm is on the State, so Plaintiff needs nothing from the investigative file to argue the State has not carried it. Whether a statement is misleading depends on the statement and its audience, not on who

complained. Topics 1 and 9 probe statements Defendant identifies as misleading, and he has provided a written response. Reply Decl. Ex. E (Interrog. No. 17). Anything more is counsel's selection and opinion work product, which is not limited to documents. *Hickman v. Taylor*, 329 U.S. 495, 510–11 (1947); Fed. R. Civ. P. 26(b)(3)(B). Topic 7 asks about Glass Lewis's own Texas contacts, the subject of the jurisdictional discovery ordered against it in Collin County. Dkt. 109-1 ¶ 7; Reply Decl. Ex. D. Topics 2 and 3 seek the investigative-file and privileged material addressed in the Motion. Dkt. 101 at 7–9.

**IV. The privilege showing is specific, and Plaintiff responds with state-law authority.**

The Stone Declaration is not a blanket assertion; it identifies the categories of material and the basis for each privilege.[1] Stone Decl. ¶¶ 1–5. Privilege has been sustained over an agency's investigative file. *De La Cruz v. Blinken*, No. 2:19-CV-22-AM-CW, 2021 WL 2709679, at *2–3 (W.D. Tex. Mar. 19, 2021). The law-enforcement privilege's purpose does not depend on whether the pending action is civil or criminal. *In re City of New York*, 607 F.3d 923, 941 (2d Cir. 2010). Plaintiff's state-law authorities do not control; federal common law governs privilege in this federal-question case. Fed. R. Evid. 501.

Plaintiff's "unlogged" charge fails. Defendant has provided a privilege log, as Plaintiff's own motion to compel acknowledges, Dkt. 109 at 7, along with 39 records, not the "only five documents" Plaintiff claims. *Id.* at 1, 3; Dkt. 107 at 4. Moreover, Rule 26(b)(5)(A) reaches only "otherwise discoverable" information, so the duty to log attaches to relevant material withheld as privileged, not material outside the scope of the action. *Goodyear Tire & Rubber Co. v. CEVA Logistics Singapore, Ltd.*, 348 F.R.D. 54, 83 (E.D. La. 2024). Defendant's investigative file is not

[1] Plaintiff responds by citing state-law authority. *See* Dkt. 107 at 9, relying on *Borden, Inc. v. Valdez*, 773 S.W.2d 718, 720-21 (Tex. App. – Corpus Christi-Edinburg 1989, no writ), *West v. Solito*, 563 S.W.2d 240, 246 (Tex. 1978), *City of Garland v. Dallas Morning News*, 22 S.W.3d 351, 364 (Tex. 2000), and an Attorney General Opinion applying the Texas Open Records Act – Att'y Gen. Op. Ord. 615, 1993 WL 720210, at *4 (June 29, 1993).

"otherwise discoverable." Defendant nonetheless served an itemized log of its relevant withholdings at 4:42 p.m. on October 16, ahead of the October 19 date Plaintiff accepted, and supplemented it on October 20. Reply Decl. ¶ 7 & Ex. B; Dkt. 107-6 at 2–3. Plaintiff filed its Response, charging "unlogged" withholdings, at 6:28 p.m. that same day. Reply Decl. ¶ 7. Plaintiff served its first log on October 19, after Defendant asked for one on October 15. *Id.* ¶ 8 & Ex. F. Plaintiff's accusation of bad faith, Dkt. 107 at 4, cannot be squared with that record.

## V. The conferral record does not support denial.

Plaintiff's September 30 email asked Defendant to identify a representative, or confirm it would offer none, "no later than Friday, October 9." Dkt. 101 at 12; Dkt. 107-6 at 3; Reply Decl. ¶ 2 & Ex. A. Defendant served objections on October 8 and proposed three resolutions and three windows to confer. Dkt. 107-6 at 5–6; Reply Decl. ¶ 4 & Ex. C. Plaintiff's October 9 reply accepted none, did not offer to narrow the topics, and declared that Defendant had "already said plainly" it would not produce a witness. *Id.* at 5. Rule 26(c)(1) requires only a certification that the movant "conferred or attempted to confer," and Defendant did both. Defendant also offered to authenticate identified public statements by stipulation or declaration. Dkt. 101 at 11.

## PRAYER

Defendant asks the Court to grant the Motion and enter the proposed order (Dkt. 101-3), barring inquiry into Topics 1–5 and 7–9, confining Topic 6 to authentication. Alternatively, Defendant asks the Court to limit any examination to non-privileged facts bearing on the as-applied question and to a reasonable duration. Dkt. 101 at 10–11. Defendant asks that, if the Court denies the Motion in any part, the stay remain in place briefly to permit objections under Rule 72(a).

Dated: October 21, 2026.

Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**RALPH MOLINA**
Deputy First Assistant Attorney General

**WILLIAM D. WASSDORF**
Deputy Attorney General for Civil Litigation

**KIMBERLY GDULA**
Chief, General Litigation Division

*/s/ Joe Nwaokoro*
**JOE NWAOKORO**
Attorney-in-Charge
Texas Bar No. 24032916
Assistant Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 979-5382 | FAX: (512) 320-0667
Joe.Nwaokoro@oag.texas.gov

***Defendant Ken Paxton, in his official capacity as Attorney General of Texas***

**CERTIFICATE OF SERVICE**

I certify that on October 21, 2026, a true and correct copy of the foregoing was filed electronically through the Court's CM/ECF system, which will send notice of electronic filing to all counsel of record.

*/s/ Joe Nwaokoro*
**JOE NWAOKORO**
Assistant Attorney General