**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| GLASS, LEWIS & CO., LLC<br>*Plaintiff,*<br><br>v.<br><br>KEN PAXTON, in his Official Capacity as Attorney General of Texas<br>*Defendant,*<br><br>THE TEXAS STOCK EXCHANGE LLC and THE TEXAS ASSOCIATION OF BUSINESS,<br>*Intervenor-Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No.<br>1:25-cv-01153-ADA |

---

**ATTORNEY GENERAL'S RESPONSE TO PLAINTIFF GLASS LEWIS' MOTION TO COMPEL DISCOVERY RESPONSES**

---


**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**RALPH MOLINA**
Deputy First Assistant Attorney General

**WILLIAM D. WASSDORF**
Deputy Attorney General for Civil Litigation

**KIMBERLY GDULA**
Chief, General Litigation Division

**JOE NWAOKORO**
Attorney-in-Charge
Texas Bar No. 24032916
Assistant Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 979-5382 | FAX: (512) 320-0667
Joe.Nwaokoro@oag.texas.gov


***DEFENDANT KEN PAXTON, IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL OF TEXAS***

TO THE HONORABLE COURT:

Defendant, Ken Paxton, in his official capacity as Attorney General of Texas ("Defendant" or the "Attorney General"), files this Response to Plaintiff Glass, Lewis & Co., LLC's ("Glass Lewis") Motion to Compel Discovery Responses (Dkt. 109) (the "Motion") and respectfully shows the Court as follows:

## INTRODUCTION

Glass Lewis stated that its motion for summary judgment "turns on the statutory text and legislative history of the Act," Dkt. 60 at 1, and that "[f]urther discovery is not needed to resolve this case," Dkt. 74 at 1. Yet, it moves to compel the one thing its lawsuit does not reach: the Attorney General's law-enforcement investigative and charging file from a separate Deceptive Trade Practices Act ("DTPA") enforcement action against it. The as-applied First Amendment challenge turns on how S.B. 2337 operates against Glass Lewis's speech, not the Attorney General's enforcement motive or investigative methods in a separate DTPA matter. The Court should deny the Motion because Glass Lewis (1) ignored Section IV of the Court's discovery-dispute procedure; (2) moved against responses the Attorney General has since superseded, rendering the Motion premature; and (3) seeks a file that is irrelevant, disproportionate, and protected by multiple privileges.

## BACKGROUND

The Attorney General incorporates the Nwaokoro Declarations filed with his Reply (Dkt. 110-1) ("Nwaokoro Reply Decl."), his Motion for Protective Order (Dkt. 101-1) ("Nwaokoro Decl."), and this Response ("Nwaokoro Resp. Decl."), and the Declaration of Division Chief Johnathan Stone (Dkt. 101-2) ("Stone Decl.").

On August 22, 2025, before S.B. 2337's effective date, the Attorney General's Consumer Protection Division ("Division") issued a Civil Investigative Demand (the "CID") to Glass Lewis under Tex. Bus. & Com. Code § 17.61, and later filed *State v. Glass, Lewis & Co.*, No. 471-04895-2026 (471st Dist. Ct., Collin County) (the "State DTPA Action"). The State DTPA Action does not assert an S.B. 2337 claim. Nwaokoro Decl. ¶¶ 2, 5. This Court held that the preliminary injunction bars enforcement of S.B. 2337 only, not "other provisions of the law against [Glass Lewis] at this time." May 15, 2026 Text Order, *quoted in* Dkt. 107 at 2.

The Attorney General served amended responses, produced documents, and an itemized privilege log on October 16, 2026; served his Second Amended Objections and Responses (the "Second Amended Responses"), a supplemental production, and a supplemental log on October 20; and a further supplement on October 23. Nwaokoro Reply Decl. (Dkt. 110-1) ¶ 7 & Exs. B, C, E; Nwaokoro Resp. Decl. ¶¶ 5–7 & Exs. A–B. Those responses name the Alliance for Corporate Excellence as the sole source of information about Glass Lewis's statements, state that no known Texas-based client complained, and confirm no S.B. 2337 enforcement since the injunction. Second Am. Resp., Interrog. Nos. 14, 17, 20.

Glass Lewis moved to compel anyway, and against the wrong record. After the Attorney General proposed conferring by October 19, Glass Lewis filed its Motion that day and has never conferred on the October 20 or October 23 responses, though he remained available to confer. Nwaokoro Resp. Decl. Ex. C.

## ARGUMENT

### I. Glass Lewis Ignored the Discovery-Dispute Procedure and Failed to Confer in Good Faith.

On August 3, 2026, the Court directed that any dispute proceed "through the discovery dispute process outlined in Section IV" of Judge Albright's Standing Order (the "OGP"). Dkt. 109-

2 at 3–4. Section IV bars a motion to compel "unless" lead counsel have met and conferred in good faith and the movant has contacted the law clerk; a meet and confer requires a personal conference, as "[c]orrespondence, such as e-mail, is insufficient." OGP § IV & n.5. Glass Lewis's own counsel invoked Section IV in August, Dkt. 109-2, yet its Certificate of Conference shows no personal conference on the written discovery, no Section IV summary, and no contact with the law clerk, only a September 29 discussion of "upcoming depositions" and emails. Dkt. 109, Certificate of Conference. The Federal and Local Rules impose the same requirement. Fed. R. Civ. P. 37(a)(1); W.D. Tex. Local R. CV-7(g). A letter listing deficiencies and threatening a motion "does not meet the conference requirement," *Ramsey v. Sheet Pile, LLC*, 2021 WL 9870366, at *2 (W.D. Tex. Oct. 14, 2021). That alone warrants denial.

**II. The Motion Attacks Superseded Responses, Is Moot in Part, and Is Premature.**

A motion to compel lies only for a failure to answer or respond, Fed. R. Civ. P. 37(a)(3)(B)(iii)–(iv). Here, there was no such failure. The Attorney General served his original responses on October 8 (Dkt. 107-7; Dkt. 109-3 ¶ 6), amended them on October 16, superseded them with his Second Amended Responses on October 20, and supplemented them again on October 23. Nwaokoro Reply Decl. (Dkt. 110-1) ¶ 7 & Ex. E; Nwaokoro Resp. Decl. ¶¶ 5–7 & Exs. A–B. Glass Lewis moved on October 19 against the October 16 responses and has never addressed the responses that supplanted them. A motion filed "without the benefit of the amended responses … which supplant the initial responses" tests the wrong record and is premature. *Rodriguez-Meza v. Venegas*, 2020 WL 14100944, at *2 (W.D. Tex. Mar. 27, 2020).

Glass Lewis, which has the current responses, production, and October 23 log, shows no prejudice. Its October 22 log complaints, which it raised only after moving to compel, constitute a new dispute that requires its own Section IV conference. Nwaokoro Resp. Decl. Ex. C. Many of

Glass Lewis's requests also merely duplicate its own first-set discovery, which the Attorney General answered on October 31, 2025, so the Court "must limit" them as "unreasonably cumulative or duplicative." Fed. R. Civ. P. 26(b)(2)(C)(i). The enclosed chart pairs each duplicative request with the first-set request it restates. *See* Nwaokoro Resp. Decl. Ex. F.

### III. The Attorney General's Objections Are Specific, Not Waived Boilerplate.

Glass Lewis's cited authority refutes its boilerplate charge. The objections condemned in *McLeod* were identical one-line recitations, "Overbroad; irrelevant; privileged," that were repeated across every request. *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1484–85 (5th Cir. 1990). Not so here. Each objection by the Attorney General states why the material is outside the as-applied inquiry, identifies the privilege, and directs Glass Lewis to the October 16 production at Bates AG 002090–AG 003289. Dkt. 109-3 (Ex. 2); Nwaokoro Resp. Decl. Ex. G. The claim that the Attorney General "substantively answered none" of the interrogatories is negated by the Motion's own Exhibit 2, which answers Interrogatory No. 17 with thirteen quoted Glass Lewis statements and substantively answers Interrogatories 14–16 and 20–23. Dkt. 109-3 at 5–9. In any event, Rule 33(b)(4) excuses an unstated ground "for good cause," and a defensible objection is "substantially justified." *Heller v. City of Dallas*, 303 F.R.D. 466, 474, 477 (N.D. Tex. 2014). The relief Glass Lewis's own authority supports, amended responses stating, "whether any responsive materials are being withheld," *Ambler v. Nissen*, 2023 WL 443806, at *7 (W.D. Tex. Jan. 26, 2023), is already in hand. And its lead case, *LUPE*, undermines its claim. There, the intervenors produced no document "in response to Private Plaintiffs' twenty outstanding RFPs" and answered no interrogatory, a qualifier Glass Lewis omits by ellipsis to misleadingly suggest a categorical rule. *La Union del Pueblo Entero v. Abbott*, 2022 WL 17574079, at *3 (W.D. Tex. Dec. 9, 2022); *see* Dkt. 109 at 5. The Attorney General did the opposite. Nonetheless, waiver is a

"serious sanction," "not automatic," reserved for "bad faith[] or other flagrant violations," not the shortcomings alleged here; the remedy is an amended response, not forfeiture. *Oklahoma Hosp. Med. Physicians, LLC v. Gottlieb LLC*, 2025 WL 3539162, at *3 (N.D. Tex. Dec. 10, 2025); *see EEOC v. BDO USA, L.L.P.*, 876 F.3d 690, 697 (5th Cir. 2017).

**IV. The Attorney General's Investigative File Is Irrelevant and Disproportionate.**

As a threshold matter, Glass Lewis must establish relevance, a burden it cannot carry. Enforcement motive is not an element of the as-applied inquiry, and Glass Lewis's pretext framing cannot convert this challenge into a motive case. Nor is S.B. 2337 enforcement investigation ongoing; the preliminary injunction bars it. Glass Lewis's position is also internally inconsistent. If S.B. 2337 is facially viewpoint-based "as a matter of law," as it contends, then motive is unnecessary, and the file it seeks proves nothing. If it is not, the Court "will not strike down an otherwise constitutional statute on the basis of an alleged illicit legislative motive." *United States v. O'Brien*, 391 U.S. 367, 383 (1968); *see Reed v. Town of Gilbert*, 576 U.S. 155, 165–66 (2015). Further, the Court's Rule 56(d) Order is the Attorney General's remedy, limited to the summary-judgment issue it identified (whether Glass Lewis's speech is deceptive) and not a license for a counter-investigation into a separate enforcement file. *Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 422–23 (5th Cir. 2016). The deception question bears on the Attorney General's defense, not Glass Lewis's affirmative claim, and the Court granted that Rule 56(d) discovery on Defendants' motion. Glass Lewis has sworn that whether its advice is "solely in the financial interest" of shareholders "is a matter of judgment and opinion," and that its "reports and recommendations are viewpoints" that "reflect the opinions" of the firm; its counsel conceded at the preliminary-injunction hearing that Glass Lewis provides "opinions and advice and recommendations" that are "not purely factual," and that its viewpoint-discrimination theory rests on "the text of the statute and … the

legislative history." Decl. of John Wieck ¶¶ 12, 14, 26 (Dkt. 5); Aug. 29, 2025 Prelim. Inj. Hr'g Tr. 34:10–18, 16:4–7.

Glass Lewis's deception theory does not change the analysis, because the burden it invokes is the State's own. A government defending a commercial-speech restriction "must demonstrate that the harms it recites are real," *Edenfield v. Fane*, 507 U.S. 761, 770–71 (1993), and carries that burden from its own record; whether a statement misleads turns on the statement and its audience, not on who complained. Moreover, the State has pleaded its deception case in the State DTPA Action in detail in its verified Second Amended Petition, based on Glass Lewis's own public statements and admissions, including its January 2023 written admission to the Attorneys General that "a significant majority of our clients have elected to simply not follow any Glass Lewis policy," thereby confirming that Glass Lewis does not need anything from the Attorney General's privileged file to test the deception theory. Nwaokoro Resp. Decl. Ex. H. That the Attorney General can prove deception from Glass Lewis's own public statements is all the more reason why the privileged file is unnecessary. He has relied on Glass Lewis's public, non-privileged admissions and has not placed the file's contents at issue.

Glass Lewis's repeated "two-way street" refrain is inapplicable. Glass Lewis uses that phrase from *Wardius v. Oregon*, a criminal notice-of-alibi case, while dropping the Supreme Court's express limitation: reciprocity applies only "in the absence of a strong showing of state interests to the contrary," a qualification the Attorney General's privilege and pending-enforcement interests satisfy. 412 U.S. 470, 475–76 (1973). Glass Lewis used the same "two-way street" in opposing the Defendants' motion to compel, using it to resist producing "years of sensitive communications." Dkt. 54 at 10. A party that invoked the two-way street to shield its own materials cannot invoke it to open the State's privileged enforcement file. That the Attorney General obtained

Glass Lewis's productions to the Missouri and Florida Attorneys General is immaterial. Obtaining a party's own documents from third parties is not equivalent to opening the State's privileged file. And in the State DTPA Action, Glass Lewis's counsel agreed that "merits discovery should not be open and is not open." Dkt. 109-11 at 3.

Discovery into the Attorney General's motive is also barred because this is an official-capacity suit, *Kentucky v. Graham*, 473 U.S. 159, 166 (1985), and the Fifth Circuit has already quashed discovery aimed at this Attorney General, holding his "thoughts and statements … have no bearing on his office's legal authority to enforce" the law, *In re Paxton*, 60 F.4th 252, 258–59 (5th Cir. 2023); *see In re FDIC*, 58 F.3d 1055, 1060 (5th Cir. 1995).

Even if a thin sliver were relevant, compelling the entire investigative and charging file is disproportionate. Fed. R. Civ. P. 26(b)(1). A "one-size-fits-all" demand for an entire file "is insufficient" absent "an individualized showing of relevancy, proportionality, and particularity." *In re Xarelto (Rivaroxaban) Prods. Liab. Litig.*, 313 F.R.D. 32, 36–37 (E.D. Tex. 2016). The one fact Glass Lewis claims it needs, whether any client was deceived or complained, has already been answered. The rest of the DTPA file adds nothing and intrudes on a pending enforcement matter, so the burden "outweighs its likely benefit." *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011). As the movant, Glass Lewis bears the burden of showing the importance of the discovery to resolving the case, *Samsung Elecs. Am. Inc. v. Yang Kun "Michael" Chung*, 325 F.R.D. 578, 591–92 (N.D. Tex. 2017). Glass Lewis's representations that further discovery "is not needed," Dkt. 74 at 1, defeat that showing, as does its insistence, when the Defendants sought discovery, that this case "can and should be decided at summary judgment" and that "extensive discovery is unnecessary and disproportionate," Dkt. 54 at 2, 4. It cannot tell the Court that no discovery is needed to win deferral and then demand sweeping discovery into the State's

privileged file. *See New Hampshire v. Maine*, 532 U.S. 742, 749 (2001); *Occidental Petroleum Corp. v. Wells Fargo Bank, N.A.*, 117 F.4th 628, 639 (5th Cir. 2024).

**V. The Attorney General's Investigative File Is Privileged, and the Logging Is Proper.**

The Attorney General's privilege assertion is specific, not "blanket." Based on Division Chief Stone's personal review, the Stone Declaration identifies the categories withheld—internal investigative memoranda, attorney and investigator mental impressions, predecisional charging deliberations, and informant information—and the basis for each privilege. Stone Decl. (Dkt. 101-2) ¶¶ 1–5. The deliberative-process privilege protects the charging deliberations, extending to "predecisional materials reflecting deliberative or policy-making processes," including their factual analysis, *Skelton v. U.S. Postal Serv.*, 678 F.2d 35, 38 (5th Cir. 1982). The Stone Declaration shows that the material is inextricably intertwined with the Division's evaluation, and cannot be segregated while enforcement is pending. Stone Decl. ¶¶ 3–5; *see De La Cruz v. Blinken*, 2021 WL 2709679, at *2–3 (W.D. Tex. Mar. 19, 2021). Section 17.61(f)'s bar on disclosing CID material absent "good cause," Tex. Bus. & Com. Code § 17.61(f); *see Off. of Att'y Gen. v. PFLAG, Inc.*, 731 S.W.3d 301, 318 (Tex. 2026), is persuasive authority that reinforces the Rule 26(b)(1) balance. And *Ambler* is not to the contrary. It held only that Texas Local Government Code § 143.089 does not provide federal privilege but confirmed that federal courts may "consider state policies in weighing the government's interest in confidentiality." *Ambler*, 2023 WL 443806, at *2.

The informer's privilege protects the identity of those who provide information to law enforcement. *Coughlin v. Lee*, 946 F.2d 1152, 1159 (5th Cir. 1991). The Attorney General named the Alliance for Corporate Excellence. Identifying one source did not waive protection over any other source, or over the content and evaluative analysis of those communications, which remain

protected as opinion work product and under the informer's privilege. Stone Decl. (Dkt. 101-2) ¶ 4. The Attorney General's coordination with aligned defenders of S.B. 2337 is opinion work product that is not waived by same-side sharing. The Attorney General invoked common interest only to show non-waiver. Fed. R. Civ. P. 26(b)(3); *Hickman v. Taylor*, 329 U.S. 495, 510–11 (1947). Non-public communications with the bill's sponsors, if implicated, fall within the legislative privilege. *La Union del Pueblo Entero v. Abbott*, 68 F.4th 228, 238–39 (5th Cir. 2023) (recognizing state legislative privilege). Glass Lewis's demand for the "facts" fails too. Who the investigators contacted and how they evaluated what they learned is itself protected work-product and informer's privilege, and the underlying facts have been answered by interrogatory. Second Am. Resp., Interrog. Nos. 14, 17, 20. The work-product doctrine applies because the file is the Division's litigation work product in the pending State DTPA Action. Compelling it here would hand Glass Lewis a roadmap to the Attorney General's evidence, strategy, and attorney mental impressions that it cannot obtain in that forum, where merits discovery is stayed. Dkt. 109-11 at 3; Stone Decl. ¶¶ 2–5; *see* Nwaokoro Resp. Decl. Ex. H (verified Second Amended Petition).

Finally, there is no logging violation. A privilege log is required only for relevant material withheld as privileged, *Goodyear Tire & Rubber Co. v. CEVA Logistics Singapore, Ltd.*, 348 F.R.D. 54, 83 (E.D. La. 2024), and voluminous privileged material may be described by category, Fed. R. Civ. P. 26(b)(5)(A)(ii) & advisory committee's note to 1993 amendment. A document-by-document index of an active enforcement file would reveal its scope and sources. Nevertheless, the Attorney General logged his S.B. 2337 withholdings and has twice supplemented them. Nwaokoro Reply Decl. (Dkt. 110-1) ¶ 7 & Ex. B; Nwaokoro Resp. Decl. Ex. B. Waiver applies only for "unjustified delay, inexcusable conduct, or bad faith," and none is present here. *BDO*, 876 F.3d at 697. In any event, Glass Lewis is in no position to raise logging technicalities because the

Attorney General has identified the deficiencies in Glass Lewis's own October 19 log and served them on Glass Lewis on October 23, Nwaokoro Resp. Decl. Ex. E. Glass Lewis's own logging deficiencies are even more pervasive, as the comprehensive catalogue in Exhibit D shows.

**VI. Any Relief Should Be Narrow and Preserve Privilege.**

The Attorney General should not be required to produce or log the investigative and charging file, informant identities, predecisional deliberations, legislative communications, or work product. If the Court grants any part of the Motion, any further response should be limited to non-privileged facts relating to the as-applied operation of S.B. 2337, request by request. At most, if the Court has doubt, it should permit in camera review of a representative sample rather than order production. Because fact discovery closed on October 20, Dkt. 99, relief should not reopen discovery or extend any deadline. And if the Motion is referred to and decided by a magistrate judge, any portion granted over the Attorney General's objection should be stayed to allow him to seek review by the District Judge under Rule 72(a) before any production.

**CONCLUSION**

Glass Lewis ignored the Court's discovery-dispute procedure, did not confer, and moves against responses the Attorney General has since superseded and supplemented. On the merits, Glass Lewis seeks a privileged investigative file that is irrelevant and disproportionate, as an end-run around merits discovery it agreed to defer. Alternatively, the Court should deny the Motion or enter the limits above and briefly stay any adverse portion under Rule 72(a).

Dated: October 26, 2026.

Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**RALPH MOLINA**
Deputy First Assistant Attorney General

**WILLIAM D. WASSDORF**
Deputy Attorney General for Civil Litigation

**KIMBERLY GDULA**
Chief, General Litigation Division

*<u>/s/ Joe Nwaokoro</u>*
**JOE NWAOKORO**
Attorney-in-Charge
Texas Bar No. 24032916
Assistant Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 979-5382 | FAX: (512) 320-0667
Joe.Nwaokoro@oag.texas.gov

***Defendant Ken Paxton, in his official capacity as Attorney General of Texas***

**CERTIFICATE OF SERVICE**

I certify that on October 26, 2026, a true and correct copy of the foregoing was filed electronically through the Court's CM/ECF system, which will send notice of electronic filing to all counsel of record.

*/s/ Joe Nwaokoro*
**JOE NWAOKORO**
Assistant Attorney General